

Jeffrey T. Castellano
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0703 - Direct
jcastellano@shawkeller.com

November 16, 2017

**BY CM/ECF & HAND DELIVERY**
The Honorable Leonard P. Stark
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

> Re:     *Microchip Technology Inc. v. Delphi Automotive Systems LLC*,
>         C.A. No. 17-1194-LPS-CJB

Dear Chief Judge Stark:

Pursuant to the Court's October 17, 2017 order, the parties hereby jointly submit a copy of the Case Management Checklist (Exhibit 1), a proposed Scheduling Order (Exhibit 2), and this letter.

## I.     Description of what this case is about

This is a patent infringement case, involving three patents related to multi-host USB devices/controllers and technology for switching USB peripherals between USB hosts. Plaintiff Microchip Technology Inc. ("Microchip") has accused Defendant Delphi Automotive Systems LLC ("Delphi") of infringing its three patents based on Delphi's sale of its Dual Role Hub product.  This product is used in a car to allow a smart phone to plug into and operate in conjunction with a car's infotainment system. According to Microchip's complaint, the Dual Role Hub allows a smart phone to operate with Apple's CarPlay system and direct operations within the car's infotainment system, for example, direct the playing of music stored on the phone, and using the smart phone's navigation software, etc.  Delphi denies that it has infringed any of Microchip's patents and contends that these patents are invalid.

Microchip first sued Delphi in the U.S. District Court for the District of Arizona—the district where Microchip has its headquarters.  *See Microchip Technology Inc. v. Delphi Automotive, PLC*, Complaint (D.I. 1), No. 2:16-cv-02817-DKD (D. Ariz. Aug. 22, 2016). Following the Supreme Court's decision in *TC Heartland* (*see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017), Microchip dismissed its Arizona case and refiled its patent infringement action against Delphi with this Court, located in Delphi's state of incorporation.

Delphi has answered as to two asserted patents (the '243 and '708 Patents), counterclaimed for non-infringement and invalidity, and moved to dismiss the third asserted patent (the '191 Patent) under Rule 12(b)(6).  D.I. 15.  Delphi has also filed a motion to stay these proceedings in light of *inter partes* review proceedings currently pending before the patent

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 2

office related to the '243 and '708 Patents.  D.I. 17.  Microchip has filed oppositions to the motions to dismiss and stay.  *See* D.I. 24, 25.  Delphi has filed replies.  *See* D.I. 28, 31.

## II.    Disputes in the proposed scheduling order

**A. Claim Narrowing**.  The parties have a dispute regarding the narrowing of asserted claims.

Microchip's Position: Microchip intends to narrow its asserted claims during the litigation as necessary to ensure that it can effectively present its positions to the Court and the jury before and during trial.  Microchip does not agree that it should be required to narrow the number of claims it is asserting early in discovery.  However, Microchip is willing to consider a reasonable process for narrowing the number of asserted claims prior to trial, assuming that Delphi agrees to limit the number of references and obviousness combinations it is asserting. Delphi's proposed process (below) is unreasonable as forces Microchip to significantly narrow the number of asserted claims prior to having the opportunity to conduct meaningful fact and expert discovery.

Delphi's Position: The three patents-in-suit contain a total of 71 claims, of which 13 claim are independent claims having little variation in scope amongst each other.  Moreover, 48 of these claims are at issue in pending *inter partes* review (IPR) proceedings.  Despite many of its claims being subject to IPR review, Microchip nonetheless intends to assert approximately half of those claims, or roughly 35 claims, in this litigation.  Microchip and Delphi agree that the number of asserted claims should be narrowed to avoid unnecessary expense and effort both by the Court and the parties. *See* D.I. 18 at 9-18. Delphi therefore submits that the scheduling order should include two sets of deadlines directed to limiting the number of asserted claims.  First, shortly after initial invalidity contentions are served, Microchip should narrow its asserted claims to 12 claims, which may be allocated in any manner across the asserted patents.  Second, 30 days after the Court's *Markman* order, Microchip should further narrow its asserted claims to 6 claims, which may be allocated in any manner across the asserted patents.  Delphi's phased proposal is an attempt to strike a balance between Microchip's interest in pursuing its case while avoiding unnecessary litigation expense and effort in litigating claims that may be found invalid in the IPR and/or ultimately dropped at trial.  To the extent circumstances arise that require a greater number of claims, Microchip may always seek relief from the Court.

## III.    Three most significant topics from the checklist

**A. Maximum number of claim terms to construe & helping the Court achieve its goal of ruling on claim construction disputes within 60 days of the claim construction hearing**

Plaintiff's position: 10 claim terms, with additional claim terms upon a showing of good cause.  By narrowing the number of claim terms in dispute, focusing only on those claim terms that are dispositive of infringement/invalidity issues.

SHAW KELLER LLP
The Honorable Leonard P. Stark
Page 3

Defendant's position:  The parties should limit their claim construction disputes to no more than 10 terms and Microchip should be required to limit the number of claims it asserts prior to any claim construction hearing.

## B.  Pending motions and other proceedings affecting the schedule

Plaintiff's position:  Delphi's stay motion should be denied for the reasons set forth in Plaintiff's opposition brief.  D.I. 25.  There are two pending *inter partes* review ("IPR") proceedings—one related to the '243 Patent and one related to the '708 Patent.  Claim 10 of each of these patents is not subject to either IPR proceeding and is infringed by the Accused Products. Further, oral argument in the pending IPRs is scheduled for May 22, 2018—this case will still be in its infancy at that time. At least for these reasons, Plaintiff does not believe the pending IPRs should affect the manner in which this case should proceed.

Defendant's position:  Delphi has pending motions to stay and dismiss that would affect the schedule.  Also pending are two IPRs trials on two of the three patents-in-suit, in which decisions are expected in August 2018.  Delphi may file an early Rule 12(c) motion for invalidity based on 35 U.S.C. §101 of all three patents.

## C.  Bifurcation of damages

The parties believe that bifurcation will likely not be necessary but agree to delay certain damages discovery as long as Delphi provides summary sales information early in the case.

Respectfully,

*/s/ Jeffrey T. Castellano*

Jeffrey T. Castellano (No. 4837)

cc:    Clerk of the Court (via hand delivery)
       All Counsel of Record (via email)