

Jeffrey T. Castellano
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0703– Direct
jcastellano@shawkeller.com

December 13, 2017

**BY CM/ECF AND HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court
844 N. King Street
Wilmington, DE 19801

    Re:    *Microchip Technology, Inc. v. Delphi Automotive Systems, LLC*,
            C.A. No. 17-1194-LPS-CJB

Dear Judge Burke:

    On December 5, the Court asked the parties to provide their views as to the costs and benefits of (1) granting a stay as to the '243 and '708 Patents until Final Written Decisions ("FWD") issue in the IPRs; (2) denying a stay as to the '191 Patent; and (3) later determining whether and how to incorporate any remaining claims of the '243 and '708 Patents back into the case schedule after the FWDs issue.

    Plaintiff Microchip believes that the stay should be denied as to all three Patents-in-suit. However, assuming the Court denies the stay as to the '191 Patent only, Microchip proposes a short extension of the deadlines in the proposed scheduled to accommodate re-incorporation of the '243 and '708 Patents into the case after the FWDs issue.[1]  Microchip's position is detailed below:

    **1. A partial stay will delay the currently-proposed trial date.**  As addressed in Microchip's opposition to Delphi's motion to stay, Claim 10 of each of the '243 and '708 Patents is not subject to an IPR.  D.I. 25 at 4, 6–7.   Thus, regardless of the outcome in the IPRs, Microchip will eventually proceed at least with respect to Claim 10 of those patents.

    Assuming a stay as to the '243 and '708 Patents and entry of the Proposed Scheduling Order (D.I. 33, Ex. 2), the parties will have exchanged initial infringement and invalidity contentions and will have fully briefed all claim construction positions for the '191 Patent prior to August 29, 2018—the date by which the FWDs are expected.  *See* D.I. 33, Ex. 2 ¶¶ 7.d–e, 13. To avoid the need for multiple *Markman* hearings, the proposed *Markman* hearing date (September 2018) will need to be delayed in order to give the parties time to exchange initial

---

[1] Microchip contacted counsel for Delphi and proposed this compromise position—*i.e.*, the parties agree to a stay as to the '243 and '708 Patents and re-work the Proposed Scheduling Order to accommodate bringing those patents back into the case after FWDs issue.  Delphi declined Microchip's proposal.

contentions and brief any claim construction issues relating to the '243 and '708 Patents. Other dates in the Proposed Scheduling Order (discovery cut-offs, etc.) will also need to be moved to accommodate the delayed *Markman* hearing date. Again, assuming the case is stayed as to the '243 and '708 Patents, this delay is inevitable as Microchip will proceed with Claim 10 (not subject to IPR) and any other claims that survive the IPRs.[2]

As set forth in Microchip's opposition to the motion to stay, any delay is prejudicial to Microchip because Microchip and Delphi are direct competitors. *See* D.I. 25 at 1, 5–6 (*citing Davol, Inc. v. Atrium Medical Corp.*, No. 12-958-GMS, 2013 WL 3013343, at *3 (D. Del. June 17, 2013) (where plaintiff and defendant are competitors, "there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement [], including the potential for loss of market share and an erosion of goodwill")).

Accordingly, assuming the stay as to the '191 Patent is denied, Microchip is willing to agree to a stay as to the '243 and '708 Patents until after the FWDs issue. Microchip requests the opportunity to work with Defendant to submit a new Proposed Scheduling Order (prior to entry of the currently Proposed Scheduling Order) that includes additional time after the FWDs to bring the '243 and '708 Patents back into the case.

Modifying the Proposed Scheduling Order now—as opposed to waiting until the FWDs issue next August—will minimize the overall delay of Microchip's trial date. Specifically, the currently proposed trial date is February 2020. Microchip believes a stay can be accommodated by delaying trial by three (3) months to May 2020. If the parties wait until August 2018 to revise the schedule, Microchip is concerned the Court's trial calendar may have filled up such that the new trial date will be later than May 2020.

**2. Denying the stay as to the '191 Patent will advance the case.** Microchip has accused the same product—Delphi's Dual Role Hub—of infringing all of the asserted patents. Thus, denying the stay as to the '191 Patent will advance the case by allowing Microchip to obtain discovery related to the accused product. Because this discovery is pertinent to all of the asserted patents, there will be no need to duplicate this discovery at the time the '243 and '708 Patents are brought back into the case.

Further, there is no overlap of inventors between the '191 Patent and the other two patents. Thus, denying a stay of the case as to the '191 Patent will allow for immediate discovery related to the inventors of the '191 Patent.

Allowing discovery relating to the '191 Patent to proceed now helps to minimize the time required after the FWDs to get the other two patents back into the case. This minimizes the prejudice to Microchip that would otherwise result if this case were entirely stayed. Any costs

---

[2] Microchip expects many claims to survive the IPRs. For example, the PTAB instituted review of the '243 Patent based on claim language that is not found in the '243 Patent. Thus, the theory under which the PTAB initiated review of the '243 Patent is clearly erroneous, and the PTAB cannot now invalidate the '243 Patent claims based on a new theory. *See SAS Institute, Inc. v. ComplementSoft, LLC*, 825 F.3d 1341, (Fed. Cir. 2016) (vacating PTAB's patentability decision because PTAB "change[d] theories midstream").

involved in proceeding with the '191 Patent should be a non-factor, as those costs will be incurred no matter the outcome of the pending IPRs.

      **3. A stay of the '243 and '708 Patents results in little, if any, simplification of issues.** As set forth in Microchip's opposition to the motion to stay, a stay will result in little, if any, simplification of the issues. D.I. 25 at 6–8. At most, a partial stay will avoid claim construction and contentions related to claims cancelled by the PTAB. However, this simplification, if any, would only apply to claim terms that are not part of Claim 10 of each patent (and Claims 7 and 8, on which Claim 10 depends) because Claim 10 of each patent is not subject to an IPR. In other words, regardless of the outcome of the IPRs, it will be necessary to prepare contentions and address claim construction issues for Claims 7, 8, and 10. Accordingly, any simplification of the contention or claim construction process is minimal at best.

      **4. Conclusion.** A stay of this case is unwarranted, as established in Microchip's opposition brief. *See* D.I. 25. A partial stay as to the '243 and '708 Patents will result in little, if any simplification of the issues in the case because Microchip will proceed on Claim 10 of those patents. At the same time, a partial stay will likely delay the trial date.

      If the Court is inclined to stay the case as to the '243 and '708 Patents, it should not stay the case as to the '191 Patent, which is not subject to an IPR. This will allow for meaningful discovery during the stay, will advance the case, and will minimize the prejudice to Microchip that results from continued infringement by a direct competitor. Further, in the event of a partial stay, Microchip asks that it be allowed to rework the Proposed Scheduling Order now to account for bringing the '243 and '708 Patents back into the case following the FWDs.

      Respectfully submitted,

      */s/ Jeff Castellano*

      Jeffrey T. Castellano (No. 4837)

cc:    Clerk of Court (via hand delivery)
        All counsel of record (via e-mail)