

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Firm Fax

December 13, 2017

**VIA CM/ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Microchip Technology Inc. v. Delphi Automotive Systems LLC,*
             C.A. No. 17-1194-LPS-CJB

Dear Judge Burke:

      Pursuant to the Court's Order of December 5, 2017, Defendant Delphi Automotive Systems ("Delphi") submits this letter on the costs and benefits of: (1) granting a stay of the case as to the '243 and '708 patents, pending the issuance of Final Written Decisions ("FWDs") in the *inter parties* review proceedings (IPRs) as to those patents; (2) denying a stay as to the '191 patent, and permitting the case as to that patent to proceed forward; and (3) later determining whether and how to incorporate any remaining claims as to the '243 and/or '708 patents into the case schedule after the FWDs are issued.

      At issue is what should happen in this case in the next eight months while the parties await the FWDs expected in August 2018. Given that IPRs were not instituted on one claim in each of the '243 and '708 patents, the parties and this Court will likely have to litigate these patents at some point. A partial stay would therefore result in duplicating efforts. A full stay, on the other hand, will avoid duplicated, expensive proceedings and will ensure an orderly progression of the case. And a stay is best accomplished now, with the case still at its beginning, before the Court issues a scheduling order.

**I.    A full stay is the most efficient and sensible approach**

      A full stay of this litigation for the eight-month period pending the FWDs is the most efficient case management option. It avoids duplication of efforts and potential inconsistencies. And there is little if any prejudice to Microchip.

### A. This case is in its infancy but the IPRs are nearing completion

Filed in August 2017, this case is still in its infancy. Other than preparing for the Case Management Scheduling Conference, the parties have not actively litigated this matter. Neither party has served written discovery requests or exchanged contentions. The IPRs, on the other hand, are fairly advanced. Delphi filed its petitions shortly after Microchip filed suit in Arizona and the IPRs have progressed according to schedule. The FWDs are expected in August 2018.

### B. This is little prejudice to Microchip

There is little "cost" or undue prejudice to Microchip. It waited over nineteen months after sending its notice letters to Delphi before filing suit; when it sued, it did not move for preliminary relief; and it let the prior case in Arizona sit dormant for over a year before dismissing it and refiling here. In total, Microchip has already allowed its dispute with Delphi to languish for nearly *three years* with no effort to advance it beyond the pleadings stage. Microchip therefore cannot reasonably claim that it would suffer injury or harm from an eight-month stay.

### C. Delphi is not gaining any tactical advantage

Likewise, Delphi will not be gaining any tactical advantage from a full stay. Delphi's accused product has been in the marketplace since 2015. Delphi is not in the midst of rushing the product to market as a new product. And, in any event, Microchip does not compete with directly with Delphi for sales. *See* D.I. 31, pp. 3-6. Therefore, any potential harm to Microchip from a short eight month stay can be remedied with money damages.

### D. Duplicative and unnecessary efforts can be avoided

In contrast, a partial stay has the risk of doubling efforts including (i) multiple *Markman* proceedings; and (2) multiple rounds of document, deposition, and contention discovery.

## II. A partial stay will create complexity and result in inefficiency

At best, the FWDs will result in cancellation of most—but not all—of the claims of the '243 and '708 patents. Because claim 10 in each of these patents did not get instituted, and assuming Microchip will assert claim 10 from both patents against Delphi, the Court will need to—as it predicted—"later determine whether and how to incorporate any remaining claims as to the '243 and '708 patents into the case schedule."

But this effort will result in substantial duplication of efforts by both the parties and the Court. For example, the parties will need to engage in another round of (1) document production, (2) infringement/invalidity contention disclosures; (3) depositions of more witnesses such as the two '243 and '708 patent inventors; and (4) claim construction negotiations and briefings. Similarly, the Court will have to reset the schedule, re-open discovery, and conduct

another *Markman* hearing and issue another claim construction ruling.[1] Ultimately, the Court will likely have to schedule a new trial date.

There are also other complications with proceeding with litigation in parallel path with the IPRs. The IPRs may reveal positions and facts that affect the '191 patent. For example, the IPRs will involve cross-examination of Microchip's technical expert, late-stage proceedings, and the IPR hearing, any of which may give rise to prosecution disclaimers made by Microchip that will bind it in this litigation. *See, e.g, Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d, 1353, 1359-62 (Fed. Cir. 2017) (patent owner's statements made during IPR proceeding found to be a clear and unmistakable disavowal of claim scope). For the same reasons, proceeding with claim 10 of the '243 and '708 patents will cause similar complications.

All of this, however, can be avoided by a full stay.

### III. No stay would be a waste of judicial resources and expense

No stay, as Microchip prefers, is by far the least beneficial/greatest cost option. It has the palpable risk of unnecessarily wasting the Court's and parties' time and resources. The pending IPRs involve 48 claims that are likely to get cancelled as Microchip's positions in these IPRs are based on unsupportable claim interpretations and other legal and factual positions of no merit. There is no justifiable reason to litigate claims—and conduct *Markman* hearings on terms within them—that are likely to be cancelled.

Respectfully,

*/s/ Philip A. Rovner*

Philip A. Rovner (#3215)

cc: All Counsel of Record – by CM/ECF
5585187

---

[1] The PTAB will issue the FWDs in August 2018. But by then, under the parties' proposed Scheduling Order, the parties will have completed their claim construction briefing by July 2018 and the Court will be scheduled to conduct its hearing on claim construction in September 2018. D.I. 33-2, pp. 11-12.