IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MICROCHIP TECHNOLOGY
INCORPORATED,

        Plaintiff,

v.                                       C.A. No. 17-1194-LPS-CJB

APTIV SERVICES US, LLC

        Defendant.

## MEMORANDUM ORDER

Pending before the Court is Plaintiff's motion for reconsideration[1] (D.I. 117) regarding the Court's claim construction order (D.I. 113, 114). Having considered the parties' briefing (D.I. 117, 122) and related materials, IT IS HEREBY ORDERED that Plaintiff's motion (D.I. 117) is DENIED.

Plaintiff argues that reconsideration is warranted because the Court *sua sponte* construed the term "automatically provide connectivity" without a full accounting of the evidence. (D.I.

---

[1] "The purpose of a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'" *Wood v. Galef-Surdo*, 2015 WL 479205, at *1 (D. Del. Jan. 26, 2015) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). A motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). "Reargument . . . may be appropriate where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension.'" *Id.* (quoting *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1241 (D. Del. 1990); D. Del. LR 7.1.5)). While the decision on a motion for reconsideration is within the discretion of the District Court, such motions "should only be granted sparingly." *Kavanagh v. Keiper Recaro Seating, Inc.*, 2003 WL 22939281, at *1 (D. Del. July 24, 2003) (internal citation omitted).

117 at 1) The Court, however, did no such thing. (D.I. 113 at 10-12) Instead, the Court rejected Defendant's proposal to read an "automatic switching" limitation into every claim, while also noting that the claims do not cover simultaneous connectivity between any one peripheral device and a plurality of hosts. (*Id.* at 10; *see also Alloc, Inc. v. International Trade Commission*, 342 F.3d 1361, 1368-70 (Fed. Cir. 2003) (construing claims to include feature that was common to all the disclosed embodiments but not explicitly claimed)) The Court did not offer a construction of "automatically provide connectivity" (D.I. 113 at 11-12), and made note of its view as to simultaneous host connectivity only after the parties extensively briefed (D.I. 96 at 35-48) and argued (D.I. 102 at 55-79) that exact issue. For these reasons, Plaintiff has failed to show that the Court made a decision outside of the adversarial issues presented by the parties. *See generally Lazaridis*, 591 F.3d at 669.

Even if the Court were to revisit the issue, Plaintiff does not identify any express disclosure in the '191 Patent of simultaneous host connectivity. Plaintiff instead argues that two open-ended terms and the doctrine of claim differentiation implicitly cover simultaneous connectivity. In particular, according to Plaintiff, (1) claim 19 states "each of the plurality of peripheral USB devices is coupled to the first input *and/or* the second input;" (2) the specification discloses the switching hub "*may* [(i.e. optionally)] discontinue" providing connectivity from a first host; and (3) claim 18 expressly requires "automatically removing connectivity," which implies claim 17 lacks this feature. (D.I. 117 at 4-5)

First, the Court is not persuaded by Plaintiff's citation to "and/or" in claim 19.[2] The Court construed "coupled" to mean "directly or indirectly connected" and, in doing so, rejected Defendant's construction that would have required some form of USB connectivity. (D.I. 113 at 4-5) Under the Court's construction, a peripheral device may be "coupled" to multiple hosts

---

[2] Claim 19 states: "The method of claim 17, further comprising selecting from a plurality of connectivity configurations to determine how each of the plurality of peripheral USB devices is coupled to the first input and/or the second input." '191 Patent, cl. 19.

without being simultaneously connected to them. Furthermore, reading the claim in light of the specification, the "and/or" does not suggest simultaneous connectivity, but rather asks how: (1) each peripheral device connects to the first *or* second host; or (2) some devices connect to the first *and* some connect to the second host. *See* '191 Patent, col. 5, ll. 2-12.

Nor is the Court persuaded by Plaintiff's citation to the specification. The relevant portion of the specification, in context, states:

> When the second host device is coupled to USB hub device, USB switching hub is operable to detect this connection and ***automatically switch*** to provide connectivity between the second host device and USB hub device, and/or between second host device and the plurality of peripheral devices coupled to USB hub device. In so doing, USB switching hub ***may discontinue*** providing connectivity between the first host device and USB hub device, and/or between first host device and the plurality of peripheral devices coupled to USB hub device.

*Id.* at col. 5, ll. 2-12 (internal reference numbers omitted; emphasis added). In the Court's view, "may discontinue" does not teach or suggests simultaneous host connectivity. Instead, it teaches that once the second host is connected to the USB hub device, the switching hub may or may not disconnect some or all of the connections with the first host to automatically provide connectivity to the second host.[3] This reading is consistent with the remainder of the specification, figures, and claims. *See, e.g.*, '191 Patent, cl. 1 ("[T]he USB hub is configured to maintain connectivity between the first host device and remaining ones of the plurality of peripheral devices that were not provided connectivity to the second host device."); *id.* at

---

[3] As Defendant notes (D.I. 122 at 9-10), this was Plaintiff's proffered view during the IPR. (D.I. 76-1 at A72) ("One of ordinary skill in the art would understand this passage as describing switching the connectivity of peripherals connected to the first host to the second host at the moment the second host is coupled to the switching hub. . . . In other words, the user 'merely connects [the] second host device,' and the hub automatically 'switch[es] to provide connectivity' between the second host and peripherals coupled to the USB hub.") It was also the view adopted by the PTAB. (*Id.* at A116-17) ("When second host device 104 is coupled to device 106, USB switching hub 119 is operable to detect that connection and automatically couple second host device with the some or all of a plurality of peripheral devices (not shown) and, thereby, disconnect first host device 102 from those peripherals. ['191 Patent] at 5:2-12.")

3

Figs. 8-9 (showing connectivity maintained between first host and some peripheral devices, while some connectivity disconnected).

Finally, even if dependent claim 18's recitation of "automatically removing connectivity" gives rise to a presumption of that limitation's absence from independent claim 17, *see Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005), that presumption has been sufficiently rebutted. Considering all of the intrinsic evidence, including statements made during the IPR directed at switching connections between hosts (*see, e.g.*, D.I. 113 at 12), and a total lack of any express disclosure of simultaneous connectivity,[4] the Court believes it rightly concluded that the claims do not cover simultaneous connectivity between any one peripheral device and a plurality of hosts. Certainly, no clear error of law or fact (or any other proper basis for reconsideration) has been identified by Plaintiff.

Accordingly, Plaintiff's motion (D.I. 117) is denied.

October 15, 2019
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[4] While Plaintiff's admission that the USB standard does not permit simultaneous host connectivity (D.I. 76-1 at A54) is not, by itself, a clear and unmistakable disclaimer (D.I. 113 at 11), it at least raises a question as to whether simultaneous connectivity is enabled by the Patent or was possessed by the inventor. *See Application of Bowen*, 492 F.2d 859, 862 (Cust. & Pat. App. 1974) (describing single embodiment may enable other predictable, undisclosed embodiments, but not unpredictable ones); *see also Bilstad v. Wakalopulos*, 386 F.3d 1116, 1125 (Fed. Cir. 2004) ("If . . . [a POSA] would not readily discern that [undisclosed] members . . . would perform similarly to the disclosed members . . . then disclosure of more species is necessary to adequately show possession of the entire genus."). Plaintiff asks the Court to construe the claim to cover the entire genus of "connectivity," based only on an express teaching of a "switching" species.

4