# Exhibit 1

**EXHIBIT 1**
**MICROCHIP'S STATEMENT OF FACTS TO BE LITIGATED AT TRIAL**

The following statement of contested facts that remain to be litigated is based on the parties' pleadings, documentary and testimony evidence, and on Microchip's current understanding of Aptiv's claims and defenses. Microchip reserves the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court. Microchip contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows:

**I.      STATEMENT OF ISSUES OF FACT**

   **A.      Infringement**

   1.      Whether Aptiv has infringed and/or is infringing, directly or indirectly, Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent.

   2.      Whether Aptiv has infringed and/or is infringing, directly or indirectly, Claim 6 of the '708 Patent.

   **B.      Willful Infringement**

   3.      Whether Aptiv has willfully infringed the '243 Patent, including Claims 2, 6, 10, 16–17, and/or 22–25.

   4.      Whether Aptiv has willfully infringed the '708 Patent, including Claim 6.

   **C.      Validity**

   5.      Whether Aptiv can prove that references asserted by Aptiv are prior art to the '243 Patent.

   6.      The differences between the claimed inventions of the '243 Patent and the prior art.

7. Whether Aptiv can prove that any asserted claim of the '243 Patent is invalid as anticipated by the US-98 or Belkin physical product.

8. Whether Aptiv can prove that any asserted claim of the '243 Patent is invalid as obvious based on theories Aptiv is permitted to raise pursuant to D.I. 246.

9. Whether objective evidence of non-obviousness tends to show that the asserted claims of the '243 Patent are not obvious, the extent of any proffered evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed inventions.

10. Whether Aptiv can prove that references asserted by Aptiv are prior art to the '708 Patent.

11. The differences between the claimed inventions of the '708 Patent and the prior art.

12. Whether Aptiv can prove that claim 6 of the '708 Patent is invalid as anticipated by the US-98 and/or Belkin prior art product.

13. Whether Aptiv can prove that claim 6 of the '708 Patent is invalid as obvious based on theories Aptiv is permitted to raise pursuant to D.I. 246.

14. Whether objective evidence of non-obviousness tends to show that claim 6 of the '708 Patent is not obvious, the extent of any proffered evidence of non-obviousness, and whether a nexus exists between the evidence and the claimed invention.

15. The scope and content of the prior art for both Patents-in-Suit.

16. The level of ordinary skill in the art for both Patents-in-Suit.

17. Whether Aptiv can prove that a person of ordinary skill in the art would be motivated to combine the references relied on by Aptiv in its obviousness combinations with reasonable expectation of success.

18. Whether Aptiv can show by clear and convincing evidence that claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid under 35 U.S.C. § 112 for lack of enablement.

19. Whether Aptiv can show by clear and convincing evidence that claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid under 35 U.S.C. § 112 for lack of written description.

20. Whether Aptiv can show by clear and convincing evidence that claim 6 of the '708 Patent is invalid under 35 U.S.C. § 112 for lack of enablement.

21. Whether Aptiv can show by clear and convincing evidence that claim 6 of the '708 Patent is invalid under 35 U.S.C. § 112 for lack of written description.

### D. Damages and Injunctive Relief

22. The total amount of damages that Microchip is entitled to as compensation for Aptiv's infringement of the '243 Patent.

23. The appropriate measure of damages as compensation to Microchip for Aptiv's infringement of the '243 Patent.

24. The total amount of enhanced damages that Microchip is entitled to for Aptiv's willful infringement of the '243 Patent.

25. The total amount of damages that Microchip is entitled to as compensation for Aptiv's infringement of the '708 Patent.

26. The appropriate measure of damages as compensation to Microchip for Aptiv's infringement of the '708 Patent.

27. The total amount of enhanced damages that Microchip is entitled to for Aptiv's willful infringement of the '708 Patent.

28.     Whether Microchip is entitled to a permanent injunction, including whether Microchip is likely to be irreparably harmed by Aptiv's wrongful conduct, the balance of equities favors entry of a permanent injunction, and a permanent injunction is in the public interest.

29.     Whether Microchip is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement, to the extent an injunction has not been issued.

## II.     STATEMENT OF INTENDED PROOF

30.     Microchip will offer the following proof at trial:

### A.     Infringement

31.     Proof that Aptiv has literally infringed, is literally infringing, or is likely in the future to infringe, through direct infringement, Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent by making, using, selling, offering to sell, and/or importing into the United States products and/or methods covered by one or more claims, including the accused Dual Role Hub.

32.     Proof that Aptiv has contributed to the infringement of one or more of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent by providing, making, using, selling, offering to sell, and/or importing into the United States the accused Dual Role Hub, which Aptiv knows is especially made for use in an infringement of the claims of the '243 Patent and '708 Patent and has no substantial non-infringing use because it is specifically designed, marketed, and sold to automobile manufacturers for use in automobiles that support a multi-host system that allows end users to use a phone as a host in the system while the car head unit is also a host, as claimed in the '243 Patent and '708 Patent.

33.     Proof that Aptiv has actively induced others (its direct and indirect customers) to infringe one or more of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim

4

6 of the '708 Patent by marketing, promoting, selling, offering for sale, and/or importing the Dual Role Hub knowing that the activities of its direct and indirect customers constituted direct infringement of the '243 Patent and the '708 Patent and specifically intending its direct and indirect customers to directly infringe the '243 Patent and '708 Patent through their using, testing, selling, offering for sale, and/or importing the Dual Role Hub.

### B.     Willful Infringement

34.     Proof that Aptiv made, used, sold, offered to sell, and/or imported the products and/or methods covered by one or more claims, including the Dual Role Hub, that Aptiv had knowledge of the '243 Patent and/or the '708 Patent before August 24, 2017, and that Aptiv's conduct was deliberate or intentional..

### C.     Validity

35.     Proof of the patents-in-suit.

36.     Proof rebutting Aptiv's assertion that references asserted by Aptiv are prior art to the '243 Patent.

37.     Proof rebutting Aptiv's assertion that non-patent and non-publication references relied on by Aptiv are corroborated.

38.     Proof rebutting Aptiv's assertion that any of the asserted claims of the '243 Patent are invalid as anticipated by the prior art.

39.     Proof rebutting Aptiv's assertion that any of the asserted claims of the '243 Patent are invalid as obvious in view of the prior art, including proof that a person of ordinary skill would not be motivated to combine the references relied on by Aptiv, and proof of objective indicia of non-obviousness.

40.     Proof rebutting Aptiv's assertion that the asserted claims of the '243 Patent are invalid for lack of enablement.

41. Proof rebutting Aptiv's assertion that the asserted claims of the '243 Patent are invalid for lack of written description.

42. Proof rebutting Aptiv's assertion that references asserted by Aptiv are prior art to the '708 Patent.

43. Proof rebutting Aptiv's assertion that any of the asserted claims of the '708 Patent are invalid as anticipated by the prior art.

44. Proof rebutting Aptiv's assertion that any of the asserted claims of the '708 Patent are invalid as obvious in view of the prior art, including proof that a person of ordinary skill would not be motivated to combine the references relied on by Aptiv, and proof of objective indicia of non-obviousness.

45. Proof rebutting Aptiv's assertion that the asserted claims of the '708 Patent are invalid for lack of enablement.

46. Proof rebutting Aptiv's assertion that the asserted claims of the '708 Patent are invalid for lack of written description.

### D. Damages and Injunctive Relief

47. Proof supporting damages no less than a reasonable royalty reflecting the value Aptiv realized by infringing 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent.

48. Proof of the profits Microchip would have made but for Aptiv's infringement of the '243 Patent and the '708 Patent.

49. Proof of Microchip's damages as compensation for Aptiv's infringement of the '243 Patent and the '708 Patent.

50. Proof that Microchip is entitled to enhanced damages for Aptiv's willful infringement of the '243 Patent and the '708 Patent.

51.     Proof (including proof to be offered in a bench trial following the jury trial in the event Microchip prevails during the jury trial) that Microchip is entitled to a permanent injunction, including that Microchip is likely to be irreparably harmed by Aptiv's wrongful conduct, the balance of equities favors entry of a permanent injunction, and a permanent injunction is in the public interest.

52.     Proof that Microchip is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement.

**E.     Other**

53.     Proof that Microchip's recovery of costs is not limited under 35 U.S.C. § 288.

54.     Proof that Microchip, if it is the prevailing party, has proven that it is entitled to attorneys' fees and/or costs, and the amount. 35 U.S.C. § 285.