# Exhibit 3

<u>EXHIBIT 3</u>
<u>MICROCHIP'S STATEMENT OF ISSUES OF LAW</u>

Plaintiff Microchip identifies the following issues of law which remain to be litigated, with a citation to authorities relied upon. This statement is based on the arguments Microchip expects to make as well as its understanding of the arguments that Defendant Aptiv is likely to make. If Aptiv seeks to introduce different legal arguments, Microchip reserves the right to supplement this statement. This statement is based on the current status of the case and the Court's rulings to date. Microchip reserves the right to modify or supplement this statement in response to subsequent rulings by the Court. Should the Court determine that any of these issues are issues of fact (and not law), Microchip incorporates such issues by reference into its Statement of Issues of Fact That Remain to Be Litigated (Exhibit 1). To the extent that Microchip's Statement of Issues of Fact That Remain to Be Litigated contains issues that the Court deems to be issues of law, those issues are incorporated herein by reference. The authority cited herein is not exhaustive; any party may rely on authority not cited in this statement.

I.      **STATEMENT OF ISSUES OF LAW**

    A.      **Infringement**

      **i.  Issues of Law**

1.      Whether Aptiv has infringed and/or is infringing, directly or indirectly, Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent.

2.      Whether Aptiv has infringed and/or is infringing, directly or indirectly, Claim 6 of the '708 Patent.

1

### ii. Relevant Authority

Microchip bears the burden of proving patent infringement by a preponderance of the evidence. *Advanced Cardiovascular Sys., Inc. v, Scimed Life Sys., Inc.*, 261 F.3d 1329, 1336 (Fed. Cir. 2001). Microchip must show that it is more likely than not that Aptiv infringes the asserted claims. *Warner-Lambert Co. v. Teva Pharm., USA, Inc.*, 418 F.3d 1326, 1341 (Fed. Cir. 2005). The infringement analysis involves two steps. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996). The first step is to define the disputed the terms of the patent consistent with how those terms would be understood by a person of ordinary skill in the art. *Id.*; *Phillips v. AWH Corp.*, 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc). This Court construed the disputed claim terms in its June 17, 2019 Order. See D.I. 114. The second step in the infringement analysis is to compare the accused product with the properly construed claims. *Markman*, 52 F.3d at 976. *See generally* 35 U.S.C. § 271. To infringe a method claim, all steps of the claimed method must be performed. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009).

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). To prove inducement of infringement, the patentee must []show that the accused inducer took an affirmative act to encourage infringement with the knowledge that the induced acts constitute patent infringement. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843 F.3d 1315, 1332 (Fed. Cir. 2016). This requires showing (1) a third party directly infringed the asserted patents; (2) the defendant induced those infringing acts; and (3) the defendant knew the acts it induced constituted infringement. *Id.*

"Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine . . . constituting a material part of the invention, knowing the

2

same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C. § 271(c). This requires a showing "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

Infringement may be shown through direct evidence as well as circumstantial evidence. *See Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009); *Moleculon Res. Corp. v. CBS, Inc.*, 793 F.2d 1261, 1272 (Fed. Cir. 1986) ("It is hornbook law that direct evidence of a fact is not necessary."). "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence." *Moleculon*, 793 F.2d at 1272 (quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330 (1960)); *Chiuminatta Concrete Concepts, Inc. v. Cardinal Indus., Inc.*, 1 F. App'x 879, 884–85 (Fed. Cir. 2001); *see also Mickowski v. Visi-Trak Corp.*, 36 F. Supp. 2d 171, 182, (S.D. N.Y. 1999), aff'd, 230 F.3d 1379 (Fed. Cir. 2000) ("Although proof that a defendant has actively induced infringement requires proof that another has directly infringed the patent in suit, such direct infringement may be established by circumstantial evidence of extensive sales by defendant of a product capable of use to practice the patented method and distribution by defendant of an instruction manual teaching the patented method."); *Riverbed Tech., Inc. v. Silver Peak Sys., Inc.*, No. CV 11-484- RGA, 2014 WL 4695765, at *7 (D. Del. Sept. 12, 2014) (Stark, J.).

### B.  Willful Infringement

#### i.  Issues of Law

3.      Whether Aptiv has willfully infringed the '243 Patent, including Claims 2, 6, 10, 16–17, and/or 22–25.

4.      Whether Aptiv has willfully infringed the '708 Patent, including Claim 6.

#### ii.  Relevant Authority

The Supreme Court has held that "subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S.Ct. 1923, 1933 (2016). "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite " to a finding of willfulness. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). "Willfulness requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). "[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct." *Halo*, 136 S.Ct. at 1933.

"Proof of an objectively reasonable litigation-inspired defense to infringement is no longer a defense to willful infringement." *WBIP*, 829 F.3d at 1341. Willful infringement is a fact question that a plaintiff must prove by the "preponderance of the evidence." *Halo*, 136 S.Ct. at 1934. The Federal Circuit opined that "[w]e do not interpret Halo as changing the established law that the factual components of the willfulness question should be resolved by the jury." *WBIP*, 829 F.3d at 1341. "Willfulness of behavior is a classical jury question of intent," *Richardson v. Suzuki Motor Co.*, 868 F.2d 1226, 1250 (Fed. Cir. 1989), that "[b]y its nature . . . hinges both on the fact finder's assessments of the credibility of witnesses and on the fact finder drawing inferences from the

evidence presented to it." *LG Elecs. U.S.A., Inc. v. Whirlpool Corp.*, 798 F. Supp. 2d 541, 557 (D. Del. 2011). As such, the "intent-implicating question willfulness" is "peculiarly within the province of the fact finder." *Liquid Dynamics Corp. v. Vaughan Co.*, 449 F.3d 1209, 1225 (Fed. Cir. 2006).

### C.   Validity

#### i.   Prior Art

##### a.     *Issues of Law*

5.      Whether Aptiv can prove that references asserted by Aptiv are prior art to the '243 Patent and the '708 Patent.

##### b.     *Relevant Authority*

Whether something is "in public use or on sale" within the meaning of section 102(b), and thus properly considered prior art, is a question of law with subsidiary issues of fact. *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 549 (Fed. Cir. 1990). To be considered prior art (whether the references is asserted as anticipatory art under § 102 or obviousness art under § 103), a reference must have been sufficiently accessible to the public interested in the art before the critical date. *In re Omeprazole Patent Litig. v. Apotex Corp.*, 536 F.3d 1361, 1381 (Fed. Cir. 2008). "For prior art to anticipate because it is 'known,' the knowledge must be publicly accessible." *Minnesota Min. & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1306 (Fed. Cir. 2002). Likewise, "[f]or purposes of anticipation, a use must be accessible to the public." *Id*. "Although 'public use' for purposes of § 102(b) is defined differently from 'use' for purposes of § 102(a), both require actual use by someone at some point." *Id*. at 1307. A document "may be deemed a printed publication upon a satisfactory showing that it has been disseminated or otherwise made available to the extent that persons interested and of ordinary skill in the subject matter or art,

exercising reasonable diligence can locate it and recognize and comprehend therefrom the essentials of the claimed invention without need of further research or experimentation." *Massachusetts Inst. of Tech. v. AB Fortia*, 774 F.2d 1104, 1109 (Fed. Cir. 1985) (quoting *In re Wyer*, 655 F.2d 221, 226 (CCPA 1981). "The proponent of the publication bar must show that prior to the critical date the reference was sufficiently accessible, at least to the public interested in the art, so that such a one by examining the reference could make the claimed invention without further research or experimentation." *In re Hall*, 781 F.2d 897, 899 (Fed. Cir. 1986).

### ii. Anticipation

#### a.    *Issues of Law*

6.    Whether Aptiv can prove by clear and convincing evidence that any asserted claim of the '243 Patent or the '708 Patent is invalid as anticipated by the prior art.

#### b.    *Relevant Authority*

The patents-in-suit are presumed valid. 35 U.S.C. § 282(a). To overcome that presumption of validity, a party challenging a patent must prove facts supporting a determination of invalidity by "clear and convincing evidence." *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011). "Clear and convincing evidence has been described as evidence which proves in the mind of the trier of fact 'an abiding conviction that the truth of [the] factual contentions are [sic] highly probable.'" *Intel Corp. v. U.S. Int'l Trade Comm'n*, 946 F.2d 821, 830 (Fed. Cir. 1991) (alterations in original) (*quoting Colorado v. New Mexico*, 467 U.S. 310, 316 (1984)). Further, "[e]ach claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims;  dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282(a).

Under § 102, a patent can be invalid if it was invented by another before the patentee. 35 U.S.C. § 102. Invalidity for anticipation "requires that the four corners of a single, prior art document describe every element of the claimed invention, either expressly or inherently, such that a person of ordinary skill in the art could practice the invention without undue experimentation." *Advanced Display Sys. Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000) (citations omitted). Anticipation requires that the reference must disclose the invention "without any need for picking, choosing, and combining various disclosures not directly related to each other by the teachings of the cited reference." *In re Arkley*, 455 F.2d 586, 587-88 (C.C.P.A 1972) ("Such picking and choosing may be entirely proper in the making of a 103, obviousness rejection, where the applicant must be afforded an opportunity to rebut with objective evidence any inference of obviousness which may arise from the similarity of the subject matter which he claims to the prior art, but it has no place in the making of a 102, anticipation rejection.").

### iii. Obviousness

#### a. *Issues of Law*

7.     Whether Aptiv can prove that any asserted claim of the '243 Patent or '708 Patent is invalid as obvious in view of the prior art.

#### b. *Relevant Authority*

Section 103 of Title 35 of the United States Code provides, in relevant part, that:

A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. Patentability shall not be negatived by the manner in which the invention was made.

35 U.S.C. § 103(a); *see also Wyers v. Master Lock Co.*, 616 F.3d 1231, 1237 (Fed. Cir. 2010),

*cert. denied*, 131 S. Ct. 1531 (2011).

> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

*KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406, 127 S. Ct. 1727, 1734 (2007) (*quoting Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17-18 (1966)). Before finding a patent claim as invalid for obviousness, a court must consider all of these factors. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 663 (Fed. Cir. 2000).

"[A] patent composed of several elements is not proved obvious merely by demonstrating that each element was, independently, known in the prior art." *KSR Int'l*, 550 U.S. at 418. "[I]nventions in most, if not all, instances rely upon building blocks long since uncovered, and claimed discoveries almost of necessity will be combinations of what, in some sense, is already known." *Id.* at 418–19. Where a challenger seeks to invalidate a patent based on obviousness, it must demonstrate "by clear and convincing evidence" that a "skilled artisan would have had reason to combine the teaching of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success from doing so." *In re Cyclobenzapine Hydrochloride Extended Release Capsule Patent Litig.*, 676 F.3d 1063, 1068–69 (Fed. Cir. 2012) (*citing Proctor & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 994 (Fed. Cir. 2009)); *PharmaStem Therapeutics, Inc. v. ViaCell, Inc.*, 491 F.3d 1342, 1360 (Fed. Cir. 2007).

The obviousness analysis takes place at the time of the invention, and focuses on evidence existing before the time of the invention. *See KSR Int'l*, 550 U.S. at 420. The use of hindsight is

prohibited in the obviousness analysis. *Id.* at 421 ("A factfinder should be aware, of course, of the distortion caused by hindsight bias and must be cautious of arguments reliant upon x post reasoning."); *accord Innogenetics, N. V. v. Abbott Labs.*, 512 F.3d 1363, 1374 n.3 (Fed. Cir. 2008) (hindsight should not be relied upon to post-hoc create a reason for combining references when such reason would not have been known before the claimed invention); *Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1343 (Fed. Cir. 2000) (using "the claimed invention itself as a blueprint for piecing together elements in the prior art to defeat the patentability of the claimed invention" is impermissible hindsight reasoning) (citation omitted).

An obviousness determination is made "from the viewpoint of a person of ordinary skill [not the inventor] in the field of the invention." *Arkie Lures, Inc. v. Gene Larew Tackle, Inc.*, 119 F.3d 953, 956 (Fed. Cir. 1997). The obviousness analysis must avoid using the teachings of the patent-in-suit because "[t]he invention must be viewed not with the blueprint drawn by the inventor, but in the state of the art that existed at the time." *Interconnect Planning Corp. v. Feil*, 774 F.2d 1132, 1138 (Fed. Cir. 1985). Therefore, "[i]t is critical that the question of obviousness not be viewed in the light of the accomplished result." *BOC Health Care, Inc. v. Nellcor Inc.*, 892 F. Supp. 598, 603 (D. Del. 1995) (internal quotation marks and citation omitted). Evidence must be provided that a "skilled artisan, confronted with the same problems as the inventor and with no knowledge of the claimed invention, would select the elements from the cited prior art references for combination in the manner claimed." *In re Rouffet*, 149 F.3d 1350, 1357 (Fed. Cir. 1998).

### iv.  Estoppel Pursuant to 35 U.S.C. § 315(e)(2)

#### a.  *Issues of Law*

8.      Whether Aptiv is estopped from asserting invalidity on grounds based on referenced raised by Aptiv in the IPR.

9

9.      Whether Aptiv is estopped from asserting invalidity on grounds based on references of which Defendant was aware at the time of the IPR but chose not to raise in the IPR.

10.      Whether Aptiv is estopped from asserting invalidity on grounds based on estopped references masked as grounds based on products.

11.      Whether Aptiv is estopped from asserting invalidity on grounds based on references Defendant could have discovered, if it had conducted a diligent search.

### *b.      Relevant Authority*

Section 315(e)(2) of Title 35 of the United States Code provides:

> The petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision under section 318(a), or the real party in interest or privy of the petitioner, may not assert either in a civil action arising in whole or in part under section 1338 of title 28 . . . that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review.

Estoppel under § 315(e)(2) is a question of law to be decided by the judge. *Parallel Networks Licensing LLC v. Int'l Bus. Machs. Corp.*, C.A. 132072-KAJ, 2017 WL 1045912, at *10 n.13 (D. Del. Feb. 22, 2017).

Patents are presumed valid.  35 U.S.C. § 282.  Defendant has the burden to prove invalidity by clear and convincing evidence, including subsidiary issues such as priority date of the patent, sufficiency of the patent disclosure, proving the publication date of prior art, and whether IPR estoppel (35 U.S.C. § 315(e)(2)) applies to grounds Defendant attempts to raise in district court. *See, e.g.*, *Tech. Licensing Corp. v. Videotek, Inc.*, 545 F.3d 1316, 1327 (Fed. Cir. 2008) ("Neither [Plaintiff's] burden to prove infringement nor [Defendant's] burden to prove invalidity, both ultimate burdens of persuasion, ever shifts to the other party—the risk of decisional uncertainty stays on the proponent of the proposition."); *Ralston Purina Co. v. Far-Mar-Co, Inc.*, 772 F.2d

10

1570, 1573–74 (Fed. Cir. 1985) (holding defendant bears burden of proving insufficiency of written description); *Intellectual Sci. & Tech., Inc. v. Sony Elecs.*, Inc., No. 06-10406, 2008 WL 5068823, at *31 (E.D. Mich. Nov. 24, 2008), *aff'd*, 589 F.3d 1179 (Fed. Cir. 2009) (holding defendant bears burden of proving publication date of prior art).

Every district court case to address the scope of estoppel after the Supreme Court's *SAS* decision has found "non-petitioned" references are estopped.  Defendants cannot avoid estoppel by merely adding a physical product as one component of an obviousness combination "where all of the relevant features of that physical product had been disclosed in a patent" that was raised during the IPR. *Wasica Finance GmbH v. Schrader Int'l*, C.A. 13-1353-LPS, 2020 U.S. Dist. LEXIS 9699, at *5–6 (D. Del. Jan. 14, 2020)., C.A. 19-00410-EMC, 2019 WL 7589209, at *6 (N.D. Cal. Dec. 30, 2019); D.I. 192 at 12– 14 (collecting cases). As recognized by those courts, interpreting estoppel to exclude "non-petitioned" references after the Supreme Court's clarification of 35 U.S.C. § 318(a), would render the phrase "reasonably could have raised" superfluous. *See, e.g.*, *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 602 (D. Mass. 2018) ("After SAS, . . . for the words 'reasonably could have raised' to have any meaning at all, they must refer to grounds that were not actually in the IPR petition . . . ."); accord *Asetek*, 2019 WL 7589209, at *7 (collecting cases).  Further, a defendant cannot avoid estoppel by merely adding a physical product as one component of an obviousness combination "where all of the relevant features of that physical product had been disclosed in a patent" that was raised during the IPR. *Wasica Finance GmbH v. Schrader Int'l*, C.A. 13-1353-LPS, 2020 U.S. Dist. LEXIS 9699, at *5–6 (D. Del. Jan. 14, 2020).

11

### v.  Enablement and Written Description

#### a.  *Issues of Law*

12.     Whether Aptiv can show by clear and convincing evidence that claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid under 35 U.S.C. § 112 for lack of enablement.

13.     Whether Aptiv can show by clear and convincing evidence that claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid under 35 U.S.C. § 112 for lack of written description.

14.     Whether Aptiv can show by clear and convincing evidence that claim 6 of the '708 Patent is invalid under 35 U.S.C. § 112 for lack of enablement.

15.     Whether Aptiv can show by clear and convincing evidence that claim 6 of the '708 Patent is invalid under 35 U.S.C. § 112 for lack of written description.

#### b.  *Relevant Authority*

A patent is presumed valid under 35 U.S.C. § 282. *Spectrum Pharm., Inc. v. Sandoz Inc.*, 802 F.3d 1326, 1333 (Fed. Cir. 2015). To obtain summary judgment on invalidity, the movant must overcome the presumption of validity with clear and convincing evidence. *Id.* Thus, "a party asserting affirmative defenses against a patent 'must submit clear and convincing evidence of facts underlying invalidity that no reasonable jury could find otherwise.'" *Id.* Written description and enablement focus on the scope of the claims as construed. *Energy Transp. Group, Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1350 (Fed. Cir. 2012) (written description); *see MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1380–81 (Fed. Cir. 2012) (enablement).

"[T]he test for sufficiency" of a patent's written description "is whether the disclosure of the application relied upon reasonably conveys to those skilled in the art that the inventor had

possession of the claimed subject matter as of the filing date." *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). "[T]he test requires an objective inquiry into the four corners of the specification from the perspective of a person of ordinary skill in the art. Based on that inquiry, the specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed." *Id.* The issue of whether a claimed invention satisfies the written description requirement is a question of fact. *Id.*

Enablement is a question of law based on underlying factual inquiries. *Cephalon, Inc. v. Watson Pharm., Inc.*, 707 F.3d 1330, 1336 (Fed. Cir. 2013). To satisfy the enablement requirement of 35 U.S.C. § 112(a), the specification must enable a person of ordinary skill in the art to make and use the invention. 35 U.S.C. § 112(a). "This requirement is met when at the time of filing the application one skilled in the art, having read the specification, could practice the invention without 'undue experimentation.'" *Cephalon*, 707 F.3d at 1336 (quoting *In re Wands*, 858 F.2d 731, 736–37 (Fed. Cir. 1988)). "Whether undue experimentation is required 'is not a single, simple factual determination, but rather is a conclusion reached by weighing many factual considerations.'" *Cephalon*, 707 F.3d at 1336 (quoting *ALZA Corp. v. Andrx Pharms., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010)). "The question of undue experimentation is a matter of degree, and what is required is that the amount of experimentation not be 'unduly extensive.'" *Cephalon*, 707 F.3d at 1338 (citation omitted). The focus "is not merely quantitative, since a considerable amount of experimentation is permissible, if it is merely routine, or if the specification in question provides a reasonable amount of guidance." *Id.* at 1339 (citations and quotations omitted).

### D.    Damages

#### i.    Issues of Law

16.     Whether Microchip is entitled to reasonable royalty and/or lost profits damages under 35 U.S.C. § 284 and the amount of those damages.

17.     Whether Microchip is entitled to enhanced damages under 35 U.S.C. § 284.

18.     Whether Microchip is entitled to a royalty or damages for Aptiv's ongoing infringement. 35 U.S.C. § 284.

19.     Whether Microchip is entitled to attorneys' and costs fees pursuant to 35 U.S.C. § 285 or other applicable law.

20.     Whether Microchip is entitled to an award of pre-judgment interest, post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and/or Federal Rule of Civil Procedure, Rule 54 or other applicable law.

21.     Whether Microchip is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement, to the extent an injunction has not been issued.

#### ii.    Relevant Authority

Upon a finding of infringement, the patentee shall be awarded "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "[T]he amount of a prevailing party's damages is a finding of fact on which the plaintiff bears the burden of proof by a preponderance of the evidence." *Smithkline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1164 (Fed. Cir. 1991).

The *Panduit* test establishes the basic, traditional framework for analyzing lost profits:

> To obtain as damages the profits on sales he would have made absent the infringement, i. e., the sales made by the infringer, a patent owner must prove: (1)

14

demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made.

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). When there are multiple competitors in a market, a patentee is entitled to lost profits based on the infringing sales apportioned according to its "share of the market." *State Indus., Inc. v. Mor-Flo Indus., Inc.*, 883 F. 2d 1573, 1578-80 (Fed. Cir. 1989).

"The statute is unequivocal that the district court must award damages in an amount no less than a reasonable royalty." *Dow Chem. Co. v. Mee Indus., Inc.*, 341 F.3d at 1381-82 (Fed. Cir. 2003); *see also Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1327 (Fed. Cir. 1987) ("The requirement to determine actual damages is not diminished by difficulty of determination."). The reasonable royalty may be based on the "supposed result of hypothetical negotiations between the plaintiff and defendant." *Transocean Offshore Deepwater Drilling, Inc. v. Maersk Drilling USA, Inc.*, 699 F.3d 1340, 1357 (Fed. Cir. 2012). "While the Federal Circuit has not prescribed a specific methodology for calculating a reasonable royalty, courts rely upon the fifteen factors set forth in *Georgia–Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y.1970)." *St. Clair Intellectual Prop. Consultants, Inc. v. Canon, Inc.*, CIV.A. 03-241 JJF, 2004 WL 2213562 (D. Del. Sept. 28, 2004). "[I]n conducting the hypothetical negotiation, the Court is permitted to look to events and facts that occurred after the infringement began." *Mobil Oil Corp. v. Amoco Chemicals Corp.*, 915 F. Supp. 1333, 1353 (D. Del. 1994).

Even if evidence presented at trial falls short of supporting a party's specific royalty estimate, "the fact finder is still required to determine what royalty is supported by the record." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1327-28 (Fed. Cir. 2014) (citing cases). "[T]he factual determination of a reasonable royalty, however, need not be supported, and indeed, frequently is

15

not supported by the specific figures advanced by either party. . . . [T]he district court may reject the extreme figures proffered by the litigants as incredible and substitute an intermediate figure as a matter of its judgment from all of the evidence." *SmithKline Diagnostics*, 926 F.2d at 1167-68.

Reasonable royalty damages are not limited to specific instances where direct infringement has been shown and can be proven by circumstantial evidence. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1334–35 (Fed. Cir. 2009) ("On the other hand, we have never laid down any rigid requirement that damages in all circumstances be limited to specific instances of infringement proven with direct evidence. Such a strict requirement could create a hypothetical negotiation far-removed from what parties regularly do during real-world licensing negotiations."); *see also GlaxoSmithKline LLC v. Glenmark Pharm. Inc.*, No. CV 14-877-LPS-CJB, 2017 WL 8948975, at *12 (D. Del. May 30, 2017), *report and recommendation adopted,* No. CV 14-877-LPS-CJB, 2017 WL 2536468 (D. Del. June 9, 2017); *Sentius Int'l, LLC v. Microsoft Corp.*, No. 5:13-CV-00825-PSG, 2015 WL 451950, at *11 (N.D. Cal. Jan. 27, 2015).

A patentee should also be entitled to an accounting of damages for post-verdict sales of products found to infringe the patents-in-suit. In patent cases, post-verdict accounting is standard practice. *See Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 2001 U.S. Dist. LEXIS 23416, *52-65 (D. Nev. Aug. 1, 2001) (describing numerous instances of accountings in patent cases); *see also, e.g., Edwards Lifesciences AG v. CoreValve, Inc.*, No. 08–91–GMS, 2011 WL 446203, at *16 (D. Del. Feb. 7, 2011), *aff'd in part, remanded in part*, 699 F.3d 1305 (Fed. Cir. 2012) ("The court will grant . . . an accounting of the number of [infringing] devices made, used, sold ... through the date of the order accompanying this memorandum."). Courts in this District have permitted additional discovery to properly complete a post-trial accounting of damages. *TruePosition Inc. v.*

*Andrew Corp.*, No. Civ. 05–747–SLR, 2009 WL 1651042, at *1 n. 2 (D. Del. June 10, 2009), *aff'd*, 389 Fed. Appx. 1000 (Fed. Cir. 2010).

Section 284 provides for enhanced "damages up to three times the amount found or assessed." 35 U.S.C. § 284. "District courts enjoy discretion in deciding whether to award enhanced damages, and in what amount." *Halo*, 136 S.Ct. at 1932. In determining whether to award enhanced damages, a Court should consider "egregiousness of the defendant's conduct based on all the facts and circumstances." *Read Corp. v. Portec Inc.*, 970 F.2d 816, 826-27 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 975 (Fed. Cir. 1995). Despite that there is no "rigid formula for awarding enhance damages under § 284," *Halo*, 136 S. Ct. at 1934, the factors courts consider when determining whether an infringer's behavior was egregious include "(1) whether the infringer deliberately copied the invention; (2) whether the infringer, when aware of the patent, investigated and formed a good faith belief of invalidity or noninfringement; (3) the infringer's behavior as a party to litigation; (4) defendant's size and financial condition; (5) closeness of the case; (6) duration of defendant's misconduct; (7) remedial action by the defendant; (8) defendant's motivation for harm; and (9) whether defendant attempted to conceal its misconduct." *Boston Scientific Corp. v. Cordis Corp.*, 838 F. Supp. 2d 259, 278 (D. Del. 2012) (citing *Read*, 970 F.2d at 826-828), *aff'd*, 497 F. App'x 69 (Fed. Cir. 2013). The plaintiff must prove enhanced damages by a "preponderance of the evidence." *Halo*, 136 S.Ct. at 1934.

### E.     Permanent Injunction

#### i.   Issues of Law

22.     Whether Microchip is entitled to a permanent injunction. 35 U.S.C. § 283.

17

### ii. Relevant Authority

To obtain a permanent injunction, a plaintiff that has proven infringement must show "(1) irreparable injury in the absence of an injunction, (2) inadequacy of compensatory remedies at law, (3) a balance of hardships favoring an injunction, and (4) consistency of an injunction with the public interest." *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics America, Inc.*, 895 F.3d 1304, 1331 (Fed. Cir. 2018) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)). It is not necessary that a patentee be able to prove specific past damages in order to be entitled to an injunction preventing future harm. *See, e.g., Liqwd, Inc. v. L'Oreal USA, Inc.*, 720 F. Appx. 623 (Fed. Cir. 2018) (remanding denial of injunction because the relevant inquiry is whether the requirements were met at the time of the injunction).

### F. Attorneys' Fees and Costs

### i. Issues of Law

23.     Whether Microchip, if it is the prevailing party, has proven that it is entitled to attorneys' fees and/or costs, and the amount. 35 U.S.C. § 285.

### ii. Relevant Authority

Section 285 of Title 35 of the United States Code provides for the awarding of "reasonable attorney fees to the prevailing party" when the case is determined to be exceptional. To be a "prevailing party," a party "must win a dispute within the case in favor of it that materially alters the legal relationship between the parties at the time of the judgment." *Parallel Iron LLC v. NetApp Inc.*, No. CV 12-769-RGA, 2014 WL 4540209, at *3 (D. Del. Sept. 12, 2014). In *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014), the Supreme Court held that "[a]n 'exceptional' case, then, is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and

18

the facts of the case or the unreasonable manner in which the case was litigated.)" The Supreme Court added: "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion." *Id*.; *see also id.* ("As in the comparable context of the Copyright Act, '[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised in light of the considerations we have identified."). Further, the prevailing party must prove entitlement to attorney fees under § 285 by a preponderance of the evidence. *Id*. at 1758; *see also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CV 11-1175-RGA, 2014 WL 4675002, at *2 (D. Del. Sept. 12, 2014). In the Third Circuit, the same test under *Octane Fitness* is used to determine exceptional cases in trademark cases as in patent cases. *See Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) ("We believe that the [Supreme] Court [in Octane] was sending a clear message that it was defining "exceptional" not just for the fee provision in the Patent Act, but for the fee provision in the Lanham Act as well.").

Federal Rule of Civil Procedure 54 states "[u]nless a federal statute, these rules, or a  court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Supreme Court has explained that "prejudgment interest should ordinarily be awarded where necessary to afford the plaintiff full compensation for the infringement." *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 654 (1983). Prejudgment interest is not a penalty but "serves to make the patent owner whole, for damages properly include the foregone use of money of which the patentee was wrongly deprived." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Accordingly, awarding "prejudgment interest is the rule, not the exception." *Id.* "[P]rejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus., Inc. v. ROL Mfg. Co., Ltd.*, 847 F.2d 795, 800 (Fed. Cir. 1988) (citing Gen. Motors,

461 U.S. at 656). Section 1961(a) of Title 28 of the United States Code states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

"Postjudgment interest is awarded on monetary judgments recovered in all civil cases," including ones for patent infringement. *Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347 (Fed. Cir. 1999). Post-judgment interest is governed by regional circuit law. *Id.* at 1348. Interest begins to accrue on the date of the entry of judgment. *Loughman v. Consol-Pennsylvania Coal Co.*, 6 F.3d 88, 97 (3d Cir. 1993). Courts in this district routinely award post-judgment interest in patent infringement cases. *See nCUBE Corp. v. SeaChange Int'l, Inc.*, 313 F. Supp. 2d 361, 392 (D. Del. 2004), *aff'd*, 436 F.3d 1317 (Fed. Cir. 2006) (awarding post-judgment interest to patentee for defendant's willful infringement); *TruePosition Inc. v. Andrew Corp.*, 611 F. Supp. 2d 400, 414 (D. Del. 2009), *aff'd*, 389 F. App'x 1000 (Fed. Cir. 2010) (awarding post- judgment interest for patent infringement).

Pursuant to Federal Rule of Civil Procedure 54(d), costs should be allowed to the prevailing party. Under 28 U.S.C. § 1920, the prevailing party may recover the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in this case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. *See also* D. Del. LR 54.1.