IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 17-1194-JDW |
| APTIV SERVICES US, LLC, | ) ) ) | |
| Defendant. | ) | |

**MICROCHIP TECHNOLOGY INCORPORATED'S MOTION TO SEAL**

Pursuant to Local Rule 5.1.3, Plaintiff Microchip Technology Inc. ("Microchip")

respectfully moves to seal the unredacted versions of Exhibit 2 to Aptiv Services US, LLC's

("Aptiv") Motion in Limine No. 1, D.I. 321, and Exhibit 1 to Aptiv's Motion in Limine No. 2,

D.I. 322.  Aptiv filed public, redacted versions of these exhibits with its motion (the "Redacted

Aptive Exhibits"); Microchip moves to seal only the non-public versions of these exhibits that

Aptiv e-mailed to the Court in conjunction with its motion to seal (the "Unredacted Aptiv

Exhibits").

I.     **Legal Standard**

The Third Circuit has held that "the common law presumes that the public has a right of

access to judicial materials," but that presumption may be overcome by showing that "the

material is the kind of information that courts will protect" and "that disclosure will work a

clearly defined and serious injury to the party seeking closure," such that "the interest in secrecy

outweighs the presumption" of public access. *See In re Avandia Mktg., Sales Practices & Prods.*

*Liab. Litig.*, 924 F.3d 662, 672, 678 (3d Cir. 2019) (internal quotation marks and citations

omitted).

## II.      Argument

Microchip moves to seal only the Unredacted Aptiv Exhibits. Aptiv filed redacted versions of those exhibits with its motions *in limine*, and the redacted versions contain all but eighteen words of the unredacted versions. Thus, the only content that Microchip seeks to withhold from the public record are those eighteen redacted words, which consist of non-public part prices, profit numbers, revenue numbers, and one number representing the unit volume of sales.

### A.      The information Microchip seeks to seal is the kind of information courts will protect.

"Trade secrets or other confidential research, development, or commercial information are the type of information that courts will protect." *Avco Corp. v. Turner*, C.A. No. 2:20-cv-04073-JDW, 2021 U.S. Dist. LEXIS 149244, at *8 (E.D. Pa. Aug. 9, 2021).  Here, as set forth in the concurrently-filed Declaration of Jared Crop (the "Crop Declaration"), Microchip seeks to seal only specific sales, profit, and revenue numbers which are commercial trade secrets and business intelligence that Microchip has taken steps to protect, and are not publicly available. Crop Declaration, ¶ 5; *see Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *Wickens v. Rite Aid Hdqtrs Corp.*, C.A. No. 19-2021, 2021 U.S. Dist. LEXIS 239932, at *3 (M.D. Pa. Feb. 23, 2021) (granting motion to seal plaintiff's "sensitive, non-public financial information").  The information sought to be sealed includes only the exact figures themselves, and does not include the surrounding context, which is all that is necessary to understand the motions *in limine*. *Compare* Unredacted Aptiv Exhibits *with* Redacted Aptiv Exhibits.  Thus, the information Microchip requests to seal is "the kind of information that courts will protect." *In re Avandia*, 924 F.3d at 678.

B.      **Disclosure of the information that Microchip seeks to seal will work a**
        **clearly defined and serious injury to Microchip.**

Disclosure of the unredacted versions of the Aptiv Exhibits would "work a clearly

defined and serious injury to the party seeking closure." *In re Avandia Mktg.,* 924 F.3d at 672.

These numbers represent sensitive, private financial information related to certain products that

Microchip currently sells and has sold in the past. Crop Declaration, ¶ 5.  Microchip takes efforts

to protect these numbers from public disclosure because they represent sensitive business

intelligence. *Id.* The disclosure of this information would result in serious injury to Microchip,

because Microchip's competitors could use it to undercut Microchip while competing with

Microchip for business, placing Microchip at a considerable competitive disadvantage. *Id.* Thus,

these specific numbers are trade secrets and "confidential business information" that may be

protected from public disclosure.  *Leucadia*, 998 F.2d at 166; *see Kelly v. Realpage, Inc.*, C.A.

No. 19-01706-JDW, 2020 U.S. Dist. LEXIS 255199, at *3 (E.D. Pa. Aug. 5, 2020) (granting

motion to seal where "disclosure of the information could provide competitors with information

about Defendants' business practices that the competitors could use to Defendants' detriment").

C.      **Microchip's interest in secrecy outweighs the presumption of public**
        **access.**

Microchip's requested redactions are very narrow in scope, including only eighteen

isolated numbers out of sixty-one pages of exhibits.  Placing the Unredacted Aptiv Exhibits

under seal will not interfere with the public's right of access to judicial proceedings, because the

redacted versions of those exhibits are already part of the public record, and enable the public to

fully understand the motion and issues. The specific figures at issue here are not necessary to

understand the motions. *See Wickens v. Rite Aid Hdqtrs Corp.*, C.A. No. 19-02021, 2021 U.S.

Dist. LEXIS 239932, at *6 (M.D. Pa. Feb. 23, 2021) (granting motion to seal, and holding that in

light of "the narrow scope of the parties' request," the parties had demonstrated that their

"interest in secrecy outweighs the presumption of public access").

### III.     Conclusion

Accordingly, Microchip respectfully requests that the Court place the unredacted versions

of the Aptiv Exhibits under seal, and maintain only the redacted versions as public documents.

*/s/ Andrew E. Russell*

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

OF COUNSEL:
Bruce W. Slayden II
Brian C. Banner
R. William Beard, Jr.
Truman H. Fenton
Darryl J. Adams
Joseph D. Gray
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
(512) 402-3550

Dated: February 24, 2022