IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICROCHIP TECHNOLOGY INCORPORATED,**<br><br>*Plaintiff,*<br><br>v.<br><br>**APTIV SERVICES US LLC,**<br><br>*Defendant.* | Case No. 1:17-cv-01194-JDW |

# ORDER

**AND NOW**, this 1st day of March, 2022, upon consideration of Microchip Technology Incorporated's Motion To Seal (D.I. 325), the Court finds as follows:

1. "[T]he common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672 (quotations omitted). Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

3. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Avandia*, 924 F.3d at 672–673 (quotations omitted).

4. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677 n.11.

5. Microchip has articulated sufficient reasoning to seal redacted portions of Exhibit 2 to Aptiv's Motion In Limine No. 1 and Exhibit 1 to Aptiv's Motion In Limine No. 2, which provide Microchip's revenue for the Sandia chip from 2017 to 2019, and estimated price, profit, and revenue data for several chips. (D.I. 321-1, Exhibit 2 ¶ 59; D.I. 322-1, Exhibit 1 ¶¶ 62–63.)

6. Confidential commercial information that may harm a party's competitive standing is the type of information that courts will protect, in some circumstances, with a sealing order. *See e.g., In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) *(*citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Wickens v. Rite Aid HDQTRS Corp.*, No. 1:19-CV-02021, 2021 WL 5876695, at *1–2 (M.D. Pa. Feb. 23, 2021).

7. Microchip has satisfied its burden, albeit just barely, to demonstrate that a clearly defined and serious injury will result if this data is disclosed: "Microchip's competitors could use it to undercut Microchip while competing with Microchip for business." (D.I. 325 at 3.) Disclosure would place them at a "considerable competitive disadvantage" with these parties. (*Id.*) The fact that Microchip only redacted a small number of precise unit and dollar amounts—and did not redact any contextual information—supports Microchip's argument, as the precise revenue and profit numbers could weigh directly on the approaches that parties use to compete with Microchip. While Microchip likely sends out its pricing information publicly at least to its customers, Microchip has represented that it "takes efforts to protect these numbers from public disclosure." (*Id.*)

Therefore, in light of the foregoing it is **ORDERED** that Microchip Technology Incorporated's Motion To Seal (D.I. 325) is **GRANTED**. Defendant Aptiv Services US, LLC's Motion For Leave To File Under Seal (D.I. 323) is **DENIED AS MOOT**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.
