IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE**
**AN ADDITIONAL MOTION *IN LIMINE*, AND FOR EXPEDITED BRIEFING**

Plaintiff Microchip Technology Inc. ("Microchip") moves for leave to file the attached motion *in limine* to prevent Aptiv Services US, LLC ("Aptiv") from presenting expert testimony to the jury that is directly contrary to the Court's holdings in its summary judgment opinion in this action. *See* Ex. 1. Microchip has good cause to file an additional motion *in limine*, because it learned of Aptiv's intent to present such arguments just five days ago, and diligently pursued the required meet-and-confer before filing this motion.[1] Aptiv suffers little prejudice here, as the proposed motion *in limine* fits within the original page limits for motion *in limine* briefing.

Microchip further requests that the Court set an expedited briefing schedule for the motion *in limine* so that the briefing can be filed in advance of the pretrial conference, currently set for April 4, 2022. D.I. 284. Microchip proposes that Aptiv be permitted to file an opposition to Microchip's motion *in limine* on or before the later of March 28, 2022, or one business day after the Court grants Microchip's motion for leave.

---

[1] Pursuant to L.R. 7.1.1, the undersigned counsel states that reasonable efforts have been made to resolve this motion, but Aptiv opposes it.

For its motion, Microchip waives its opening brief and states as follows:

1.	Aptiv moved for summary judgment of non-infringement or, in the alternative, invalidity. D.I. 186.  Aptiv's lack of enablement and written description argument was based on the premise that if the patents "extend to host-to-host communications," then "'simultaneous access by two hosts stretches the Asserted Claims beyond what the patents teach or describe.'" D.I. 247 at 12 (quoting D.I. 233 at 10).

2.	The Court denied summary judgment, holding "[t]he Asserted Patents need not describe and enable the accused device." *Id.* at 13.  Instead, the patents claim a "USB Multi-Host device," and "[t]he Asserted Patents must describe and enable a multi-host USB device and a method for sharing a device between multiple hosts." *Id.* at 12-13. Since that ruling, Microchip understood Aptiv—per the Court's order—would not present expert testimony to the jury regarding that theory.

3.	The Court set a deadline of February 22, 2022 for the parties to file motions *in limine*. D.I. 309 at 1.  On February 22, Microchip filed its five motions *in limine*, D.I. 318, accompanied by just over fifteen pages of briefing, D.I. 319—significantly less than the 20 pages permitted by the Court.[2] None of Microchip's motions *in limine* addressed Aptiv's intention to present expert testimony on written description and enablement to the jury, because Microchip understood that Aptiv would not present such testimony. *See* D.I. 318.

4.	On March 16, 2022, Aptiv disclosed that it intended to present testimony from its Expert John Garney that is directly contrary to the Court's prior ruling that the "[t]he Asserted Patents need not describe and enable the accused device[,]" but must merely describe and enable

---

[2] Per the Court's Order, each party was limited to five motions *in limine* accompanied by no more than 20 pages of briefing.  D.I. 314.

the "multi-host USB device and a method for sharing a device between multiple hosts," D.I. 247 at 12-13. Ex. 2. Aptiv's proposed testimony is based on the exact same theory the Court rejected: if the patents "extend to host-to-host communications" then the patents must describe and enable "simultaneous access by two hosts." D.I. 247 at 12 (quoting D.I. 233 at 10). The proposed testimony has no other purpose.

5. Federal Rule of Civil Procedure 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause is present when the schedule cannot be met despite the moving party's diligence." *In re Chanbond, LLC*, C.A. No. 15-842-RGA, 2019 U.S. Dist. LEXIS 81590, at *5 (D. Del. May 14, 2019) (quoting *Meda Pharm., Inc. v. Teva Pharm. USA, Inc.*, No. 15-785-LPS, 2016 U.S. Dist. LEXIS 157036, at *3 (D. Del. Nov. 14, 2016)) (granting motion to assert new invalidity theory after deadline). "[T]he good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 U.S. Dist. LEXIS 43740, at *4 (D. Del. May 21, 2009).

6. Microchip has been diligent in seeking leave to file an additional motion *in limine*. Prior to Aptiv's March 16, 2022 e-mail, Microchip did not understand that Aptiv would present an enablement or written description theory to the jury that involved these ill-founded arguments from Mr. Garney. The parties' pretrial orders recognize that Aptiv can raise written description or enablement arguments generally, but do not state that Aptiv can present expert testimony to the jury that is contrary to the Court's prior ruling. Aptiv first confirmed that it intended to present such arguments on March 16, 2022. Microchip informed Aptiv the next day that it intended to seek leave to file a sixth motion *in limine*, *see* Ex. 3, and Microchip filed its

motion immediately following the parties' required meet-and-confer, which took place on March 21, 2022.

7. Microchip has shown good cause, because it filed this motion for leave just five days after it first understood that Aptiv intended to present this expert testimony to the jury, and on the same day as the parties' meet-and-confer. *See TC Tech., LLC v. Sprint Corp.*, C.A. No. 16-153-RGA, 2019 U.S. Dist. LEXIS 22091, at *5-6 (D. Del. Feb. 11, 2019) (finding good cause based on diligence where the moving party "followed up with [opposing counsel] two days after [discovering the issue], arranged a meet and confer . . . , and filed [its] motion about a month after the meet and confer.").

8. Good cause hinges on diligence, not on a lack of prejudice. *Roquette Freres*, 2009 U.S. Dist. LEXIS 43740, at *4. Regardless, granting leave to file the attached motion *in limine* does not prejudice Aptiv. Microchip previously only used a bit over 15 of its allotted pages, and the additional motion *in limine* would still be within the initial page limit. Further, no relevant factual developments have occurred since the original deadline for motions *in limine*, other than Aptiv's disclosure of its intent to present this testimony to the jury. Likewise, it benefits all of the parties and the Court to resolve the issue of whether Aptiv may contradict the Court's summary judgment order prior to its attempts to do so at trial.

9. Finally, the proposed expedited briefing schedule set forth above does not impose an undue hardship on Aptiv. It provides seven days for Aptiv to respond to a short pre-trial motion *in limine* on an evidentiary issue of the kind which is commonly handled by next-day bench briefs during trial. This amount of time is more than sufficient to respond to a short evidentiary motion and will provide the Court will the full set of briefing one week prior to the April 4 pretrial conference.

WHEREFORE, Microchip respectfully requests that the Court enter the attached proposed order permitting it to file a motion *in limine* and setting a briefing schedule on that motion.

|  |  |
|---|---|
| | /s/ *Andrew E. Russell* |
| | John W. Shaw (No. 3362) |
| | Andrew E. Russell (No. 5382) |
| | Nathan R. Hoeschen (No. 6232) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Bruce W. Slayden II | 1105 North Market Street, 12th Floor |
| Brian C. Banner | Wilmington, DE 19801 |
| R. William Beard, Jr. | (302) 298-0700 |
| Truman H. Fenton | jshaw@shawkeller.com |
| Darryl J. Adams | arussell@shawkeller.com |
| Joseph D. Gray | nhoeschen@shawkeller.com |
| SLAYDEN GRUBERT BEARD PLLC | *Attorneys for Plaintiff* |
| 401 Congress Ave., Suite 1650 | |
| Austin, TX 78701 | |
| (512) 402-3550 | |

Dated: March 21, 2022