# EXHIBIT 3

**Andrew Russell**

| | |
|---|---|
| **From:** | Darryl Adams <dadams@sgbfirm.com> |
| **Sent:** | Thursday, March 17, 2022 9:05 PM |
| **To:** | Eric Wiener |
| **Cc:** | provner@potteranderson.com; Choa, Jonathan A.; John Shaw; Andrew Russell; SERVICE-APTIV; SGB Litigation; Brian Banner |
| **Subject:** | RE: Designation of Invalidity Defenses |
| **Attachments:** | 2022.03.17 Stipulation Regarding Prior Art References.DOC |
| | |
| **Categories:** | Filed |

Eric,

Thank you for the clarification that Dickens is the only written prior art reference on which Aptiv will rely at trial to show that any claim element was known in the art.   If Aptiv is willing to sign the attached stipulation to that effect, we can move on.

On the Section 112 defenses (written description and enablement), Microchip plans to file a motion for leave to file an additional MIL.  The MIL will ask the Court to exclude Mr. Garney's testimony related to describing and enabling the accused products (as opposed to the claimed invention), which the Court held is the wrong legal standard.  Dkt. 247 at 13 ("The Asserted Patents need not describe and enable the accused device.").

On the motion for leave, we believe good cause exists because Aptiv added jury instructions related to Section 112 defenses after the MIL deadline.  Based on the court's clear order and the absence of any jury instructions, Microchip served jury instructions without Section 112 defenses because Microchip believed in good faith that Section 112 defenses were not in play as of the MIL deadline.  Microchip is glad to discuss any reasonable accommodations to address Aptiv's concerns about timing.

We are available to meet and confer tomorrow noon-2:30 pm ET or Monday 10-11:30 am ET.

Best regards,
Darryl

---

**From:** Eric Wiener <EWiener@durietangri.com>
**Sent:** Wednesday, March 16, 2022 3:37 PM
**To:** Darryl Adams <dadams@sgbfirm.com>
**Cc:** provner@potteranderson.com; Choa, Jonathan A. <jchoa@potteranderson.com>; John Shaw <jshaw@shawkeller.com>; arussell@shawkeller.com; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>; SGB Litigation <litigation@sgbfirm.com>
**Subject:** RE: Designation of Invalidity Defenses

Darryl,

Aptiv will not be limiting or withdrawing any of the four invalidity defenses it identified last week pursuant to the parties' agreement on narrowing.

1

The Court's estoppel order precludes Aptiv from asserting an obviousness defense based on a combination of Dickens and other written prior art, and Aptiv has no intention of doing so. Dickens is the only written prior art Aptiv will rely on at trial to show that any claim element was known in the art. To the extent that any other documents are referenced, they will not be used to supply a missing claim limitation.

As to Section 112, Microchip did not move for summary judgment of no invalidity and the Court's finding that the relevant evidence was disputed does not preclude Aptiv from presenting written description or enablement theories at trial. To the extent Microchip believed Mr. Garney's theories to be "legally erroneous," the proper remedy was to move to exclude his testimony via a *Daubert* motion or some other motion *in limine*. Microchip did not do so, and the time to file such a motion has passed.

Unless Microchip intends to move on some other grounds, we don't see any purpose to be served by a meet and confer. If Microchip does plan to file a motion, please let us know what the motion is and what the requested relief would be.

Regards,

Eric


Eric Wiener (he/him) | Durie Tangri LLP | ewiener@durietangri.com | 415-376-6408

---

**From:** Darryl Adams <dadams@sgbfirm.com>
**Sent:** Tuesday, March 15, 2022 2:55 PM
**To:** Eric Wiener <EWiener@durietangri.com>; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>
**Subject:** FW: Designation of Invalidity Defenses

Eric – I am resending with the correct group email address.

Darryl

---

**From:** Darryl Adams
**Sent:** Tuesday, March 15, 2022 3:53 PM
**To:** ewiener@durietangri.com; Service-Apti@durietangri.com
**Cc:** AptivTrialAttorneys <AptivTrialAttorneys@sgbfirm.com>
**Subject:** Designation of Invalidity Defenses

Eric,

We received Aptiv's designation of invalidity defenses and want to address several issues.

Aptiv's first two defenses identify Dickens and US-98/Belkin plus the "state of the art." As you are aware, Judge Wolson's July 28, 2020 order (Dkt. 246) estops Aptiv from asserting Dickens with "other written prior art." Aptiv's inclusion of "other written prior art" under the guise of "state of the art" appears to be an attempt to circumvent that order. Indeed the "materials … showing the state of the art" identified in Aptiv's 282 notice include the same references Judge Wolson found to be estopped, including: 1) references Aptiv used during the IPR (USB 2.0, USB Design by Example, USB Complete), 2) references Aptiv admits it knew about at the time of the IPR (USB 1.0, USB 2.0 Transceiver Microcell Interface); and 3) references Aptiv admits it could have located based on a reasonable search (Prolific). Still further, Aptiv's expert, Mr. Garney, does not discuss any of these references as "state of the art." Instead, Mr. Garney includes the references as part of obviousness combinations that he is estopped from raising. Please confirm Aptiv will limit its prior art invalidity defenses to 1) Dickens and US-98 and 2) Dickens and Belkin in accordance with Judge Wolson's order, and will not present "state of art" references during trial.

Aptiv's indefiniteness and enablement defenses are also precluded by the Court's orders.  As held by the Court, Mr. Garney's opinions regarding indefiniteness and enablement are based on the erroneous legal premise that the patent must "describe and enable the accused device" rather than the claimed invention.   Dkt. 247 at 13.  Mr. Garney's report never mentions the recited claim elements, let alone provide an opinion that the claim elements are not described or enabled.  In order to present an enablement or indefiniteness defense, Aptiv either needs to present the same legally erroneous premises to the jury (i.e., (1)  the patents must enable a host-to-host bridge that facilitates communication between an Apple iPhone and a head unit - Garney Rpt. at 357 or (2) basing 112 challenges on a hypothetical claim construction rather than the court construction - Garney Rpt. at 356), or needs to elicit testimony outside the scope of Mr. Garney's report—none of which is permissible.  Please confirm Aptiv will withdraw its legally erroneous indefiniteness and enablement defenses.

If Aptiv will not agree to narrow its invalidity contentions as discussed above, please let us know when you are available to meet and confer.

Regards,
Darryl