IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> APTIV SERVICES US, LLC, ) <br> ) <br> Defendant. ) | C.A. No. 17-01194-JDW |

**DEFENDANT APTIV'S OPPOSITION TO PLAINTIFF MICROCHIP'S MOTION FOR
<u>LEAVE TO FILE ADDITIONAL MOTION IN LIMINE</u>**

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
217 Leidesdorff St.
San Francisco, CA  94111
(415) 362-6666

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

Dated:  March 22, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant
Aptiv Services US, LLC*

I.  **INTRODUCTION**

Microchip seeks leave to file a *Daubert* motion—two weeks before trial—styled as a sixth, untimely "motion *in limine*." Microchip's requested motion seeks to exclude testimony from Aptiv's technical expert, Mr. Garney, supporting Aptiv's section 112 invalidity defenses and disclosed in Mr. Garney's ***2019*** expert reports. There is no good cause for allowing such a motion over two years after the deadline to file *Daubert* motions, as Microchip provides no justification for its lack of diligence. Microchip cannot (and does not) argue that the challenged opinions were untimely disclosed. And although Microchip relies on the Court's summary judgment order, that order was not a necessary predicate to its motion. Regardless, the Court issued its order in ***July 2020***, and Microchip offers no explanation for why it waited ***20 months*** to argue that Mr. Garney's testimony should be excluded based on that order. Instead, it appears that Microchip has timed this motion to maximize the prejudice to Aptiv, including by waiting until after Aptiv narrowed its invalidity defenses to make its request. The Court should not reward such behavior.

In any event, Microchip's motion is baseless. Microchip argues that Mr. Garney relies on an incorrect legal standard for enablement and written description. That is wrong. Mr. Garney expressly stated that he was not applying any legal standard and was not purporting to opine on the ultimate issue, which is a question for the jury. Indeed, much of the testimony Microchip seeks to exclude (D.I. 337-2, Ex. B ¶¶ 356-377) is factual and unlikely to be disputed. The Court will instruct the jury on the proper legal standard, and it will be up to the jury to determine whether Mr. Garney's testimony regarding what the patent specification does and does not teach is relevant to whether the standard has been met.

II.     ARGUMENT

    A.     **Microchip Falls Well Short of The Diligence Required by Rule 16(b)(4)**

Microchip acknowledges that, pursuant to Rule 16(b)(4), it must show good cause to modify the schedule to file its untimely motion, and good cause is present "when the schedule ***cannot*** be met ***despite*** the moving party's diligence." Mot. at 3 (quoting *In re ChanBond, LLC Pat. Litig.*, No. 15-CV-842-RGA, 2019 WL 2098316, at *2 (D. Del. May 14, 2019)) (emphases added). Microchip cannot meet this exacting standard. Indeed, the record demonstrates that Microchip's delay was the antithesis of the required diligence.

Microchip's only argument in support of diligence is that "[p]rior to Aptiv's March 16, 2022 email, Microchip did not understand that Aptiv would present an enablement or written description theory to the jury that involved these ill-founded arguments from Mr. Garney." Mot. at 3. Not so. Mr. Garney's September and November 2019 expert reports provided notice to Microchip about what opinions he may provide at trial, including his opinions that are pertinent to written description and enablement. To get past this fact (which should doom Microchip's motion), Microchip relies on the Court's denial of ***Aptiv's*** motion for summary judgment. In denying that motion, the Court did not grant judgment in Microchip's favor, or exclude any of Mr. Garney's opinions. Microchip nonetheless contends that it only received notice of the proffered expert opinions during the parties' pretrial exchanges.

Those exchanges are not evidence of diligence, but rather suggest even further delay. Microchip initially proposed jury instructions with no instructions on enablement or written description. On February 25, Aptiv provided its redlines to those jury instructions, and proposed instructions on both enablement and written description. Ex. 1 at 1-2 (2/25/22 email from Wiener to counsel). On March 2, the parties met and conferred about the jury instructions. *Id.* at 1. Microchip did not raise this issue on that call, and instead ***provided competing instructions***

2

***on enablement and written description***.  D.I. 329 at 46-47 and 49-50.  It did so prior to Aptiv's March 9 deadline to narrow its invalidity defenses to four bases per asserted claim.[1]

Only after Aptiv elected its invalidity defenses (which included both lack of enablement and written description), did Microchip first argue that "Aptiv's [written description][2] and enablement defenses" are "precluded by the Court's orders" and asked that Aptiv withdraw those "legally erroneous" defenses.  Ex. 3 at 3-4 (3/15/22 email from Adams to counsel).  Aptiv explained that it was not so precluded and that Mr. Garney "will provide foundational testimony for the jury in making its determination on enablement and written description."  *Id.* at 1 (3/18/22 email from Wiener to counsel).  Microchip argued that good cause existed to file an additional motion to preclude Aptiv from asserting those defenses because "Aptiv added jury instructions related to Section 112 defenses after the MIL deadline" and "Microchip believed in good faith that Section 112 defenses were not in play as of the MIL deadline."  *Id.* at 2 (3/17/22 email from Adams to counsel).  Microchip offered no explanation for why it had itself proffered jury instructions on those same issues.

Perhaps having realized the implications of this record, Microchip is no longer arguing that Aptiv is precluded from asserting any written description or enablement defense.  Instead, it is arguing that Mr. Garney should be precluded from testifying based on an incorrect legal standard.  But that argument falls squarely within the scope of a *Daubert* motion for which the deadline was December ***2019*** (D.I. 46 at 8, 13-14), and Microchip's motion fails for that reason.

---

[1] In order to narrow the issues for trial, the parties agreed that Microchip would narrow its infringement claims to 7 claims by March 2, and Aptiv would narrow its invalidity defenses to four bases per claim by March 9.  Ex. 2.

[2] The email stated "indefiniteness," which Aptiv understands meant to refer to "written description" because Aptiv did not identify indefiniteness as a defense and Microchip's present motion refers to written description.

*Taylor v. Shields*, 744 F. App'x 83, 87 (3d Cir. 2018) ("[T]he trial court was within its discretion under Rule 16(b) of the Federal Rules of Civil Procedure to enforce its scheduling order and therefore deny Taylor's *Daubert* motion as untimely."); *see also Enova Tech. Corp. v. Initio Corp.*, No. 10-04-LPS, 2013 WL 12156023, at *1 (D. Del. Jan. 31, 2013) (denying motion *in limine*, in part, because it was "an untimely *Daubert* motion"). Microchip offers no explanation for why it did not raise this issue at the time. Nor does it explain why it didn't seek leave to file such a motion when the Court issued its summary judgment ruling. Microchip has no justification for its delay. Mr. Garney's opinions were disclosed prior to the dispositive motion and motion *in limine* deadlines, and Microchip has not argued otherwise. Microchip's theory for exclusion is based on the legal standard (which has not changed) and not dependent on new factual information. Microchip has wholly failed to meet its burden under Rule 16(b)(4).

    **B.**  **Aptiv Will Be Prejudiced by Microchip's Requested Motion**

  Microchip's motion is not only untimely, it is a third bite at the apple on the eve of trial. The time for filing motions *in limine* has passed and the time for filing *Daubert* motions has long passed too. Microchip argues Aptiv will not be prejudiced because Microchip did not use its entire page limit for its five pending motions *in limine*. Mot. at 4. But the parties agreed to (and the Court ordered) a limit on the number of motions, as well as a page limit, and Microchip has already filed five such motions. Regardless, Microchip misses the point. Aptiv is prejudiced because Microchip is asserting, for the first time, two weeks before trial, that Aptiv is precluded from presenting expert testimony in support of two of its four invalidity theories. Not only is Microchip's position legally incorrect, the timing of the motion—and the fact that Microchip waited until after Aptiv narrowed its invalidity theories to seek leave to file the motion—is prejudicial to Aptiv's ability to efficiently prepare for trial. *See Fraunhofer-Gesellschaft Zur Forderung Der Angewandten Forschung e.V. v. Sirus XM Radio Inc.*, No. CV 17-184-JFB-SRF,

4

2022 WL 608143, at *2 (D. Del. Jan. 27, 2022) (in considering whether a movant has demonstrated good cause to amend invalidity contentions, the court considers, in addition to diligence, "the importance of the new information, evidence of gamesmanship in the untimely disclosure, the potential prejudice to the opposing party, and the likelihood of disruption to the case schedule"). Such prejudice is not justified, particularly in view of the fact that nothing prevented Microchip from raising this issue years earlier.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny Microchip's motion for leave to file an additional untimely motion *in limine*. To be clear, such a motion would be baseless, premised on the notion that the Court's denial of Aptiv's summary judgment motion did more than it purported to do: leave for trial the issue of whether the Asserted Patents are invalid for lack of enablement and written description. Nowhere in that ruling did the Court suggest Mr. Garney would be precluded from testifying about what the Asserted Patents claim and what is described in their specifications, as disclosed in his report and as necessary to assist the jury in making its determination on written description and enablement under controlling Federal Circuit precedent. D.I. 247 at 11-12 (citing *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) ("[T]he specification must describe an invention understandable to that skilled artisan and show that the inventor actually invented the invention claimed.") and *ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 940 (Fed. Cir. 2010) ("To be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without undue experimentation.") (internal quotation marks omitted)). Should the Court grant Microchip's motion for leave, Aptiv will file a response to Microchip's additional motion *in limine* pursuant to the briefing schedule set forth in Microchip's proposed order (D.I. 337-1) to more fully articulate why the untimely motion should be denied.

5

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
(415) 362-6666

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

Dated: March 22, 2022
10079955

POTTER ANDERSON & CORROON LLP

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

*Attorneys for Defendant*
*Aptiv Services US, LLC*