IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 17-1194-LPS-CJB |
| v. | ) ) | |
| APTIV SERVICES US, LLC, | ) ) | |
| Defendant. | ) ) | |

**MICROCHIP TECHNOLOGY INCORPORATED'S OPENING BRIEF
IN SUPPORT OF MOTION *IN LIMINE* NUMBER SIX**

OF COUNSEL:
Bruce W. Slayden II
Brian C. Banner
R. William Beard, Jr.
Truman H. Fenton
Darryl J. Adams
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
(512) 402-3550

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

Dated: March 22, 2022

## I.    INTRODUCTION

Plaintiff Microchip Technology Inc. ("Microchip") respectfully moves to prevent Aptiv Services US, LLC ("Aptiv") from presenting testimony that the asserted patents must enable the accused devices, because that testimony applies the wrong legal standard and is in direct contradiction to the Court's holding that the law does not require a patent to describe and enable an accused device. D.I. 247 at 12–13 ("The Asserted Patents need not describe and enable the accused device."). Aptiv recently confirmed its intent to elicit such ill-founded testimony from its expert, Mr. Garney at trial. But Mr. Garney's written description and enablement analysis does not mention the claimed "USB multi-host device" or any element of the asserted claims that must be described and enabled. Instead, Mr. Garney's report focuses solely on whether the *accused device* is described or enabled by the asserted patents. Such testimony is not relevant to any issue in this case, and is prejudicial because it would be confusing to the jury to hear evidence based on the wrong legal standard.

## II.    BACKGROUND

Aptiv moved for summary judgement of invalidity. D.I. 186. Aptiv argued that if the claims are read to encompass the accused devices, which include a host-to-host bridge, then the patents cannot satisfy the written description and enablement requirements. D.I. 187 at 29–30 ("The Asserted Patents do not contemplate or mention host-to-host communication, and do not mention the word 'bridge' anywhere.").

The Court denied Aptiv's motion. D.I. 246. In denying the motion, the Court recognized the asserted patents claim "a USB Multi-Host device," and thus, "must describe and enable a multi-host USB device and a method for sharing a device between multiple hosts." D.I. 247 at 12–13. The Court also rejected Aptiv's argument that the Asserted Patents must enable the accused device: "The Asserted Patents need not describe and enable the accused device." *Id.* at 13.

1

### III. THE COURT SHOULD PRECLUDE TESTIMONY RELATED TO DESCRIBING OR ENABLING THE ACCUSED HOST-TO-HOST BRIDGE

As the Court correctly held, written description and enablement are based on whether a patent describes and enables the full scope of the claimed invention, not an accused device. *See id.* (citing *Epistar Corp. v. Int'l Trade* Comm'n, 566 F.3d 1321, 1336 (Fed. Cir. 2009)); *see also* 35 U.S.C. § 112 ("The specification shall contain a written description of the ***invention*** . . .") (emphasis added).

Undaunted by the Court's ruling and the law of the case, Aptiv intends to present expert testimony of Mr. Garney regarding enablement and written description. (Ex. A, March 16, 2022 email from E. Wiener). Mr. Garney's opinions in his expert report—to which he is limited—however, only relate to describing and enabling the *accused device* rather than the claimed invention. Notably, Mr. Garney's opinions relating to written description and enablement do not discuss *any* elements of the patent claims. Instead, Mr. Garney looks at Microchip's infringement contentions for the devices accused of infringement and opines as to whether those accused devices are described and enabled in the asserted patents. *See* Garney Report ¶ 357 (Ex. B). ("Microchip's infringement contentions take the position that the claims of the '243 and '708 Patents cover a host-to-host bridge . . ."). As such, any testimony of Mr. Garney would be in direct conflict with the unequivocal case law and the law of this case, i.e., the Court's holding that "[t]he Asserted Patents need not describe and enable the accused device." D.I. 247 at 13.

Specifically, paragraphs 356–377 of Mr. Garney's report relate to describing and enabling the accused product, which Mr. Garney describes as a "host-to-host bridge that facilitates communications between two USB hosts (an Apple iPhone and an automobile head unit)" or

2

simply a "host-to-host bridge."[1] *E.g.,* Garney Report ¶ 357 (Ex. B). Microchip moves to preclude Mr. Garney from providing testimony based on the following paragraphs of his report, which exclusively relate to describing and enabling an accused "host-to-host bridge" rather than the claimed "USB multi-host device":

- 356–357: Microchip accuses a "host-to-host bridge" of infringement, but does not describe or enable the accused "host-to-host bridge."
- 358: The patents do not describe or enable hosts communicating with each other (i.e., a host-to-host bridge).
- 359–360: The prior art disclosed during prosecution does not relate to the accused "host-to-host bridge."
- 361: The "accused products" include hardware and firmware beyond what is described and claimed.
- 362–363: The accused "host-to-host bridging" is not described or taught in the Asserted Patents, but is described in other patents.
- 364: The inventors did not possess what Microchip is accusing of infringement (i.e., did not possess the accused device).
- 365–366: The iPhone and CarPlay post-date the patents so the patents cannot describe or enable the accused devices that operate with iPhone and CarPlay.
- 367–373: Microchip allegedly did not understand the accused devices so it could not describe or enable the accused devices.
- 374: A person of ordinary skill could not have developed Aptiv's accused products without "experimentation" and technical development significantly beyond what is disclosed in Microchip's patents.[2]
- 375–377: It took Microchip time and money to develop a "host-to-host bridge" similar to the accused products.

Garney Report ¶¶ 356–377 (Ex. B).

As the Court noted, the Asserted Patents claim a "USB Multi-Host device" and "must describe and enable a multi-host USB device and a method of sharing a device between multiple hosts." D.I. 247 at 12–13. Mr. Garney does not mention the claimed "USB multi-host device" or

---

[1] Microchip does not agree with Mr. Garney's characterization of the accused devices but uses Mr. Garney's nomenclature for the purposes of this motion.
[2] Applying a second incorrect legal standard—the test is "undue" experimentation.

3

any of the elements of the asserted claims that must be described and enabled, and his testimony regarding the accused host-to-host bridge is irrelevant to determining written description and enablement. The law of the case precludes Aptiv from presenting such ill-founded testimony.

### IV. TESTIMONY THAT THE PATENTS DO NOT DESCRIBE OR ENABLE AN ACCUSED DEVICE IS IRRELEVANT AND CONFUSING.

Federal Rules of Evidence ("FRE") 402 and 403 preclude Mr. Garney from testifying that the asserted patents fail to describe or enable an accused product. The law requires a patentee to describe and enable the claimed invention not the accused device. Any testimony related to describing and enabling an accused device, such as a host-to-host bridge or an iPhone, is irrelevant to the written description or enablement requirements (and any other legal issue) and thus, is precluded by FRE 402.

Furthermore, testimony about the description and enablement of an accused device is unduly prejudicial as confusing to the jury. *See Amgen Inc. v. Sanofi*, C.A. No. 14-1317-RGA, 2019 U.S. Dist. LEXIS 234529, at *10 (D. Del. Feb. 14, 2019) (excluding "competitor development evidence" regarding Defendants' own products under FRE 402 based on relevance and FRE 403 because it was potentially misleading to the jury). The written description and enablement law often refers to "the full scope of the claimed invention" or "full scope of coverage." *See, e.g., Magsil Corp. v. Hitachi Global Storage Techs., Inc.*, 687 F.3d 1377, 1380-81 (Fed. Cir. 2012). At the same time, accused devices that incorporate the claimed invention and add other elements are also referred to as being within the scope of the claims. *See, e.g., Genentech, Inc. v. Chiron Corp.*, 112 F.3d 495, 501 (Fed. Cir. 1997) ("'Comprising' is a term of art used in claim language which means that the name elements are essential, but other elements may be added and still form a construction within the scope of the claim."). Thus, "scope" has different meanings in different contexts. With respect to enablement and written description, enabling the scope of the

4

invention refers to the scope of the claims as construed, not to enabling and describing an accused product. D.I. 247 at 13; *see also Energy Transp. Group, Inc. v. William Demant Holding A/S*, 697 F.3d 1342, 1350 (Fed. Cir. 2012) ("[T]he specification … provides adequate written description to support the full scope of the claims as construed."). For infringement, however, the "scope of the invention" may—as here—include the accused products. *See Genentech*, 112 F.3d at 501.

In this case, the asserted patents claim a USB multi-host device. Aptiv incorporates the patented USB multi-host device into a bridge that Aptiv calls a host-to-host bridge, and the host-to-host bridge is incorporated into a USB hub chip called Boston. For the purposes of enablement and written description, the patents need only describe and enable the full scope of the *claims* (i.e., a USB multi-host device). The Patents do not need to describe or enable the accused products (including Aptiv's host-to-host bridge or the Boston chip). To avoid confusing the jury as to these concepts and the correct legal standard for enablement and written description, Aptiv's proposed expert testimony from Mr. Garney must be precluded. And likewise, Mr. Garney is precluded under Fed. R. Civ. P. 26(a)(2) from testifying under the correct legal standard because such testimony would be beyond his expert report.

## V. CONCLUSION

Mr. Garney's testimony related to describing and enabling an accused device is based on a flawed legal theory that has been expressly rejected by the Court in this case. D.I. 247 at 13 ("The Asserted Patents need not describe and enable the accused device."). The law of the case dictates that Mr. Garney is precluded from providing ill-founded testimony relating to describing and enabling the accused product including his opinions set forth in Paragraphs 356–377 of his report.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | SHAW KELLER LLP |
|  | */s/ Andrew E. Russell* |
|  | John W. Shaw (No. 3362) |
|  | Andrew E. Russell (No. 5382) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | I.M. Pei Building |
|  | 1105 North Market Street, 12th Floor |
|  | Wilmington, DE 19801 |
| OF COUNSEL: | (302) 298-0700 |
| Bruce W. Slayden II | jshaw@shawkeller.com |
| Brian C. Banner | arussell@shawkeller.com |
| R. William Beard, Jr. | nhoeschen@shawkeller.com |
| Truman H. Fenton | *Attorneys for Plaintiff* |
| Darryl J. Adams |  |
| SLAYDEN GRUBERT BEARD PLLC |  |
| 401 Congress Ave., Suite 1650 |  |
| Austin, TX 78701 |  |
| (512) 402-3550 |  |

Dated: March 22, 2022