IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF'S MOTION REGARDING THE COURT'S
<u>PRIOR ART ESTOPPEL ORDER (D.I. 246)</u>**

The Court's Order on estoppel is clear: Defendant Aptiv is estopped from arguing "[o]bviousness based on Dickens, ***in combination with other written prior art***." D.I. 246 at 1 (emphasis added). Despite this Order, Aptiv recently identified its invalidity theories to include "[o]bviousness based on Dickens and [certain product art], ***in light of the state of the art at the time***"—and intends to present many of the ***same*** written references the Court excluded as "state of the art" references in conjunction with Dickens. In other words, Aptiv attempts to circumvent the Court's order by back-dooring the obviousness combinations the Court estopped it from presenting. Accordingly, Plaintiff Microchip moves the Court to prevent Aptiv from pursuing invalidity theories in violation of the Court's Order.

Pursuant to L.R. 7.1.1, the undersigned counsel states that reasonable efforts have been made to resolve this motion. Aptiv opposes the relief sought, but stipulated to the filing of the motion and to a briefing schedule so that the briefing can be completed in advance of the pretrial conference, currently set for April 4, 2022. D.I. 341.

For its motion, Microchip waives its opening brief and states as follows:

1. Microchip filed suit against Aptiv in 2016 in the U.S. District Court for the District of Arizona. Aptiv availed itself of the *inter partes* review (IPR) process to challenge Microchip's asserted patents at the Patent Office and was granted a stay of this case to permit the IPRs to proceed. D.I. 245 at 2–3.

2. The quid pro quo of filing its IPRs was to forgo relitigating any invalidity ground it raised or could have raised in the IPR proceedings, which included all of the written documents Aptiv's trial team has identified as prior art. After the IPR trials completed, Microchip moved for summary judgment to enforce the estoppel provisions of 35 U.S.C. § 315(e)(2) by excluding Aptiv's invalidity grounds based on written prior art. *Id.* at 3.

3. The Court granted Microchip's motion in part ordering Aptiv cannot rely on the Dickens printed prior art in combination with other written prior art:

> [P]ursuant to 35 U.S.C. § 315(e)(2), Defendant Aptiv Services US, LLC, is estopped from asserting the following invalidity arguments:
>
> A. Obviousness based on Dickens, ***in combination with other written prior art***, but not in combination with physical device prior art US-98/Belkin;

D.I. 246 at 1 (emphasis added). In the Court's memorandum accompanying the Order, the Court specifically addressed eight written prior art references that Aptiv raised in its IPRs, knew about but did not raise in its IPRs, or reasonably could have located in time to raise in its IPRs. D.I. 245 at 2–3.

4. Aptiv's March 4, 2022 Notice of Prior Art Under 35 U.S.C. § 282 identifies a list of written prior art Aptiv identifies as "showing the state of the art," including five of the same estopped references and four additional written prior art references. Ex. A at 2.

5. Aptiv's Notice of Prior Art also identifies physical products alleged to be prior art including the "US-98 USB Auto Share Switch 4x4 ('US-98')" and "Belkin 4x4 USB Peripheral Switch ('Belkin')." *Id.* at 1.

6. Aptiv's March 9, 2022 email narrowing its invalidity theories elected the following theories:

> 1. Obviousness based on ***Dickens*** and the US-98 system, ***in light of the state of the art at the time***
>
> 2. Obviousness based on ***Dickens*** and the Belkin system, ***in light of the state of the art at the time***

Ex. B (emphasis added). Thus, Aptiv intends to present obviousness challenges based on Dickens in combination with some or all of the nine written "state of the art" references listed in its Notice of Prior Art.

7. Aptiv's invalidity theories related to obviousness are effectively Dickens and US-98/Belkin and "other written prior art" (referred to as "state of the art" written references), which is precisely what the Court's Order on Estoppel prohibits.  D.I.  246 at 1.

8. Microchip raised this concern with Aptiv on March 15, 2022:

> Aptiv's first two defenses identify Dickens and US-98/Belkin plus the "state of the art." ***As you are aware, Judge Wolson's July 28, 2020 order (Dkt. 246) estops Aptiv from asserting Dickens with "other written prior art."*** Aptiv's inclusion of "other written prior art" under the guise of "state of the art" appears to be an attempt to circumvent that order.  Indeed the "materials … showing the state of the art" identified in Aptiv's 282 notice include the same references Judge Wolson found to be estopped, including: 1) references Aptiv used during the IPR (USB 2.0, USB Design by Example, USB Complete), 2) references Aptiv admits it knew about at the time of the IPR (USB 1.0, USB 2.0 Transceiver Microcell Interface); and 3) references Aptiv admits it could have located based on a reasonable search (Prolific).

Ex. C (emphasis added).

9. Aptiv responded with a concession that it has no intent of relying on "other written prior art" to prove any claim element was known in the art:

3

> The Court's estoppel order precludes Aptiv from asserting an obviousness defense based on a combination of Dickens and other written prior art, and Aptiv has no intention of doing so. Dickens is the only written prior art Aptiv will rely on at trial to show that any claim element was known in the art. To the extent that any other documents are referenced, they will not be used to supply a missing claim limitation.

Ex. D.

10. Taking Aptiv at its word, Microchip agreed to drop the issue if Aptiv would sign a stipulation with the same language in Aptiv's response:

> The parties hereby stipulate and agree that Dickens is the only written prior art reference (as opposed to prior art products or systems) which Defendant Aptiv Services US, LLC will rely on at trial to supply any claim element. To the extent that any other prior art documents are referenced, they may not be used to supply a missing claim limitation.

Ex. E.

11. Aptiv refused to stipulate to the position advanced in its email unless Microchip stipulated to Aptiv's use of the estopped documents for other purposes: "***other prior art documents . . . may be used to explain how a Person of Ordinary Skill in the Art would understand Dickens***." Ex. F (emphasis added).

12. Aptiv's expert report did not discuss any of these other written references as "state of the art" references. Instead, they were only used as obviousness combinations which the Court excluded in its order. Aptiv's new assertion of invalidity theories regarding Dickens in combination with "state of the art" written references is nothing more than a way to circumvent the Court's estoppel order.

13. Whether it characterizes references as being "combined" with Dickens or "explaining" Dickens, presenting written prior art with Dickens would allow Aptiv to use the nine estopped "state of the art" references to fill in the missing claim limitations in violation of this Court's Estoppel Order (D.I. 246).

4

14. Aptiv should be held to this Court's Order and its obligations under the quid pro quo that allowed it to pursue an invalidity challenge before the Patent Office with a lower burden of proof.

WHEREFORE, Microchip respectfully requests that the Court instruct Aptiv to follow its clear order and restrict Aptiv's obviousness grounds to:

1) Dickens in combination with US-98; and

2) Dickens in combination with Belkin.

|  |  |
|---|---|
|  | /s/ Andrew E. Russell |
|  | John W. Shaw (No. 3362) |
|  | Andrew E. Russell (No. 5382) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| Bruce W. Slayden II | 1105 North Market Street, 12th Floor |
| Brian C. Banner | Wilmington, DE 19801 |
| R. William Beard, Jr. | (302) 298-0700 |
| Truman H. Fenton | jshaw@shawkeller.com |
| Darryl J. Adams | arussell@shawkeller.com |
| Joseph D. Gray | nhoeschen@shawkeller.com |
| SLAYDEN GRUBERT BEARD PLLC | *Attorneys for Plaintiff* |
| 401 Congress Ave., Suite 1650 |  |
| Austin, TX 78701 |  |
| (512) 402-3550 |  |

Dated: March 24, 2022