# Exhibit C

# Truman Fenton

| | |
|---|---|
| **From:** | Darryl Adams |
| **Sent:** | Tuesday, March 15, 2022 4:53 PM |
| **To:** | ewiener@durietangri.com; Service-Apti@durietangri.com |
| **Cc:** | AptivTrialAttorneys |
| **Subject:** | Designation of Invalidity Defenses |

Eric,

We received Aptiv's designation of invalidity defenses and want to address several issues.

Aptiv's first two defenses identify Dickens and US-98/Belkin plus the "state of the art." As you are aware, Judge Wolson's July 28, 2020 order (Dkt. 246) estops Aptiv from asserting Dickens with "other written prior art." Aptiv's inclusion of "other written prior art" under the guise of "state of the art" appears to be an attempt to circumvent that order. Indeed the "materials … showing the state of the art" identified in Aptiv's 282 notice include the same references Judge Wolson found to be estopped, including: 1) references Aptiv used during the IPR (USB 2.0, USB Design by Example, USB Complete), 2) references Aptiv admits it knew about at the time of the IPR (USB 1.0, USB 2.0 Transceiver Microcell Interface); and 3) references Aptiv admits it could have located based on a reasonable search (Prolific). Still further, Aptiv's expert, Mr. Garney, does not discuss any of these references as "state of the art." Instead, Mr. Garney includes the references as part of obviousness combinations that he is estopped from raising. Please confirm Aptiv will limit its prior art invalidity defenses to 1) Dickens and US-98 and 2) Dickens and Belkin in accordance with Judge Wolson's order, and will not present "state of art" references during trial.

Aptiv's indefiniteness and enablement defenses are also precluded by the Court's orders. As held by the Court, Mr. Garney's opinions regarding indefiniteness and enablement are based on the erroneous legal premise that the patent must "describe and enable the accused device" rather than the claimed invention. Dkt. 247 at 13. Mr. Garney's report never mentions the recited claim elements, let alone provide an opinion that the claim elements are not described or enabled. In order to present an enablement or indefiniteness defense, Aptiv either needs to present the same legally erroneous premises to the jury (i.e., (1) the patents must enable a host-to-host bridge that facilitates communication between an Apple iPhone and a head unit - Garney Rpt. at 357 or (2) basing 112 challenges on a hypothetical claim construction rather than the court construction - Garney Rpt. at 356), or needs to elicit testimony outside the scope of Mr. Garney's report—none of which is permissible. Please confirm Aptiv will withdraw its legally erroneous indefiniteness and enablement defenses.

If Aptiv will not agree to narrow its invalidity contentions as discussed above, please let us know when you are available to meet and confer.

Regards,
Darryl