# Exhibit F

**Truman Fenton**
___

| | |
|---|---|
| **From:** | Eric Wiener <EWiener@durietangri.com> |
| **Sent:** | Monday, March 21, 2022 5:23 PM |
| **To:** | Andrew Russell; Darryl Adams |
| **Cc:** | provner@potteranderson.com; Choa, Jonathan A.; John Shaw; SERVICE-APTIV; SGB Litigation; Brian Banner |
| **Subject:** | RE: Designation of Invalidity Defenses |
| **Attachments:** | 2022.03.17 DRAFT Stipulation Regarding Prior Art References.DOC |

Darryl and Andrew,

Attached please find Aptiv's proposed edits to the stipulation you proposed. Please let me know if this version is acceptable to Microchip.

Regarding Microchip's motion for leave to file an additional motion *in limine*, Aptiv intends to oppose that motion, and expects that Microchip will explicitly note that fact in its motion. As to the timing for Aptiv's response, Aptiv proposes the following (which is in line with what we discussed today):

- Aptiv will file its opposition to Microchip's motion for leave by Monday, March 28.
- If the Court grants Microchip's motion for leave, Aptiv will file its opposition to Microchip's sixth motion *in limine* on the later of: (1) Monday, March 28 or (2) one business day after the Court grants Microchip's motion for leave.

Please let me know if Microchip agrees with this proposed schedule.

Regards,

Eric


Eric Wiener (he/him) | Durie Tangri LLP | ewiener@durietangri.com | 415-376-6408

___

**From:** Andrew Russell <arussell@shawkeller.com>
**Sent:** Monday, March 21, 2022 2:03 PM
**To:** Eric Wiener <EWiener@durietangri.com>; Darryl Adams <dadams@sgbfirm.com>
**Cc:** provner@potteranderson.com; Choa, Jonathan A. <jchoa@potteranderson.com>; John Shaw <jshaw@shawkeller.com>; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>; SGB Litigation <litigation@sgbfirm.com>; Brian Banner <bbanner@sgbfirm.com>
**Subject:** RE: Designation of Invalidity Defenses

Hi Eric,

Following up on the meet and confer this morning, has Aptiv had a chance to circle back regarding whether it will oppose the motion for leave & the briefing schedule?

Thank you,

Andrew E. Russell
Shaw Keller LLP

I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0704

Visit ipde.com for updates about IP litigation and the District of Delaware.

---

**From:** Eric Wiener <EWiener@durietangri.com>
**Sent:** Friday, March 18, 2022 12:30 PM
**To:** Darryl Adams <dadams@sgbfirm.com>
**Cc:** provner@potteranderson.com; Choa, Jonathan A. <jchoa@potteranderson.com>; John Shaw <jshaw@shawkeller.com>; Andrew Russell <arussell@shawkeller.com>; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>; SGB Litigation <litigation@sgbfirm.com>; Brian Banner <bbanner@sgbfirm.com>
**Subject:** RE: Designation of Invalidity Defenses

Darryl,

We are considering the stipulation you sent and will respond on it by separate cover.

Regarding the 112 issue, Mr. Garney will not purport to apply any legal standard, but instead will provide foundational testimony for the jury in making its determination on enablement and written description. Aptiv expects it will oppose Microchip's motion, which seeks a belated sixth motion *in limine* to exclude our technical expert's opinions on half of the remaining invalidity defenses just over two weeks before trial. We are available to meet and confer with your regarding your proposed motion on Monday at 11:00 E.T.

Regards,

Eric


Eric Wiener (he/him) | Durie Tangri LLP | ewiener@durietangri.com | 415-376-6408

---

**From:** Darryl Adams <dadams@sgbfirm.com>
**Sent:** Thursday, March 17, 2022 6:05 PM
**To:** Eric Wiener <EWiener@durietangri.com>
**Cc:** provner@potteranderson.com; Choa, Jonathan A. <jchoa@potteranderson.com>; John Shaw <jshaw@shawkeller.com>; arussell@shawkeller.com; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>; SGB Litigation <litigation@sgbfirm.com>; Brian Banner <bbanner@sgbfirm.com>
**Subject:** RE: Designation of Invalidity Defenses

Eric,

Thank you for the clarification that Dickens is the only written prior art reference on which Aptiv will rely at trial to show that any claim element was known in the art. If Aptiv is willing to sign the attached stipulation to that effect, we can move on.

On the Section 112 defenses (written description and enablement), Microchip plans to file a motion for leave to file an additional MIL. The MIL will ask the Court to exclude Mr. Garney's testimony related to describing and enabling the accused products (as opposed to the claimed invention), which the Court held is the wrong legal standard. Dkt. 247 at 13 ("The Asserted Patents need not describe and enable the accused device.").

On the motion for leave, we believe good cause exists because Aptiv added jury instructions related to Section 112 defenses after the MIL deadline.  Based on the court's clear order and the absence of any jury instructions, Microchip served jury instructions without Section 112 defenses because Microchip believed in good faith that Section 112 defenses were not in play as of the MIL deadline.  Microchip is glad to discuss any reasonable accommodations to address Aptiv's concerns about timing.

We are available to meet and confer tomorrow noon-2:30 pm ET or Monday 10-11:30 am ET.

Best regards,
Darryl

**From:** Eric Wiener <EWiener@durietangri.com>
**Sent:** Wednesday, March 16, 2022 3:37 PM
**To:** Darryl Adams <dadams@sgbfirm.com>
**Cc:** provner@potteranderson.com; Choa, Jonathan A. <jchoa@potteranderson.com>; John Shaw <jshaw@shawkeller.com>; arussell@shawkeller.com; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>; SGB Litigation <litigation@sgbfirm.com>
**Subject:** RE: Designation of Invalidity Defenses

Darryl,

Aptiv will not be limiting or withdrawing any of the four invalidity defenses it identified last week pursuant to the parties' agreement on narrowing.

The Court's estoppel order precludes Aptiv from asserting an obviousness defense based on a combination of Dickens and other written prior art, and Aptiv has no intention of doing so.  Dickens is the only written prior art Aptiv will rely on at trial to show that any claim element was known in the art.  To the extent that any other documents are referenced, they will not be used to supply a missing claim limitation.

As to Section 112, Microchip did not move for summary judgment of no invalidity and the Court's finding that the relevant evidence was disputed does not preclude Aptiv from presenting written description or enablement theories at trial.  To the extent Microchip believed Mr. Garney's theories to be "legally erroneous," the proper remedy was to move to exclude his testimony via a *Daubert* motion or some other motion *in limine*.  Microchip did not do so, and the time to file such a motion has passed.

Unless Microchip intends to move on some other grounds, we don't see any purpose to be served by a meet and confer.  If Microchip does plan to file a motion, please let us know what the motion is and what the requested relief would be.

Regards,

Eric


Eric Wiener (he/him) | Durie Tangri LLP | ewiener@durietangri.com | 415-376-6408

**From:** Darryl Adams <dadams@sgbfirm.com>
**Sent:** Tuesday, March 15, 2022 2:55 PM
**To:** Eric Wiener <EWiener@durietangri.com>; SERVICE-APTIV <SERVICE-APTIV@durietangri.com>
**Subject:** FW: Designation of Invalidity Defenses

Eric – I am resending with the correct group email address.

Darryl

---

**From:** Darryl Adams
**Sent:** Tuesday, March 15, 2022 3:53 PM
**To:** ewiener@durietangri.com; Service-Apti@durietangri.com
**Cc:** AptivTrialAttorneys <AptivTrialAttorneys@sgbfirm.com>
**Subject:** Designation of Invalidity Defenses

Eric,

We received Aptiv's designation of invalidity defenses and want to address several issues.

Aptiv's first two defenses identify Dickens and US-98/Belkin plus the "state of the art." As you are aware, Judge Wolson's July 28, 2020 order (Dkt. 246) estops Aptiv from asserting Dickens with "other written prior art." Aptiv's inclusion of "other written prior art" under the guise of "state of the art" appears to be an attempt to circumvent that order. Indeed the "materials … showing the state of the art" identified in Aptiv's 282 notice include the same references Judge Wolson found to be estopped, including: 1) references Aptiv used during the IPR (USB 2.0, USB Design by Example, USB Complete), 2) references Aptiv admits it knew about at the time of the IPR (USB 1.0, USB 2.0 Transceiver Microcell Interface); and 3) references Aptiv admits it could have located based on a reasonable search (Prolific). Still further, Aptiv's expert, Mr. Garney, does not discuss any of these references as "state of the art." Instead, Mr. Garney includes the references as part of obviousness combinations that he is estopped from raising. Please confirm Aptiv will limit its prior art invalidity defenses to 1) Dickens and US-98 and 2) Dickens and Belkin in accordance with Judge Wolson's order, and will not present "state of art" references during trial.

Aptiv's indefiniteness and enablement defenses are also precluded by the Court's orders. As held by the Court, Mr. Garney's opinions regarding indefiniteness and enablement are based on the erroneous legal premise that the patent must "describe and enable the accused device" rather than the claimed invention. Dkt. 247 at 13. Mr. Garney's report never mentions the recited claim elements, let alone provide an opinion that the claim elements are not described or enabled. In order to present an enablement or indefiniteness defense, Aptiv either needs to present the same legally erroneous premises to the jury (i.e., (1) the patents must enable a host-to-host bridge that facilitates communication between an Apple iPhone and a head unit - Garney Rpt. at 357 or (2) basing 112 challenges on a hypothetical claim construction rather than the court construction - Garney Rpt. at 356), or needs to elicit testimony outside the scope of Mr. Garney's report—none of which is permissible. Please confirm Aptiv will withdraw its legally erroneous indefiniteness and enablement defenses.

If Aptiv will not agree to narrow its invalidity contentions as discussed above, please let us know when you are available to meet and confer.

Regards,
Darryl

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) ) |
| Defendant. | ) |

**STIPULATION REGARDING PRIOR ART**

The parties hereby stipulate and agree, ~~subject to the approval of the Court,~~ that Dickens is the only written prior art <u>reference (as opposed to prior art products or systems)</u> ~~on~~ which Defendant Aptiv Services US, LLC will ~~rely~~ <u>rely on at</u> trial ~~to show that~~<u>to supply</u> any claim element ~~was known in the art~~. To the extent that any other prior art documents are referenced, they may not be used to supply a missing claim limitation<u>, but may be used to explain how a Person of Ordinary Skill in the Art would understand Dickens or the system prior art on which Aptiv relies</u>.

Both parties preserve all other rights including the right to object to any alleged prior art and state of the art references.


/s/      Draft            
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700

/s/ Draft                              
Philip A. Rovner (No. 3215)
Jonathan A. Choa (No. 5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com

| | |
|---|---|
| jshaw@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiff* | jchoa@potteranderson.com<br>*Attorneys for Defendant* |

Dated: <u>March 24, 2022</u><s>March 21, 2022</s><s>March 21, 2022</s><s>March 21, 2022</s><s>March 18, 2022</s><s>March 17, 2022</s>

2

Case 1:17-cv-01194-JDW   Document 342-7   Filed 03/24/22   Page 8 of 8 PageID #: 14240

3

IT IS SO ORDERED, this ___ day of March, 2022.

                                                                         Unites States District Judge