# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 17-01194-JDW |
| | ) |
| APTIV SERVICES US, LLC, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT APTIV SERVICES US, LLC'S OPPOSITION TO PLAINTIFF MICROCHIP'S MOTION IN LIMINE NO. 6

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
(415) 362-6666

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

Dated:  March 31, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER  ANDERSON  &  CORROON  LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Aptiv Services US, LLC*

Microchip moves to preclude Aptiv's expert from testifying about written description and enablement on the theory that he intends to opine that the asserted claims are invalid because the patents fail to describe or enable the accused product. D.I. 340 ("Pl. MIL 6") at 1. That is not what Mr. Garney will say. Instead, he will explain *first* that the accused device does not infringe because two hosts do not share the same USB function block via a "multi-host device controller," as required. Instead, two hosts communicate with one another via a "host-to-host bridge," with each host communicating through its own device such that the two hosts do not share a USB function block. *Second*, he will explain that if Microchip is correct that the claims encompass such a bridge, the claims fail the written description and enablement requirements of § 112.

These arguments are entirely consistent with the law of § 112, which requires that the claims be read the same way for infringement and invalidity, and that the patentee must provide in the specification an enabling disclosure commensurate with the scope of those claims. Nor are these arguments in any way foreclosed by the Court's summary judgment ruling, in which the Court declined to hold that the claims fail § 112 as a matter of law, in part because whether Microchip's infringement theory is viable (and thus whether or not Aptiv's § 112 theory is in play) is a matter for the jury. *See* D.I. 247 at 11-13. The jury is entitled to conclude that if the claims are broad enough to encompass the accused product, as Microchip contends, then the specification fails to provide sufficient disclosure to describe or enable the claims' full scope, as the law requires.

    **A.**    **Section 112 Requires Written Description and Enablement for the Full Scope of the Claims.**

As Microchip acknowledges, "written description and enablement are based on whether a patent describes and enables *the full scope of the claimed invention*." Pl. MIL 6 at 2 (emphasis added). Thus, where a claim is drawn broadly to encompass multiple embodiments, the specification must convince a person of ordinary skill in the art that the inventor had possession

of the full scope of the invention across the range of those embodiments and enable such a person to make and use that full scope of the invention as claimed without undue experimentation. *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005). The Federal Circuit has repeatedly held invalid claims that cover a broad range of embodiments but describe and enable only a fraction of the territory they cover. *Id.* (claims "directed to creating a seamless array of [digital wavelet transform] coefficients generically" invalid where specification teaches only one method of doing so and one of skill in the art "would not understand how to make a seamless DWT generically and would not understand LizardTech to have invented a method for" doing so except as described); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007) (where "the asserted claims read on, and the full scope of the claimed invention includes, an injector system with and without a pressure jacket," claims lack § 112 support if they fail to enable both); *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 999 (Fed. Cir. 2008) (where claims to integrating a user's audio signal or visual image into pre-existing media was construed to encompass application to both video games and movies, they lack § 112 support if specification fails to enable both embodiments); *ICU Med., Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368, 1378 (Fed. Cir. 2009) ("ICU's asserted spikeless claims . . . refer to medical valves generically—covering those valves that operate with a spike and those that operate without a spike. But the specification describes only medical valves with spikes. . . . Based on this disclosure, a person of skill in the art would not understand the inventor . . . to have invented a spikeless medical valve.").

It is also true that the patent need not describe or enable **the accused device** in all of its particulars—in other words, the accused device may "incorporate the claimed invention and add other elements," and those additional elements extrinsic to the claimed invention need not be enabled or described. Pl. MIL 6 at 4. But that does not relieve the patentee of the obligation to

2

provide § 112 support across the scope of *the claimed invention*. In other words, characteristics of the accused product are relevant to the § 112 analysis insofar as the claims are construed broadly enough to read on those characteristics (as opposed to the accused product's additional features not alleged to be part of the invention). At that point, written description and enablement support in the specification must be sufficient to support the breadth of the invention asserted by the patentee. *Liebel-Flarsheim Co.*, 481 F.3d at 1380 ("The irony of this situation is that Liebel successfully pressed to have its claims include a jacketless system, but, having won that battle, it then had to show that such a claim was fully enabled, a challenge it could not meet."); *Sitrick*, 516 F.3d at 1000 (where plaintiff accused product allowing users to add their own voice to existing movies and successfully pressed claim construction broad enough to cover both movies and video games, § 112 inquiry properly focused on whether both were enabled); *Rivera v. ITC*, 857 F.3d 1315, 1319 (Fed. Cir. 2017) (noting that "[b]oth parties analyze[d] the written description issue under the assumption that the asserted claims read on Solofill's [accused] containers," and concluding that "written description support for broad claims covering a receptable with integrated filter such as Solofill's accused products and Rivera's Eco-Fill products is lacking."); *AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1301 (Fed. Cir. 2014) (finding that, while the patents "need not describe the allegedly infringing [product] in exact terms," it must nevertheless "at least describe some species representative of antibodies that are structurally similar to [the accused product]."); *cf. Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("[C]laims are construed the same way for both invalidity and infringement.").

    **B.**    **Mr. Garney's Opinion Properly Addresses Full-Scope Written Description and Enablement.**

Each claim asserted by Microchip requires a "USB multi-host device" that comprises a

3

"USB device block" (or "USB function block" or a "USB device/function block") that can be coupled to two hosts, and a device controller that enables the hosts to share the same device or function block. In his non-infringement report, Mr. Garney opines that the accused device does not infringe because it does not contain a "USB device block" that can be shared by two hosts. Mr. Garney writes: "There is no such shared USB device or function in the Accused Products. Aptiv's Dual Role Hub allows communications between the Head Unit and iPhone (which functions, in CarPlay mode after role reversal, as a second host). The Dual Role Hub does not allow the Head Unit and iPhone both to host any given device or function. No USB device or device block performing a single function is shared, as these patents require." Ex. 1 at ¶ 164. By contrast, Microchip's expert opines that the Aptiv device "provid[es] a 'bridge' function designed to allow data to flow between the two hosts" and that the "bridge function" is a single device or function block. Zatkovich Reply ¶ 42.

Mr. Garney's invalidity report, to which Microchip's motion *in limine* is addressed, makes the point that the patents' specification does not enable or describe a "USB device" or "device block" that is a bridge that connects two hosts and allows them to communicate with one another (rather than a peripheral that the two hosts can share). Microchip argues that this testimony is improper because Mr. Garney's opinions "exclusively relate to describing and enabling an accused 'host-to-host bridge' rather than the claimed 'USB multi-host device.'" Pl. MIL 6 at 3. But Microchip asserts that the claim requirement of a USB multi-host device can be satisfied by a host-to-host bridge and must therefore show that this purported claim scope is enabled and described. Mr. Garney's proffered testimony is precisely the sort of analysis undertaken in *Liebel-Flarsheim*, 481 F.3d at 1380, *Sitrick*, 516 F.3d at 999, and *AbbVie,* 759 F.3d at 1301: given the breadth of the claim as asserted by the plaintiff for purposes of infringement, does the specification contain

4

sufficient § 112 support?  Further, that Mr. Garney's report does not expressly tie his opinion to specific claim limitations does not make his testimony impermissible.  Pl. MIL 6 at 2.  There is nothing improper about an expert opining on foundational issues underlying the ultimate legal issue without offering a conclusion as to the outcome of the ultimate issue itself, as Mr. Garney's report expressly states he was asked to do.  Ex. 2 at ¶ 352.

### C. Mr. Garney's Opinion Accords with the Court's Summary Judgment Order

Aptiv moved for summary judgment that the claims lacked sufficient § 112 support as a matter of law.  The Court denied that motion in part because whether Microchip's infringement theory is valid—and thus whether or not Aptiv's § 112 invalidity argument is applicable—was a matter for the jury.  The Court wrote that "Aptiv's argument rests on its own assumption that the patents cannot be read the way that Microchip proposes," an argument that the Court "rejected . . . in ruling on Aptiv's estoppel motion," D.I. 247 at 12, where it previously held as follows:

> Aptiv should have anticipated that Microchip would seek the broadest possible reading of its own patents.  If Aptiv is correct that Microchip is reading the Asserted Patents too broadly, it can make that argument to a jury when the parties argue about infringement.  The Court will not accept it as a matter of law.

D.I. 245 at 7.  Thus, "Microchip has offered evidence that the Asserted Patents" describe and enable what is claimed even if they do not describe the accused device exactly, and "Aptiv has not presented undisputed clear and convincing evidence" that the Asserted Patents fail to do so as a matter of law.  D.I. 247 at 12-13.  In other words, the Court found that a genuine issue of material fact precludes summary resolution, and that the parties' § 112 dispute should go to the jury.

That is precisely what will happen.  The jury will evaluate Microchip's infringement theory and Aptiv's invalidity arguments in view of it.  Microchip presents no legitimate reason to exclude Mr. Garney's testimony.

|  |  |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Daralyn J. Durie<br>Timothy Saulsbury<br>Eric C. Wiener<br>Joyce C. Li<br>DURIE TANGRI LLP<br>217 Leidesdorff St.<br>San Francisco, CA 94111<br>(415) 362-6666<br><br>W. Henry Huttinger<br>Andrew T. Jones<br>DURIE TANGRI LLP<br>953 East 3rd Street<br>Los Angeles, CA  90013<br>(213) 992-4499<br><br>Dated: March 31, 2022<br>10090161 | By: */s/ Philip A. Rovner*<br>     Philip A. Rovner (#3215)<br>     Jonathan A. Choa (#5319)<br>     Hercules Plaza<br>     P.O. Box 951<br>     Wilmington, DE 19899<br>     (302) 984-6000<br>     provner@potteranderson.com<br>     jchoa@potteranderson.com<br><br>*Attorneys for Defendant*<br>*Aptiv Services US, LLC* |

6