**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 17-01194-JDW |
| | ) | |
| APTIV SERVICES US, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT APTIV'S OPPOSITION TO PLAINTIFF MICROCHIP'S MOTION**
**REGARDING THE COURT'S PRIOR ART ESTOPPEL ORDER**

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
(415) 362-6666

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

Dated:  March 31, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant*
*Aptiv Services US, LLC*

Aptiv does not intend to assert any obviousness grounds other than those allowed under the Court's estoppel order: Dickens in combination with US-98 or Belkin. Aptiv will prove those grounds and in doing so will rely on those references, and those references alone, to prove each of the claim elements. The parties appear to have a narrow dispute: whether documents that do not directly relate to the asserted references, and instead are about the state of the art more generally, may be used to explain how a person of skill in the art would interpret the disclosures of the asserted references and/or show why a person of skill in the art would be motivated to combine them. Microchip attempts to expand the scope of the estoppel order to prevent Aptiv from referring to the state of the art at trial to support its obviousness grounds. Notably, the state of the art is also relevant to other issues, such as enablement and damages, that are in no way implicated by the estoppel order. For the reasons stated below, Microchip's position is neither addressed by the estoppel order nor supported by the law.

In meet and confer correspondence with Microchip leading up to this motion, Aptiv made clear that it will rely exclusively on Dickens and Belkin/US-98 to show that each of the claim elements was present in the prior art. However, the parties disagreed about whether Aptiv may rely on other written references "to explain how a Person of Ordinary Skill in the Art would understand" Dickens and Belkin/US-98. D.I. 342-7. By way of example, Belkin refers to sending or receiving a "NAK" in certain circumstances. *See e.g.,* Ex. 209 at 14. The USB specification explains what a "NAK" is, and thus helps to explain how a person of skill would interpret what that means in the context of Belkin.

This is not an attempt to circumvent the Court's estoppel order. The issues before the Court were whether Aptiv was estopped from (1) relying on certain written references that Aptiv contended had only become relevant in view of Microchip's infringement theory (D.I. 245 at 6),

and (2) relying on the Belkin and US-98 systems in combination with written references where the inclusion of those systems was "gratuitous" (*id.* at 7-8). The Court concluded that "nothing estops Aptiv from raising invalidity arguments based on a combination of written and physical references." *Id.* at 8-9. The Court held that Aptiv is estopped from asserting "Obviousness based on Dickens, in combination with other written prior art, but not in combination with physical device art US-98/Belkin." D.I. 246. Aptiv is not arguing that any claim is invalid based on a combination of Dickens with other written prior art. Instead, both its prior art invalidity grounds combine Dickens, which the PTAB has already found meets certain limitations of the asserted claims, with US-98/Belkin.

IPR estoppel applies to "any **ground** that the petitioner raised or reasonably could have been raised during that [IPR]." 35 U.S.C. § 315(e)(2) (emphasis added). The Court already determined that Aptiv is not estopped from asserting the grounds at issue. Instead, the parties' present dispute is about whether written references can be used to inform how a person of skill would understand Dickens and US-98/Belkin and whether he or she would be motivated to combine them. This issue was not briefed as part of Microchip's estoppel motion nor addressed by the Court's estoppel order.

Microchip seeks to preclude Aptiv not from pursuing certain **grounds**, but from relying on certain **evidence** that supports those grounds. But the Patent Act distinguishes between grounds and evidence as used in the IPR provisions. *See* 35 U.S.C. § 322(a)(3) ("the petition identifies . . . the grounds on which the challenge to each claim is based, and the evidence that supports the grounds for the challenge to each claim"). And this Court has recognized that, "[s]ince the estoppel provision, § 315(e)(2), applies to **grounds**, a petitioner is estopped from proceeding in litigation on those **grounds**, even if the **evidence** used to support those grounds

2

was not available to be used in IPR." *Wasica Fin. GmbH v. Schrader Int'l, Inc.*, 432 F. Supp. 3d 448, 454–55 (D. Del. 2020), *appeal dismissed*, No. 2020-2124, 2020 WL 8374870 (Fed. Cir. Sept. 24, 2020) (emphasis in original).  The opposite proposition is equally true:  evidence that was available to be used in IPR can be used to support grounds that a petitioner is not estopped from asserting in litigation.  Courts routinely allow references to be relied on to show the state of the art as distinct from those asserted as prior art.  *See Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 223 F. Supp. 3d 202, 205 (D. Del. 2016) (distinguishing between references "asserted to merely describe the 'state of the art,' and [that] are not being relied upon as prior art").  Indeed, the motivation to combine prior art references must be assessed by considering "the state of the art *at the time the invention was made . . . .*" *Daiichi Sankyo Co. v. Matrix Lab'ys, Ltd.*, 619 F.3d 1346, 1354 (Fed. Cir. 2010) (emphasis in original).

Microchip seeks an order "instruct[ing] Aptiv to restrict its obviousness grounds to: 1) Dickens in combination with US-98; and 2) Dickens in combination with Belkin."  D.I. 342-1.  That facially appears to be fine as far as it goes, but it does not address the parties' actual dispute, which is about the ***evidence*** (not grounds) on which Aptiv may rely.  Thus, Aptiv provides herewith an alternative Proposed Order that expressly addresses the parties' dispute.  Specifically, Aptiv respectfully requests an order stating:

With respect to obviousness, Aptiv may use documents about the state of the art to:

1) explain how a person of skill in the art would interpret the disclosures of the asserted references, and

2) show why a person of skill in the art would be motivated to combine them.

3

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
(415) 362-6666

By: */s/ Philip A. Rovner*_____
     Philip A. Rovner (#3215)
     Jonathan A. Choa (#5319)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE 19899
     (302) 984-6000
     provner@potteranderson.com
     jchoa@potteranderson.com

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

*Attorneys for Defendant*
*Aptiv Services US, LLC*

Dated: March 31, 2022
10089946