

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0704
arussell@shawkeller.com

April 4, 2022

**BY EMAIL**
The Honorable Joshua D. Wolson
United States District Court for the Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 3809
Philadelphia, PA 19106

      Re:    *Microchip Technology Inc. v. Aptiv Services US, LLC,*
               C.A. No. 17-1194-JDW

Dear Judge Wolson,

      Aptiv's last-second claim construction is untimely and risks derailing the trial. Aptiv's letter submission makes clear that it seeks an entirely new claim construction—never briefed or even raised with the parties or the Court—that is offered (as Aptiv's own counsel put it today) "literally on the eve of trial."

      Aptiv makes two alternative requests. Both should be rejected. Aptiv first asks the Court to instruct the jury about a term that is no longer part of the case because Microchip is no longer asserting claims 18–22 of the '243 patent.  Thus, instructing the jury about the meaning of "a shared USB device . . . that corresponds to at least one function" is irrelevant and will merely confuse the jury.

      In the alternative, Aptiv asks the court to issue a new claim construction for the "USB device block" found in asserted claim 23.  Aptiv's eleventh-hour attempt to derail Microchip's case by offering a new claim construction on the eve of trial should be rejected. "It is settled law that when a patent claim does not contain a certain limitation and another claim does, that limitation cannot be read into the former claim in determining either validity or infringement." *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1122 (Fed. Cir. 1985). In *SRI*, claim 1 recited "a first grid of a parallel spaced lines," and claim 3 recited a "first grid of vertical space lines."  While the terms are similar, the Federal Circuit held the district court erred by "read[ing] . . . the 'vertical' limitation of narrower claim 3, into broader claim 1 and the other asserted claims." *Id.* Aptiv is asking the Court to make the same mistake here.

      Claim 18 is a method claim that is no longer at issue in this case. Claim 23 is an apparatus claim with different scope. Claim 18 recites "a shared USB device … [that] corresponds to at least one function," whereas claim 23 "a shared USB device block operable to be simultaneously configured by two or more USB hosts."

SHAW KELLER LLP
The Honorable Joshua D. Wolson
Page 2

| Claim 18 | Claim 23 |
|---|---|
| 18. A method for sharing a device between multiple hosts, the method comprising:<br><br>establishing concurrent respective dedicated USB connections between **a shared USB device and a plurality of hosts, wherein the USB device corresponds to at least one function**;<br><br>receiving respective access requests to the shared USB device from two or more of the plurality of hosts; and<br><br>processing the respective access requests, to allow the two or more of the plurality of hosts to alternately access the shared USB device to use the at least one function without any of the two or more of the plurality of hosts reconfiguring the USB device each time the USB device is accessed in response to a respective access request from a different one of the two or more of the plurality of hosts. | 23. A USB multi-host device comprising:<br><br>**a shared USB device block** operable to be simultaneously configured by two or more USB hosts; and<br><br>a controller configured to establish concurrent respective dedicated USB connections between the shared USB device block and the two or more USB hosts;<br><br>wherein the controller is operable to receive and respond to simultaneous respective USB access requests sent by the two or more USB hosts for accessing a function of the shared USB device block. |

      Although Aptiv now claims there are no material differences between the claims, Aptiv itself sought different constructions for these different terms during the claim construction phase of this case. For claim 18, the Court considered the parties' constructions for "a shared USB device … [that] corresponds to at least one function" and adopted Aptiv's construction with one modification.

10.   "A shared USB device . . . that corresponds to at least one function"[17]

| | |
|---|---|
| **Plaintiff** | a USB device that provides the same shared function (or functions) to multiple hosts |
| **Defendant** | a USB device that provides the same shared function (or functions) to multiple hosts, but multiple USB devices do not become a shared USB device by virtue of being placed in a single housing |
| **Court** | a USB device that provides the same shared function (or functions) to multiple hosts |

D.I. 113 at 20. For claim 23, Aptiv proposed a different construction and the Court issued a construction different than for claim 18:

SHAW KELLER LLP
The Honorable Joshua D. Wolson
Page 3

9. "USB device block"[15]

| | |
|---|---|
| **Plaintiff** | a segment of a USB device that performs at least one function to provide a capability to a host |
| **Defendant** | a USB device or segment of a USB device that performs a USB function to provide a capability to a host (after enumeration according to the USB 2.0 specification and the USB device block is not multiple USB devices in a single housing) |
| **Court** | a USB device or segment of a USB device that performs a function to provide a capability to a host over USB |

D.I. 113 at 18.

Almost three years later and after extensive discovery, Aptiv improperly seeks to import the Court's claim construction for claim 18 into claim 23. Claim 23 does not recite that the USB multi-host device block corresponds to anything, let alone corresponds to a function. There is no basis to import functional limitations from method claim 18 into apparatus claim 23. *See SRI Int'l*, 775 F.2d at 1122.

Aptiv could have sought a construction for "shared USB device block" in claim 23, but it failed to do so. Now, on the eve of trial, Aptiv asks the Court to improperly import limitations from claim 18 into claim 23. This request should be denied as contrary to the law.

The scheduling order set forth a clear claim construction process and the parties followed it. Aptiv's claim construction positions were due nearly **four years ago**, on May 4, 2018. (D.I. 46 at ¶ 11). The parties briefed the terms and the Court held a *Markman* hearing on February 25, 2019, and the Court issued its construction opinion and order on June 17, 2019. (D.I. 113 and 114). If Aptiv felt that the Court's claim construction was incorrect, the time to move for reconsideration has long since passed.

Aptiv's delay in raising this dispute greatly prejudices Microchip. Microchip has spent years and millions of dollars litigating this action based on the Court's June 2019 claim constructions. All of the parties' contentions and expert reports use the existing claim construction for claim 23. Aptiv had ample opportunity to raise any issues it might see in the constructions long before now.

To the extent the Court issues new claim constructions related to claim 23, Microchip requests a continuance of trial to supplement its expert reports and depose the experts on their supplemental reports.

SHAW KELLER LLP
The Honorable Joshua D. Wolson
Page 4

                                              Respectfully,

                                              */s/ Andrew E. Russell*

                                              Andrew E. Russell (No. 5382)

cc:     Clerk of the Court (via email)
         All Counsel of Record (via email)