IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICROCHIP TECHNOLOGY INCORPORATED,**<br><br>*Plaintiff,*<br><br>v.<br><br>**APTIV SERVICES US LLC,**<br><br>*Defendant.* | Case No. 1:17-cv-01194-JDW |

# ORDER

**AND NOW**, this 5th day of April, 2022, it is **ORDERED** as follows.

1. Plaintiff Microchip Technology Incorporated's Motion *In Limine* No. 1: Exclude References To *Inter Partes* Review Proceedings (D.I. 319) is **DENIED AS MOOT** in light of the Notice Of Withdrawal Of Plaintiffs' Motions *In Limine* 1 And 4 (D.I. 346).

2. Microchip's Motion *In Limine* No. 2: Exclude Undisclosed and Improper Technical Expert Opinions (D.I. 319) is **DENIED AS MOOT** in light of the Parties' Stipulation Regarding Motions *In Limine* (D.I. 347).

3. Microchip's Motion *In Limine* No. 3: Exclude Evidence Of Aptiv Services US, LLC's Patents (D.I. 319) is **DENIED**. The Court cannot determine from the Motion how Aptiv intends to use evidence of its patents at trial. However, those patents do bear on Microchip's damages claim, at a minimum. *Georgia-Pacific* factor No. 13 directs the consideration of, among other things, any "significant features or improvements added by the infringer." *Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1120). Aptiv can present evidence about its patents to bear on this issue. The Court does not find that the prejudice from the presentation of that evidence is so great that it substantially outweighs the relevance, and the Court

can cure any prejudice to Microchip via a limiting instruction. The Court will address any other objections to evidence about Aptiv's patents at trial, with the benefit of context and the foundation that Aptiv will lay to present any such evidence.

4. Microchip's Motion *In Limine* No. 4: Exclude Evidence of An Alleged Molex Non-Infringing Substitute (D.I. 319) is **DENIED AS MOOT** in light of the Notice Of Withdrawal Of Plaintiffs' Motions *In Limine* 1 And 4 (D.I. 346).

5. Microchip's Motion *In Limine* No. 5: Exclude Testimony Or Documents At Trial That Aptiv Refused To Provide During Discovery Based On A Privilege Claim (D.I. 319) is **DENIED AS MOOT**, as Aptiv acknowledges it will not introduce privileged communications at trial.

6. Microchip's Motion *In Limine* Number 6 (D.I. 340) is **DENIED**. The Court's summary judgment ruling held that disputed issues of fact exist as to whether the patent describes and enables the claimed invention. Aptiv must have an opportunity to present its side of the story to the jury. At the same time, if "the asserted patents are broad enough to cover [multiple embodiments] the patents must enable both embodiments." *Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1000 (Fed. Cir. 2008); *Liebel-Flarsheim Co. v. Medrad, Inc.*, 481 F.3d 1371, 1378–79 (Fed. Cir. 2007); *AbbVie Deutschland GmbH & Co., KG v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1297–1302 (Fed. Cir. 2014); *Bayer Healthcare LLC v. Baxalta Inc.*, 407 F. Supp. 3d 462, 470 (D. Del. 2019). Aptiv can argue to the jury that they do not; indeed, those are the disputed facts that led the Court to deny summary judgment. Aptiv could not prevail as a matter of law, but the Court's ruling does not prevent it from making its case about written description and enablement to the jury. Mr. Garney may therefore testify that the patent specification does not "describe or enable a 'USB device' or 'device block' that is a bridge that connects two hosts and allows them to communicate

with one another (rather than a peripheral that the two hosts can share)," i.e., the embodiment at issue in this case. (D.I. 343 at 4.)

7.  Defendant Aptiv's Motion *In Limine* No. 1 To Preclude Microchip From Presenting Evidence Or Argument Relating To Aptiv's Company-Wide Revenue, Profit, Or Valuation Or Relating To The Revenue, Profit, Or Price For the Dual Role Hub (D.I. 321) is **DENIED AS MOOT** as to evidence of any company's company-wide profits or revenues in light of the Parties' Stipulation Regarding Motions *In Limine* (D.I. 347). The Motion is otherwise **GRANTED**. Microchip has not demonstrated what value or relevance, if any, evidence of the Dual Role Hub's revenue, profit, or price would have on its claims. Such evidence is not tied to the smallest salable unit or Plaintiff's expert opinion regarding a reasonable royalty calculation. *See Biomérieux, S.A. v. Hologic, Inc.*, No. 18-CV-0021, 2020 WL 583917, at *2 (D. Del. Feb. 6, 2020). At the same time, the unfair prejudice of injecting such evidence would substantially outweigh any minimal probative value. A disclosure of Aptiv's revenue and profits from the Dual Role Hub is likely to "skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011). In addition, Microchip can demonstrate commercial success by offering evidence other than revenue and profit information, such as unit sales, market share, and consumer demand, among other things. Given that alternative evidence, the Court concludes that the balance under Rule 403 favors the exclusion of revenue and profit information.

8.  Defendant Aptiv's Motion *In Limine* No. 2 To Preclude Microchip's Expert Witnesses, Mr. Ivan Zatkovich And Dr. Stephen Becker, And Fact Witness Mr. Mitch Obolsky, From Offering Or Relying On Undisclosed Opinions Regarding Alleged Cost Savings (D.I. 322) is **DENIED** as follows:

    a.  The Motion is **DENIED** with respect to Mr. Zatkovich's testimony on chip integration. In considering whether to exclude expert testimony, the Third Circuit has directed district courts to weigh several factors: (1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply with the court's order; and (5) the importance of the testimony sought to be excluded. *See Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F. 2d 894, 904–05 (3d Cir. 1977), overruled on other grounds, *Goodman v. Lukens Steel Co.*, 777 F.2d 113 (3d Cir. 1985). "The exclusion of critical evidence is an extreme sanction" that should not be "imposed absent a showing of willful deception or flagrant disregard of a court order." *Pennypack*, 559 F.2d at 905 (citation omitted).

    b.  Aptiv has known Dr. Becker relied on Mr. Zatkovich's opinion on chip integration since May 2021 when Aptiv received Dr. Becker's supplemental report. (*See* D.I. 335 at 5.) And in November 2021, the Court *sua sponte* raised the issue of whether Mr. Zatkovich's expert report disclosed his opinion on chip integration . Aptiv had months to cure any prejudice by deposing Mr. Zatkovich or serving written discovery about his opinion. Aptiv chose not to do so. Instead it seeks to exclude Mr. Zatkovich's opinion on the eve of trial. Any surprise or prejudice is therefore minimal. *See Pennypack*, 559 F.2d at 905; *Evolved Wireless, LLC v. Apple Inc.*, No. CV 15-542-JFB-SRF, 2019 WL 8128549, at *1 (D. Del. Feb. 14, 2019). Further, Aptiv provides no evidence that Microchip acted in bad faith. Therefore, the Court will not bar Mr. Zatkovich's testimony on chip integration;

    c.  The Motion is **DENIED** with respect to Dr. Becker's testimony that relies on Mr. Zatkovich. As already discussed, Dr. Becker identified Mr. Zatkovich and the subject they

discussed, chip integration, in his expert report. (*See* D.I. 322 at 3–4, 8.) Aptiv had a reasonable opportunity to prepare for cross-examination of Dr. Becker, and as already detailed, could have sought additional discovery. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 114–17 (D. Del. 2016). It did not do so. Subject to an appropriate foundation, Dr. Becker may provide testimony that relies on Mr. Zatkovich; and

        d.      The Motion is otherwise **DENIED AS MOOT**, as Microchip acknowledges Mr. Obolsky will not provide expert testimony on the scope of the patents.

9.      Plaintiff's Motion Regarding The Court's Prior Art Estoppel Order (D.I. 246) is **DENIED** because the Court cannot determine from the briefing whether and how Aptiv will reference or introduce any of the prior art references at issue. The Court will address issues at trial as they arise, with the benefit of context, to determine whether Aptiv can present evidence about those references.

                                          **BY THE COURT:**

                                          */s/ Joshua D. Wolson*
                                          JOSHUA D. WOLSON, J.