# Exhibit 2

**EXHIBIT 2**

**APTIV'S STATEMENT OF FACTS TO BE LITIGATED AT TRIAL**

The following statement of contested facts that remain to be litigated is based on the parties' pleadings, documentary and testimony evidence, and on Aptiv's current understanding of Microchip's claims and defenses. Aptiv reserves the right to modify or supplement the issues of fact to be litigated in light of any pretrial rulings by the Court. Should the Court determine that any issue identified in this statement is more properly an issue of law, Aptiv incorporates those issues by reference into its Statement of Law. Aptiv contends that the issues of fact (or mixed questions of fact and law) that remain to be litigated at trial and decided by the jury are as follows:

## I.   STATEMENT OF ISSUES OF FACT

### A.   Infringement

1.   Whether Microchip can show by a preponderance of the evidence that Aptiv has directly infringed each asserted claim under 35 U.S.C. § 271(a) by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent.

2.   Whether Microchip can show by a preponderance of the evidence that an entity other than Aptiv has directly infringed by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent, as necessary under both 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c).

3.   Whether Microchip can show that Aptiv actively induces any entity's direct infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent, as necessary under 35 U.S.C. § 271(b).

1

4.      Whether Microchip can show Aptiv had knowledge that the alleged induced acts constitute patent infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent, as necessary under 35 U.S.C. § 271(b).

5.      Whether Microchip can show that Aptiv contributed to any entity's direct infringement by supplying in the United States any component that is a material part of the invention, was especially made, or adapted for use in a manner that would infringe Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent by providing, making, using, selling, offering to sell, and/or importing into the United States the accused Dual Role Hub, and that the accused products are not a staple article of commerce capable of substantial non-infringing use, as is necessary under 35 U.S.C. § 271(c).

6.      Whether Microchip can show either direct or indirect infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent under the doctrine of equivalents.

7.      Whether Microchip can show by a preponderance of the evidence that Aptiv has directly infringed each asserted claim under 35 U.S.C. § 271(a) by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of Claim 6 of the '708 Patent.

8.      Whether Microchip can show by a preponderance of the evidence that an entity other than Aptiv has directly infringed by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of Claim 6 of the '708 Patent, as necessary under both 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c).

9.      Whether Microchip can show that Aptiv actively induces any entity's direct infringement of Claim 6 of the '708 Patent, as necessary under 35 U.S.C. § 271(b).

2

10.     Whether Microchip can show Aptiv had knowledge that the alleged induced acts constitute patent infringement of Claim 6 of the '708 Patent, as necessary under 35 U.S.C. § 271(b).

11.     Whether Microchip can show that Aptiv contributed to any entity's direct infringement by supplying in the United States any component that is a material part of the invention, was especially made, or adapted for use in a manner that would infringe Claim 6 of the '708 Patent by providing, making, using, selling, offering to sell, and/or importing into the United States the accused Dual Role Hub, and that the accused products are not a staple article of commerce capable of substantial non-infringing use, as is necessary under 35 U.S.C. § 271(c).

12.     Whether Microchip can show either direct or indirect infringement Claim 6 of the '708 Patent under the doctrine of equivalents.

## B.     Willful Infringement

13.     Whether Microchip can prove that Aptiv has willfully infringed Claims 2, 6, 10, 16–17, and/or 22–25 of '243 Patent.

14.     Whether Microchip can prove that Aptiv has willfully infringed Claim 6 of the '708 Patent.

15.     Whether Microchip can prove by a preponderance of the evidence that Aptiv actually knew or should have known that its actions were egregious and constituted an unjustifiably high risk of infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent.

16.     Whether Microchip can prove by a preponderance of the evidence that Aptiv actually knew or should have known that its actions were egregious and constituted an unjustifiably high risk of infringement of Claim 6 of the '708 Patent.

3

## C.    Invalidity

17.    Whether the following references are prior art to the '243 Patent:

a.    U.S. Patent No. 6,549,966 ("Dickens")

b.    Japanese Unexamined patent Application No. P2003-256351 ("Furukawa")

c.    U.S. Patent No. 6,516,205 ("Oguma")

d.    Japanese Patent Application JP2000-194649A ("Ito")

e.    Japanese Patent Application P2004-295407A ("Yuji")

f.    Japanese Patent Application P2001-22705A ("Ishihara")

g.    U.S Patent Application No. 20060059293 ("Wurzburg")

h.    Japanese Patent Application P2000-196648A ("Ito '648")

i.    US-98 USB Auto Share Switch 4x4 ("US-98")

j.    Belkin 4x4 USB Peripheral Switch ("Belkin")

k.    Prolific PL-2501 Hi-Speed USB 2.0 Host-to-Host Bridge/Network Controller, Product Datasheet, Rev. 1.1 (Feb. 2003) ("Prolific")

l.    USB Specification, Rev. 1.0 (Jan. 15, 1996) ("USB 1.0")

m.    USB 2.0 Transceiver Macrocell Interface (UTMI) Specification, Version 1.05 ("UTMI")

n.    Universal Serial Bus Specification 2.0 (2000) ("USB 2.0")

o.    Jan Axelson, USB Complete: Everything You Need to Develop Cusstom USB Peripherals (3d Ed. 2001) ("USB Complete")

p.    John Hyde, Design by Example (2d Ed. 2001) ("USB Design by Example")

18.    Whether Aptiv can prove by clear and convincing evidence that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are anticipated by or would have been obvious to one of ordinary skill in the art at the time of the invention in view of the foregoing references, alone or in combination.

4

19.     Facts underlying the Court's ultimate determination concerning the obviousness of the alleged inventions claimed in Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent, as set forth in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966):

   a.   The scope and content of the prior art;

   b.   The level of ordinary skill in the art;

   c.   The differences between the alleged inventions of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and the prior art; and

   d.   Objective evidence of non-obviousness.

20.     Whether the following references are prior art to the '708 Patent:

   a.   U.S. Patent No. 6,549,966 ("Dickens")

   b.   Japanese Unexamined patent Application No. P2003-256351 ("Furukawa")

   c.   U.S. Patent No. 6,516,205 ("Oguma")

   d.   Japanese Patent Application JP2000-194649A ("Ito")

   e.   Japanese Patent Application P2004-295407A ("Yuji")

   f.   Japanese Patent Application P2001-22705A ("Ishihara")

   g.   U.S Patent Application No. 20060059293 ("Wurzburg")

   h.   Japanese Patent Application P2000-196648A ("Ito '648")

   i.   US-98 USB Auto Share Switch 4x4 ("US-98")

   j.   Belkin 4x4 USB Peripheral Switch ("Belkin")

   k.   Prolific PL-2501 Hi-Speed USB 2.0 Host-to-Host Bridge/Network Controller, Product Datasheet, Rev. 1.1 (Feb. 2003) ("Prolific")

   l.   USB Specification, Rev. 1.0 (Jan. 15, 1996) ("USB 1.0")

   m.   USB 2.0 Transceiver Macrocell Interface (UTMI) Specification, Version 1.05 ("UTMI")

   n.   Universal Serial Bus Specification 2.0 (2000) ("USB 2.0")

   o.   Jan Axelson, USB Complete: Everything You Need to Develop Cusstom USB Peripherals (3d Ed. 2001) ("USB Complete")

p.      John Hyde, Design by Example (2d Ed. 2001) ("USB Design by Example")

21.    Whether Aptiv can prove by clear and convincing evidence that Claim 6 of the '708 Patent is anticipated by or would have been obvious to one of ordinary skill in the art at the time of the invention in view of the foregoing references, alone or in combination.

22.    Facts underlying the Court's ultimate determination concerning the obviousness of the alleged inventions claimed in Claim 6 of the '708 Patent, as set forth in *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966):

a.      The scope and content of the prior art;

b.      The level of ordinary skill in the art;

c.      The differences between the alleged inventions of Claim 6 of the '708 Patent and the prior art; and

d.      Objective evidence of non-obviousness.

23.    The scope and content of the prior art for both Patents-in-Suit.

24.    The level of ordinary skill in the art for both Patents-in-Suit.

25.    Whether a person of ordinary skill in the art would be motivated to combine the references relied on by Aptiv in its obviousness combinations with reasonable expectation of success.

26.    Whether Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are enabled.

27.    Whether Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are supported by adequate written description.

28.    Whether Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are definite.

29.    Whether Claim 6 of the '708 Patent is enabled.

30.    Whether Claim 6 of the '708 Patent is supported by adequate written description.

31.    Whether Claim 6 of the '708 Patent is definite.

6

**D.     Damages and Injunctive Relief**

32.     Whether Microchip can show by a preponderance of the evidence that it is entitled to lost profits damages and the amount of those damages for Aptiv's alleged infringement of Claims 2, 6, 10, 16-17, and 22-25 of the '243 Patent.

33.     Whether Microchip can show by a preponderance of the evidence that it is entitled to lost profits damages and the amount of those damages for Aptiv's infringement of some but not all of Claims 2, 6, 10, 16-17, and 22-25 of the '243 Patent should the jury find that some but not all of those claims are valid and infringed.

34.     Whether Microchip can show by a preponderance of the evidence that it is entitled to lost profits damages and the amount of those damages for Aptiv's alleged infringement of Claim 6 of the '708 Patent.

35.     The appropriate measure of damages in the form of a reasonable royalty as compensation to Microchip for Aptiv's alleged infringement of Claims 2, 6, 10, 16-17, and 22-25 of the '243 Patent and Claim 6 of the '708 Patent.

36.     The appropriate measure of damages in the form of a reasonable royalty as compensation to Microchip for Aptiv's infringement of some but not all of Claims 2, 6, 10, 16-17, and 22-25 of the '243 Patent and Claim 6 of the '708 Patent should the jury find that some but not all of those claims are valid and infringed.

37.     The total amount of enhanced damages, if any, that Microchip is entitled to for Aptiv's willful infringement of the '243 Patent.

38.     The total amount of enhanced damages, if any, that Microchip is entitled to for Aptiv's willful infringement of the '708 Patent.

39.     Whether Microchip is entitled to a permanent injunction, including whether Microchip will be irreparably harmed by Aptiv's wrongful conduct, whether the balance of

equities favors entry of a permanent injunction, and whether a permanent injunction is in the public interest.

40.     Whether Microchip is entitled to an ongoing royalty or other damages or an accounting in relation to ongoing infringement, to the extent an injunction has not been issued.

41.     Whether Aptiv, if it is the prevailing party, is entitled to attorneys' fees and/or costs under 35 U.S.C. § 285.

## II.     STATEMENT OF INTENDED PROOF

42.     Aptiv will offer the following proof at trial:

### A.     Infringement

43.     Proof rebutting Microchip's assertion that Aptiv has literally infringed Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent or Claim 6 of the '708 Patent by making, using, selling, offering to sell, and/or importing into the United States products and/or methods covered by one or more claims, including the accused Dual Role Hub.

44.     Proof rebutting Microchip's assertion that an entity other than Aptiv has directly infringed by making, using, selling, or offering to sell accused products in the United States in a way that literally satisfies all of the limitations of Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent, or Claim 6 of the '708.

45.     Proof rebutting Microchip's assertion that Aptiv actively induces any entity's direct infringement of Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent or Claim 6 of the '708 Patent.

46.     Proof rebutting Microchip's assertion that Aptiv had knowledge that the alleged induced acts constitute patent infringement of Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent or Claim 6 of the '708 Patent.

47.     Proof rebutting Microchip's assertion that Aptiv contributed to any entity's direct infringement by supplying in the United States any component that is a material part of the invention, was especially made, or adapted for use in a manner that would infringe Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent or Claim 6 of the '708 Patent by providing, making, using, selling, offering to sell, and/or importing into the United States the accused Dual Role Hub, and that the accused products are not a staple article of commerce capable of substantial non-infringing use.

48.     Proof rebutting Microchip's assertion of direct or indirect infringement of Claims 2, 6, 10, 16–17, or 22–25 of the '243 Patent or Claim 6 of the '708 Patent under the doctrine of equivalents.

**B.     Willful Infringement**

49.     Proof rebutting Microchip's assertion that Aptiv willfully infringed Claims 2, 6, 10, 16–17 or 22–25 of the '243 Patent.

50.     Proof rebutting Microchip's assertion that Aptiv willfully infringed Claim 6 of the '708 Patent.

51.     Proof rebutting Microchip's assertion that Aptiv actually knew or should have known that its actions were egregious and constituted an unjustifiably high risk of infringement of Claims 2, 6, 10, 16–17 or 22–25 of the '243 Patent.

52.     Proof rebutting Microchip's assertion that Aptiv actually knew or should have known that its actions were egregious and constituted an unjustifiably high risk of infringement of Claim 6 of the '708 Patent.

**C.     Validity**

53.     Proof that the prior art references, products, systems, and prior inventions asserted against the patents-in-suit are prior art under 35 U.S.C. § 102.

9

54.     Proof that the prior art references, products, systems, and prior inventions asserted against the patents-in-suit are prior art under 35 U.S.C. § 103.

55.     Proof of the scope and content of the prior art asserted against the patents-in-suit.

56.     Proof of the level of ordinary skill in the art at the time of the alleged inventions of the patents-in-suit.

57.     Proof that a person of ordinary skill in the art would be motivated to combine the references relied on by Aptiv in its obviousness combinations with reasonable expectation of success.

58.     Proof that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are anticipated by the prior art identified in Aptiv's invalidity contentions and invalidity expert report.

59.     Proof that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are obvious over the prior art, alone or in combination, identified in Aptiv's invalidity contentions and invalidity expert report.

60.     Rebuttal of any evidence offered by Microchip of alleged indicia of non-obviousness for Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent.

61.     Rebuttal of any evidence offered by Microchip that a nexus allegedly exists between any objective indicia of non-obviousness and Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 patent.

62.     Proof that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid for non-enablement.

63.     Proof that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid for lack of written description support.

64. Proof that Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent are invalid as indefinite.

65. Proof that Claim 6 of the '708 Patent is anticipated by the prior art identified in Aptiv's invalidity contentions and invalidity expert report.

66. Proof that Claim 6 of the '708 Patent is obvious over the prior art, alone or in combination, identified in Aptiv's invalidity contentions and invalidity expert report.

67. Rebuttal of any evidence offered by Microchip of alleged indicia of non-obviousness for Claim 6 of the '708 Patent.

68. Rebuttal of any evidence offered by Microchip that a nexus allegedly exists between any objective indicia of non-obviousness and Claim 6 of the '708 patent.

69. Proof that Claim 6 of the '708 Patent is invalid for non-enablement.

70. Proof that Claim 6 of the '708 Patent is invalid for lack of written description support.

71. Proof that Claim 6 of the '708 Patent is invalid as indefinite.

### D.     Damages and Injunctive Relief

72. Proof rebutting Microchip's assertion and calculation of damages in the form of a reasonable royalty to compensate Microchip for Aptiv's infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent.

73. Proof rebutting Microchip's assertion and calculation of profits that it would have made but for Aptiv's infringement of the '243 Patent and the '708 Patent.

74. Proof of the calculation of a reasonable royalty to compensate Microchip for Aptiv's infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent.

75.     Proof rebutting Microchip's assertion that it is entitled to enhanced damages for Aptiv's willful infringement of the '243 Patent or the '708 Patent.

76.     Proof (including proof to be offered in a bench trial following the jury trial in the event Microchip prevails during the jury trial) rebutting Microchip's assertion that it is entitled to a permanent injunction, including proof that Microchip will not be irreparably harmed by Aptiv's continued alleged infringement, that the balance of equities does not favor the entry of a permanent injunction, and that a permanent injunction is not in the public interest.

77.     Proof rebutting Microchip's assertion and calculation of an ongoing royalty or other damages or an accounting in relation to ongoing infringement.

78.     Proof of the calculation of an ongoing royalty to compensate Microchip for Aptiv's continued use of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent should Microchip prevail on infringement and validity at trial.

### E.     Other

79.     Proof rebutting Microchip's assertion it is entitled to any damages other than those covered by 35 U.S.C § 284.

80.     Proof rebutting Microchip's calculation of any damages other than damages under 35 U.S.C. § 284 for Aptiv's alleged infringement of Claims 2, 6, 10, 16–17, and/or 22–25 of the '243 Patent and Claim 6 of the '708 Patent.

81.     Proof that Aptiv, if it is the prevailing party, is entitled to attorneys' fees and/or costs, and the amount under 35 U.S.C. § 285.