IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED,<br><br>*Plaintiff,*<br><br>v.<br><br>APTIV SERVICES US LLC,<br><br>*Defendant.* | Case No. 1:17-cv-01194-JDW |

## VERDICT FORM

We, the jury, unanimously agree to the answers to the following questions and return them as our verdict in this case:

### I. DIRECT INFRINGEMENT

Question 1: Has Microchip proven by a preponderance of the evidence that Aptiv directly infringed the following asserted claims? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.

**'243 Patent**

    Claim 23:    Yes _____    No __✓__

    Claim 24:    Yes _____    No __✓__

    Claim 25:    Yes _____    No __✓__

**If you answered "Yes" to Question 1 for any of the claims, then proceed to Question 2. If you answered "No" to all of the claims, then skip Question 2 and proceed to Question 3.**

1

## II.   WILLFUL INFRINGEMENT

Question 2: Has Microchip proven by a preponderance of the evidence that Aptiv's infringement was willful? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.

Yes _____    No _____

**Proceed to Question 3.**

## III. VALIDITY – OBVIOUSNESS

Question 3: Has Aptiv proven by clear and convincing evidence that the following claims are invalid as obvious based on the Dickens prior art in view of the US-98 physical device or the Dickens prior art in view of the Belkin physical device? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

**'243 Patent**

        Claim 23:        Yes \_\_\_\_\_        No ✓

        Claim 24:        Yes \_\_\_\_\_        No ✓

        Claim 25:        Yes \_\_\_\_\_        No ✓

**Proceed to Question 4.**

## IV. VALIDITY – WRITTEN DESCRIPTION

Question 4: Has Aptiv proven by clear and convincing evidence that the following claims are invalid due to lack of adequate written description? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

**'243 Patent**

| | | |
|---|---|---|
| Claim 23: | Yes _____ | No ___✓___ |
| Claim 24: | Yes _____ | No ___✓___ |
| Claim 25: | Yes _____ | No ___✓___ |

**Proceed to Question 5.**

## V. VALIDITY – ENABLEMENT

Question 5: Has Aptiv proven by clear and convincing evidence that the following claims are invalid for failure to enable the claimed invention? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

**'243 Patent**

| | | |
|---|---|---|
| Claim 23: | Yes _____ | No ✓ |
| Claim 24: | Yes _____ | No ✓ |
| Claim 25: | Yes _____ | No ✓ |

**If you answered "Yes" to any claim in Question 1 and answered "No" to the corresponding claim in Questions 3 through 5 (i.e., if you found any asserted claims to be infringed and valid), then proceed to Question 6 and answer the questions related to damages.**

**If you did not find any claims both infringed and valid, then skip Question 6. You should not answer any questions related to damages. Proceed to the signature page (page 7), your deliberations are complete.**

## VI.     DAMAGES

Question 6: For each infringing unit sold, you may only award one category of damages: either lost profits or a reasonable royalty.

What total dollar amount of lost profits, if any, did Microchip prove by a preponderance of the evidence it is entitled to?

$_____


What total dollar amount did Microchip prove by a preponderance of the evidence it is owed as a reasonable royalty for Aptiv's use of the invention?

$_____


**Proceed to the signature page (page 7), your deliberations are complete.**

You have now reached the end of the Verdict Form and you should review it to ensure it accurately reflects your unanimous determinations. After you are satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the spaces below. Once that is done, notify the Court Security Officer that you have reached a verdict. The jury foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

I certify that the jury unanimously concurs in every element of the above verdict.



Date: 4-13-22