

Andrew E. Russell
I.M. Pei Building
1105 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0704
arussell@shawkeller.com

May 4, 2022

**VIA CM/ECF & HAND DELIVERY**
The Honorable Joshua D. Wolson
U.S. District Judge for the Eastern District of Pennsylvania
3809 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

  RE: *Microchip Technology Inc. v. Aptiv Services US, LLC*, C.A. No. 17-1194-JDW

Dear Judge Wolson:

  Pursuant to the Court's order (D.I. 366), Plaintiff Microchip Technology Inc. submits this letter brief in support of its proposed form of judgment following the jury's verdict. The parties dispute whether the issues of infringement and validity should apply to the same claims on the form of judgment as in the verdict. Microchip believes they should, but Aptiv does not. Aptiv seeks to extend the jury's verdict of non-infringement of claims 23–25 of U.S. Patent No. 7,523,243 ("the '243 Patent")—the only claims asserted at trial—to expressly cover all claims of the '243 Patent and also U.S. Patent No. 7,627,708 ("the '708 Patent"). But, on the other hand, Aptiv seeks to limit the jury's verdict of validity to only claims 23–25 of the '243 Patent. Simply put, Defendant is trying to have its cake and eat it too.

  The Court should render judgment consistent with the verdict form. *See Flexuspine, Inc. v. Globus Med., Inc.*, 879 F.3d 1369, 1373–75 (Fed. Cir. 2018) (affirming district court's denial of defendant's request to add issues of validity to the form of judgment, where doing so would be inconsistent with the verdict form). Although not directly on point, the reasoning in *Flexuspine* is persuasive here. In *Flexuspine*, the defendant sought to modify the court's judgment of noninfringement to add a judgment of invalidity. *Id.* at 1373. The verdict form, however, instructed the jury to stop and answer the question of validity only if infringement was found, and the defendant repeatedly declined to object to the verdict form. *Id.* at 1371–72. By agreeing with the verdict form, the defendant limited the issues presented to the jury at trial. *See id.* at 1375 (holding that "[t]he district court properly determined from [defendant's] lack of objection to the verdict form prior to the jury's deliberations that [defendant] submitted the issue of invalidity to the jury only as an affirmative defense, not as a counterclaim"). And the court properly entered judgment limited to the issues actually submitted to the jury in light of the verdict form and jury instructions. *Id.*

  The facts here are similar, if not more persuasive. Apparently out of concern for some hypothetical future case, Aptiv seeks to include in the Court's final judgment issues that were not submitted to the jury. The agreed verdict form asks only about infringement and validity of claims 23–25 of the '243 Patent. D.I. 356. Aptiv never objected to the verdict form on the basis that other claims or other patents should be included. To the contrary, Aptiv itself submitted the revised verdict form to the Court that expressly removed issues regarding the '708 Patent and

removed reference to all claims other than claims 23–25 of the '243 Patent. Ex. A.[1] Aptiv also submitted revised jury instructions that similarly removed those same issues. *Id.* Aptiv thus specifically revised the verdict form and the jury instructions to exclude all issues other than those regarding claims 23–25 of the '243 Patent.

Aptiv should not now be allowed to circumvent the jury and seek a final judgment on issues it specifically agreed not to present at trial. If Aptiv wanted the jury to decide issues of infringement or validity for any other claims or patents, Aptiv should have proposed asking the jury to do so based on its counterclaims. *See Voter Verified, Inc. v. Premier Election Sols., Inc.*, 698 F.3d 1374, 1382 (Fed. Cir. 2012) (explaining that defendants "kept any 'unasserted' claims before the district court by maintaining their respective counterclaims that alleged invalidity of" those claims). Moreover, Aptiv has already admitted that it would be inappropriate to enter judgment on issues that were not presented to the jury. In email correspondence regarding the form of judgment in this case, counsel for Aptiv stated: "Based on Microchip's election of claims, the question of whether any claims other than claims 23-25 of the '243 patent are invalid *was not presented to the jury. Thus it would be inappropriate to enter judgment* in Microchip's favor on Aptiv's counterclaims *as to any claims other than claims 23-25 of the '243 patent.*" Ex. B[2] (emphasis added). The same reasoning should apply to all questions that were not presented to the jury, as set out in the jury instructions and the verdict form.

Courts in the District of Delaware routinely enter forms of judgment that are consistent with the verdict forms. For example, in *PureWick Corp., v. Sage Products, LLC*, C.A. No. 19-1508-MN (D. Del.), the court entered judgment on the same claims and issues presented to the jury on the verdict form. The verdict form looked nearly identical to the one in this case with "yes" and "no" columns for questions of infringement and validity on specific patent claims. *Id.*, D.I. 316 (included as Ex. C). And the court entered judgment as to only those patent claims and issues. *Id.*, D.I. 320 (included as Ex. D). *Pacific Biosciences Cal., Inc., v. Oxford Nanopore Techs., Inc.*, C.A. No. 17-cv-1353-LPS (D. Del.), is another example. Again, the verdict form looked nearly identical to that here. *Id.*, D.I. 510 (included as Ex. E). And the court consistently entered judgment regarding specific patents and claims "as set out in the verdict form." *Id.*, D.I. 515 (included as Ex. F).

Any concerns that Aptiv may have regarding other claims and issues not submitted to the jury for a verdict are more appropriately handled under the preclusion doctrines (i.e., res judicata and collateral estoppel). Aptiv will be free to raise those affirmative defenses in the context of a live controversy should the need somehow arise. But Aptiv should not be allowed to bootstrap unripe issues of preclusion into this judgment—especially where Aptiv itself revised the jury instructions and verdict form to remove the exact claims and issues it now wants incorporated in the judgment.

---

[1] April 7, 2022 email from Tim Saulsbury to the Court and Andrew Russell, Re: "Microchip v. Aptiv, C.A. No. 17-1194-JDW - Jury Instructions and Verdict Form" (attachments excerpted).
[2] April 27, 2022 email from Eric Wiener to Brian Banner et al., Re: "RE: [EXT] RE: Microchip v. Aptiv, C.A. No. 17-1194 - Deadline today" (excerpted).

SHAW KELLER LLP
The Honorable Joshua D. Wolson
Page 3

      To the extent the Court agrees with Aptiv that the form of judgment should not be limited to claims 23–25 of the '243 Patent based on the agreed jury instructions and verdict form, the Court should treat the parties' claims equally.  In that event, the Court should also include the same patents and claims for the issue of validity, as noted in Microchip's proposed form of judgment.  Aptiv will likely argue the final judgment of validity should be limited to claims 23–25 of the '243 Patent because (1) Aptiv lacked standing to assert invalidity of claims that Microchip did not present at trial, and/or (2) those same issues of invalidity were moot because infringement was not presented to the jury.  Both arguments fail.  Starting with the second, the Supreme Court in *Cardinal Chemical* held that infringement and validity are separate questions, and a resolution regarding infringement does not "moot" the question of validity.  *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 95–98 (1993).  As to standing, the Federal Circuit in *Ameranth*, held "[t]he fact that Ameranth did not include certain claims which it originally accused of infringement in the amended disclosure of asserted claims does not mean that a case or controversy with respect to those claims disappeared." *Ameranth, Inc. v. Domino's Pizza, LLC*, 792 F. App'x 780, 784 (Fed. Cir. 2019) (citing *Cardinal Chem.*, 508 U.S at 95 ("In patent litigation, a party may satisfy th[e] burden, and seek a declaratory judgment, even if the patentee has not filed an infringement action.")).

      Respectfully submitted,

      */s/ Andrew E. Russell*

      Andrew E. Russell (No. 5382)

cc:    Clerk of Court (via CM/ECF)
       All Counsel of Record (via CM/ECF and Email)