# EXHIBIT A

| | |
|---|---|
| **From:** | Timothy Saulsbury |
| **To:** | Andrew Russell; Chambers_of_Judge_Wolson@paed.uscourts.gov |
| **Cc:** | Rovner, Philip A.; Jonathan A Choa - Potter Anderson & Corroon LLP (jchoa@potteranderson.com); John Shaw |
| **Subject:** | Microchip v. Aptiv, C.A. No. 17-1194-JDW - Jury Instructions and Verdict Form |
| **Attachments:** | 2022.04.07 Draft Final Jury Instructions (Aptiv Edits).docx |
| | 2022.04.07 Draft Verdict Form (Aptiv Edits).docx |
| | 2022.04.07 Draft Final Jury Instructions (REDLINE).docx |
| | 2022.04.07 Draft Verdict Form (REDLINE).docx |

Dear Judge Wolson,

Pursuant to the court's request that the parties update the final jury instructions and verdict form, Aptiv provided to Microchip at 1pm today the attached redlines (labeled Aptiv Edits) to reflect the claim and defense narrowing, and rulings on the motions *in limine*.

This evening, Microchip replied with redlines on top of Aptiv's afternoon version. Those redlines are also attached (labeled REDLINES).

In the interest of getting these materials to court as soon as possible, the parties met and conferred and agreed to provide this full set of materials to you.

Respectfully submitted,
Tim

Tim Saulsbury (he/him) | Durie Tangri LLP | tsaulsbury@durietangri.com | (415) 376-6448

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | § § § | |
| Plaintiff, | § § | C.A. No. 17-1194-JDW |
| vs. | § § | JURY TRIAL DEMANDED |
| APTIV SERVICES US, LLC, | § § § | |
| Defendant. | § § § § | |

**PROPOSED VERDICT FORM**

Pursuant to D. Del. L.R. 51.1 and the Scheduling Order (D.I. 309), Plaintiff Microchip Technology Incorporated and Defendant Aptiv Services US, LLC submit the following Proposed Verdict Form.

1

We, the jury, unanimously agree to the answers to the following questions and return them as our verdict in this case:

I. **DIRECT INFRINGEMENT**

**Question No. 1.** Has Microchip proven by a preponderance of the evidence that Aptiv directly infringed the following asserted claims? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.

'243 Patent

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| ~~Claim 10:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| ~~Claim 22:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| **Claim 23:** | Yes _____ | No _____ |
| **Claim 24:** | Yes _____ | No _____ |
| **Claim 25:** | Yes _____ | No _____ |

2

~~'708 Patent~~

~~Claim 6:        Yes _____     No _____~~

## ~~II.  INDIRECT INFRINGEMENT~~

~~**Question No. 2.**   Has Microchip proven by a preponderance of the evidence that Aptiv actively induced infringement of the following asserted claims? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.~~

~~'243 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 10:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 22:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 23:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 24:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 25:~~ | ~~Yes_____~~ | ~~No_____~~ |

~~'708 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |

~~**Question No. 3.** Has Microchip proven by a preponderance of the evidence that Aptiv contributed to the infringement of the following asserted claims? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.~~

~~'243 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 10:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 22:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 23:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 24:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 25:~~ | ~~Yes_____~~ | ~~No_____~~ |

~~'708 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |

5

## ~~III.~~II.    WILLFUL INFRINGEMENT

If you answered "YES" to Question 1~~, 2, and/or 3~~ for any of the claims, answer Question 2~~4~~. If not, go to Question 3~~5~~.

~~Question No. 4.~~Question No. 2. Has Microchip proven by a preponderance of the evidence that Aptiv's infringement was willful? "Yes" is in favor of Microchip, and "No" is in favor of Aptiv.

|  | Yes | No |
|---|---|---|
| ~~'243 Patent~~ |  |  |
| ~~'708 Patent~~ | ~~Yes~~ | ~~No~~ |

[Formatted Table]

6

## IV. ~~VALIDITY – ANTICIPATION~~

~~**Question No. 5.** Has Aptiv proven by clear and convincing evidence that the following claims are anticipated by a prior art product? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.~~

~~'243 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 10:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 22:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 23:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 24:~~ | ~~Yes_____~~ | ~~No_____~~ |
| ~~Claim 25:~~ | ~~Yes_____~~ | ~~No_____~~ |

~~'708 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes_____~~ | ~~No_____~~ |

**Formatted:** Font: Not Bold

## ~~V.~~III.  VALIDITY – OBVIOUSNESS

~~Question No. 6.~~Question No. 3. Has Aptiv proven by clear and convincing evidence that the following claims are invalid as obvious based on a prior art product combined with prior art patents or publications? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

'243 Patent

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes~~ | ~~No~~ |
| ~~Claim 10:~~ | ~~Yes~~ | ~~No~~ |
| ~~Claim 22:~~ | ~~Yes~~ | ~~No~~ |
| **Claim 23:** | Yes _____ | No _____ |
| **Claim 24:** | Yes _____ | No _____ |
| **Claim 25:** | Yes _____ | No _____ |

~~'708 Patent~~

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes~~ | ~~No~~ |

8

## ~~VI.~~**IV.**   VALIDITY – WRITTEN DESCRIPTION

~~Question No. 7.~~**Question No. 4.** Has Aptiv proven by clear and convincing evidence that the following claims are invalid due to lack of adequate written description? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

'243 Patent

| | | |
|---|---|---|
| ~~Claim 6:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| ~~Claim 10:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| ~~Claim 22:~~ | ~~Yes~~ _____ | ~~No~~ _____ |
| **Claim 23:** | Yes _____ | No _____ |
| **Claim 24:** | Yes _____ | No _____ |
| **Claim 25:** | Yes _____ | No _____ |

~~'708 Patent~~

~~Claim 6:         Yes_____      No_____~~

## ~~VII.~~V.  VALIDITY – ENABLEMENT

~~Question No. 8.~~Question No. 5. Has Aptiv proven by clear and convincing evidence that the following claims are invalid for failure to enable the claimed invention? "Yes" is in favor of Aptiv, and "No" is in favor of Microchip.

'243 Patent

~~Claim 6:~~        ~~Yes_____~~       ~~No_____~~

~~Claim 10:~~       ~~Yes_____~~       ~~No_____~~

~~Claim 22:~~       ~~Yes_____~~       ~~No_____~~

Claim 23:        Yes_____       No_____

Claim 24:        Yes_____       No_____

Claim 25:        Yes_____       No_____

11

~~'708 Patent~~

~~Claim 6:~~          ~~Yes~~____          ~~No~~____

## ~~VIII.~~VI.   DAMAGES

**If you answered "Yes" to any asserted claim in question 1~~, 2, or 3~~ and answered "No" to the corresponding claim in questions 3~~5~~ through 5~~8~~ (*i.e.*, if you found any asserted claims to be valid and infringed), then you must consider and follow the instructions below. If you did not find any claims both infringed and valid, then you should not answer any questions related to damages, and should proceed to the signature page (page 8~~13~~).**

For each infringing unit sold, you may only award one category of damages: either lost profits or a reasonable royalty.

~~Question No. 9.~~**Question No. 6.** What total dollar amount of lost profits, if any, did Microchip prove by a preponderance of the evidence it is entitled to?

   $_____

~~Question No. 10.~~Question No. 7.      What total dollar amount did Microchip prove by a preponderance of the evidence it is owed as a reasonable royalty for Aptiv's use of the invention?

$_____

You have now reached the end of the verdict form and you should review it to ensure it accurately reflects your **unanimous** determinations. After you are satisfied that your unanimous answers are correctly reflected above, your Jury Foreperson should then sign and date this Verdict Form in the spaces below.  Once that is done, notify the Court Security Officer that you have reached a verdict.  The jury foreperson should retain possession of the verdict form and bring it when the jury is brought back into the courtroom.

I certify that the jury unanimously concurs in every element of the above verdict.

_____
JURY FOREPERSON

Date: _____

        Respectfully submitted,

        SHAW KELLER LLP

        */s/ DRAFT*
        John W. Shaw (No. 3362)
        Jeffrey T. Castellano (No. 4837)
        Nathan R. Hoeschen (No. 6232)
        I.M. Pei Building
        1105 North Market Street, 12th Floor
        Wilmington, DE 19801

OF COUNSEL:     (302) 298-0700
Bruce W. Slayden II    jshaw@shawkeller.com
Brian C. Banner      jcastellano@shawkeller.com
R. William Beard, Jr.   nhoeschen@shawkeller.com
Truman H. Fenton     *Attorneys for Plaintiff*
Darryl J. Adams
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
(512) 402-3550

Dated:

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | § § § | |
| Plaintiff, | § | C.A. No. 17-1194-LPS-CJB |
| vs. | § § § | JURY TRIAL DEMANDED |
| APTIV SERVICES US, LLC, | § § | |
| Defendant. | § § § | |

## PROPOSED FINAL JURY INSTRUCTIONS

> Judge Wolson's procedure on jury instructions: "The Court will generally require the parties to submit a joint proposed set of jury instructions. The Court's pretrial order will detail how the parties should present contested jury instructions. Each point for charge and proposed jury interrogatory shall be numbered and on a separate sheet of paper. Each proposed instruction must be submitted with corresponding legal authority. If a model jury instruction is used, then the party submitting it shall state whether the proposed instruction is unchanged or modified. If a party modifies a model instruction, then additions and deletions must be noted."
>
> From the pretrial order: "the Parties may file proposed jury instructions on substantive issues with an electronic copy e-mailed in Word format to Chambers_of_Judge_Wolson@paed.uscourts.gov with "jury instructions" and the case caption in the subject line. Proposed jury instructions should be submitted as a joint submission, and for any instructions on which the Parties do not agree, plaintiff's proposal shall be in italics and defendant's submission shall be in bold, with citations to the sources of law upon which each proposed instruction is based.

**3.4  INDEPENDENT AND DEPENDENT CLAIMS**

There are two different types of claims in the patent. The first type is called an "independent claim." An independent claim does not refer to any other claim of the patent. An independent claim is read separately to determine its scope. In this case, claim ~~s 1, 3, 7, 18 and~~ 23 of the '243 Patent ~~and claim 3 of the '708 Patent are~~is an independent claim~~s~~. You know this because ~~they~~ it mention~~s~~ no other claims. Accordingly, the words of each independent claim are read by themselves in order to determine what that covers. ~~Independent claim 23 of the '243 Patent is asserted in this case.~~

~~The remaining asserted claims of the patents~~ Claims 24 and 25 of the '243 Patent are dependent claims. A "dependent claim" refers to and depends upon at least one other claim in the patent and thus incorporates all of the requirements of the claims to which it refers. Accordingly, to determine what a dependent claim covers, you must read both the dependent claim and the claim to which it refers. Here, for example, ~~for example,~~ claim 24 of the ~~5 of the~~ '243~~708~~ Patent is a dependent claim. You know this because it refer~~s~~s to independent claim 23. Accordingly, the words of claims 23 and 24~~5~~ are read together in order to determine what claim 24~~5~~ of the '243~~708~~ Patent covers. ~~Similarly, claim 6 of the '708 Patent is a dependent claim because it refers to dependent claim 5, which in turn refers to independent claim 3. Accordingly, the words of claims 3, 5, and 6 are read together in order to determine what claim 6 of the '708 Patent covers.~~

*Source: Glaxo Final (customized for this case)*

27