

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000
www.potteranderson.com

**Philip A. Rovner**
Partner
Attorney at Law
provner@potteranderson.com
302 984-6140 Direct Phone
302 658-1192 Firm Fax

May 4, 2022

**VIA CM/ECF**

The Honorable Joshua D. Wolson
United States District Court for the Eastern District of Pennsylvania
James A. Byrne United States Courthouse
601 Market Street, Room 3809
Philadelphia, PA 19106

      Re:    *Microchip Technology Inc. v. Aptiv Services US, LLC*,
                C.A. No. 17-1194-JDW

Dear Judge Wolson:

      Pursuant to D.I. 366, Aptiv submits this letter brief in support of its proposed form of the order of judgment (D.I. 365, Exhibit B). Aptiv is entitled to judgment on Microchip's two counts for infringement in their entirety because Microchip did not establish that Aptiv infringed any claim. That also mandates entry of judgment on the corresponding counterclaims for non-infringement. Microchip abandoned most of the individual patent claims before trial. That in turn had the effect of mooting Aptiv's claims for invalidity of the dropped claims because there was no longer a case or controversy with respect to those claims. As a result, Aptiv could not have proceeded with its invalidity arguments at trial with respect to the dropped claims. Thus the judgment on Aptiv's invalidity counterclaims must be limited to the three claims that were tried before the jury, namely Claims 23, 24, and 25 of the '243 patent.

      On September 7, 2018, Microchip served infringement contentions alleging infringement of claims 2, 6, 10, 16, 17, and 22-25 of the '243 patent and claim 6 of the '708 patent. Microchip continued to assert infringement of these ten claims up until just before trial. In connection with negotiating the pretrial order, on February 14, Microchip proposed to Aptiv that it would narrow the case to five claims in exchange for Aptiv agreeing to narrow its invalidity case to three theories. Ex. 1. The parties ultimately agreed that Microchip would narrow the case to seven claims in exchange for Aptiv narrowing its invalidity case to four invalidity theories. Ex. 2. On March 2, Microchip "elect[ed] to pursue" claims 6, 10, and 22-25 of the '243 patent, and claim 6 of the '708 patent. *Id*. On April 2 (the Saturday before trial), Microchip informed Aptiv that "[t]o further narrow the issues for the jury, Microchip will not assert Claim 22 of the '243 patent" and that it was "withdrawing its indirect infringement claims." Ex. 3. The next day (Sunday, April 3), Microchip informed Aptiv that it was no longer asserting claim 6 of the '708 patent or claims 6 or 17 of the '243 patent, and that the "remaining asserted claims are '243 patent claims 10 & 23-25." Ex. 4. Then, the morning of opening statements (April 6),

Microchip dropped claim 10 (leaving just claims 23-25 of the '243 patent in the case). Ex. 5. At no point did Microchip suggest, or did Aptiv agree, that the dropped claims were being dismissed *without* prejudice, or that Microchip reserved the right to assert those claims against the accused products. The parties presented evidence regarding the infringement (or non-infringement) and validity (or invalidity) of claims 23-25 of the '243 patent at trial, and the jury returned a verdict of no infringement and no invalidity of those three claims. D.I. 356 (jury verdict).

Aptiv is Entitled to Judgment of Non-infringement of All Claims of the '243 and '708 Patents

Following summary judgment, Microchip had two active causes of action: (1) infringement of the '243 patent and (2) infringement of the '708 patent. As the plaintiff, it was entitled to choose how to present those counts to the jury. Ultimately, it chose to present arguments only as to direct infringement, and only based on claims 23-25 of the '243 patent. This decision was entirely voluntary, and Microchip, having failed to establish infringement of any claims of the '243 or '708 patents, should not be permitted to reserve the right to assert in the future the legal theories it elected not to present to the jury.

Microchip now contends that its decision to present only claims 23-25 of the '243 patent at trial equates to voluntary dismissal of the unasserted claims without prejudice. It did not, however, comply with Fed. R. Civ. P. 41's requirements for voluntary dismissal. "If an answer or a motion for summary judgment has been served, the plaintiff no longer has the right to dismiss and, unless all of the parties stipulate to dismissal, both Rule 41(a)(2) and a myriad of cases demand that a plaintiff who wishes to dismiss must obtain an order of the district court." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1365 (Fed. Cir. 2009) (quoting 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 2364 (3d Ed. 2008)). Here, there was no stipulation. Instead, Microchip simply informed Aptiv by email that it would "not assert" the dropped claims or would "not present [the claims] at trial." And even if Microchip were permitted to voluntarily dismiss claims on the eve of trial, Rule 41(a)(1)(B) would mandate that this dismissal operate as an adjudication on the merits because this would be the second time that Microchip has asserted and dismissed these claims. *See* Microchip's Notice of Dismissal Without Prejudice, D.I. 43, *Microchip Tech. Inc. v. Delphi Automotive Sys., LLC*, 2:16-cv-02817-DJH (D. Ariz. Aug. 24, 2017).

This result is also mandated by principles of *res judicata* and equitable estoppel. "Claim preclusion will generally apply when a patentee seeks to assert the same patent against the same party and the same subject matter." *Senju Pharm. Co. Ltd. v. Apotex Inc.,* 746 F.3d 1344, 1349 (Fed. Cir. 2014); *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619-20 (Fed. Cir. 1995) ("It is well established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together."); *see also Cordis Corp. v. Bos. Sci. Corp.*, 431 F. Supp. 2d 442, 450 (D. Del. 2006) (in the context of withdrawn claims, noting that "the doctrine

of res judicata protects a party from being sued on claims that could have been asserted in an earlier suit but were not.").[1]  Likewise, Aptiv relied to its detriment on Microchip's representation that it would drop the unasserted claims.  *See Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305 (Fed. Cir. 2010) (defendant detrimentally relied on patentee's silence regarding two of the four patents initially identified in pre-suit correspondence).  Had Aptiv known that Microchip intended to preserve the right to re-assert its dropped claims, it would not have agreed to a verdict form that failed to address them.

<u>Aptiv Should Not Be Barred from Presenting Invalidity Defenses It Could Not Present at Trial</u>

Because Microchip had dropped most of the claims before trial, Aptiv was unable to present its invalidity defenses and counterclaims arising from the dropped claims.  Absent an active case or controversy, the Court lacked jurisdiction to determine the invalidity issues with respect to the unasserted claims.  *See. e.g., Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012) ("There was no case or controversy with respect to the unasserted claims at the time of the summary judgment motions; therefore the district court did not have jurisdiction over the unasserted claims."); *Streck, Inc. v. Rsch & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1283 (Fed. Cir. 2012) ("[J]urisdiction must exist 'at all stages of review, not merely at the time the complaint [was] filed.'") (quoting *Benetic Austl., Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1345 (Fed. Cir. 2007)).  Because Aptiv (correctly) understood the dropped claims to be finally disposed of, it did not believe there was an active controversy sufficient to support jurisdiction over its counterclaims for invalidity of those same claims.

Because there was no active controversy to permit a full and fair opportunity to litigate the validity of the unasserted claims, *res judicata* does not attach to Aptiv's counterclaims (other than those related to claims 23-25 of the '243 patent).  *See Allergan, Inc. v. Sandoz, Inc.*, 681 Fed. Appx. 955, 963 (Fed. Cir. 2017).  And it makes no sense that, for example, Aptiv would be precluded from asserting invalidity of the '708 patent, which Microchip chose to drop three days before trial and about which the jury heard no direct evidence, should Microchip later assert that patent against one of Aptiv's other products.  *See Senju Pharm.*, 746 F.3d at 1349.

Respectfully,

/s/ Philip A. Rovner

Philip A. Rovner (#3215)

cc:  All Counsel of Record –  by CM/ECF

---

[1] The Court in *Cordis* entered judgment of non-infringement only on the claims that were tried, but also dismissed the withdrawn claims **with prejudice**.  Case No. 97-CV-550, D.I. 1432, *attached* as Ex. 6.  That approach is equally acceptable and has the same substantive effect.