IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICROCHIP TECHNOLOGY INCORPORATED,**<br><br>*Plaintiff,*<br><br>v.<br><br>**APTIV SERVICES US LLC,**<br><br>*Defendant.* | Case No. 1:17-cv-01194-JDW |

### MEMORANDUM

On April 7, 2022, the Court asked Microchip if it dropped the '708 Patent claims, and Microchip confirmed that it had. During trial, neither Party presented any evidence on the '708 Patent. Both focused solely on claims 23–25 of the '243 Patent.

The Court provided the Parties with a verdict form that only referenced claims 23–25 of the '243 Patent. The Parties had an opportunity to object and did not do so. The Court sent a final verdict form that only referenced claims 23–25 of the '243 Patent to the jurors. The jury decided that Aptiv did not infringe claims 23–25 of the '243 Patent and that claims 23–25 were valid. Aptiv now argues that the Court should enter a judgment in favor of Aptiv with respect to Microchip's infringement claims for the '708 Patent and the entirety of the '243 Patent.

The Court will not do so. The nub of this dispute is that Aptiv wants to maximize the estoppel effect of this judgment. But the effect of Microchip abandoning its claims with respect to the '708 Patent and certain '243 Patent claims is an issue that the Court need not decide. The Court merely has to decide what the form of judgment says. Should Microchip assert claims against Aptiv that Microchip elected not to present to the jury, the Parties can present these same arguments at that time.

For now, the Court will enter a form of judgment consistent with the verdict form sent to the jurors. Such an approach is the norm. *See Cordis Corp. v. Bos. Sci. Corp.*, 431 F. Supp. 2d 442, 450 (D. Del. 2006) (entering a judgment that excluded dismissed claims); (*compare* D.I. 367-3 (verdict form) *with* 367-4 (accompanying form of judgment); *see also* D.I. 367-6 (entering judgment "as set out in the verdict form.").) Aptiv has not cited any case or authority to the contrary, and the Court sees no reason to depart from the norm.

                                                       **BY THE COURT:**

                                                       */s/ Joshua D. Wolson*
                                                       JOSHUA D. WOLSON, J.

May 6, 2022