IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) |
| Defendant. | ) ) |

**PLAINTIFF MICROCHIP TECHNOLOGY INCORPORATED'S REPLY BRIEF
IN SUPPORT OF ITS MOTION FOR NEW TRIAL PURSUANT TO RULE 59 (D.I. 371)**

OF COUNSEL:
Bruce W. Slayden II
Brian C. Banner
R. William Beard, Jr.
Truman H. Fenton
Darryl J. Adams
Joseph D. Gray
SLAYDEN GRUBERT BEARD PLLC
401 Congress Ave., Suite 1650
Austin, TX 78701
(512) 402-3550

Dated: June 24, 2022

John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  REPLY TO APTIV'S LEGAL STANDARD ............................................................... 2

III. ARGUMENT .................................................................................................................. 3

   A.  Aptiv Presented A New Non-Infringement Theory And Claim
       Construction To The Jury ..................................................................................... 3

      1.  Aptiv's Opposition Contradicts Aptiv's Clear Statements To The Court
          During Trial ................................................................................................ 3

      2.  Aptiv Did Not Timely Disclose Its New Non-Infringement Argument(s) ...... 4

      3.  Microchip Did Not Waive Its "Simultaneously Configured" Claim
          Construction Argument................................................................................ 5

      4.  Aptiv Argued Claim Construction to the Jury ................................................ 6

   B.  Aptiv Mischaracterizes Its § 112 Argument Which Caused Jury Confusion ....... 7

   C.  Aptiv Used Its Own Patents As Evidence Of Non-Infringement ........................ 8

      1.  Microchip Did Not Waive Its Objection To Aptiv Using Its Patents As
          Evidence Of Non-Infringement .................................................................. 8

      2.  Aptiv Mischaracterizes How It Used Its Patents............................................. 9

   D.  Aptiv Unfairly Elicited Improper Expert Testimony From Mr. Bohm .............. 9

   E.  A New Trial Is Warranted.................................................................................... 10

IV.  CONCLUSION ............................................................................................................. 11

i

## TABLE OF AUTHORITIES

**Cases**

*Bio-Technology General Corp. v. Genetech, Inc.*,
  80 F.3d 1553 (Fed. Cir. 1996) ............................................................................................... 9

*Bullen v. Chaffinch*,
  336 F. Supp. 2d 342 (D. Del. 2004) ...................................................................................... 2

*Dunn v. HOVIC*,
  1 F.3d 1371 (3d Cir. 1993) ..................................................................................................... 2

*Enovsys LLC v. Nextel Comm'ns, Inc.*,
  614 F.3d 1333 (Fed. Cir. 2010) ............................................................................................. 6

*Fineman v. Armstrong World Indus., Inc.*,
  980 F.2d 171 (3d Cir. 1992) ............................................................................................... 1, 8

*Leonard v. Stemtech Int'l Inc.*,
  384 F.3d 376 (3d Cir. 2016) ................................................................................................... 2

*McQueeney v. Wilmington Tr. Co.*,
  779 F.2d 916 (3d Cir. 1985) .............................................................................................. 1, 10

*Murray v. Fairbanks Morse*,
  610 F.2d 149 (3d Cir. 1979) ............................................................................................... 2, 8

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) .......................................................................................... 6, 7

*Orexigen Therapeutics, Inc. v. Actavis Labs. FL, Inc.*,
  C.A. No. 1:15-CV 451-RGA, 2017 WL 2221178 (D. Del. May 19, 2017) ............................. 5

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  585 F. Supp. 2d 583 (D. Del. 2008) ...................................................................................... 2

*Smith v. Rosebud Farm, Inc.*,
  898 F.3d 747 (7th Cir. 2018) ................................................................................................. 2

*Straub v. Reading Co.*,
  220 F.2d 177 (3d Cir. 1955) ............................................................................................... 1, 8

*United States v. Zehrbach*,
  47 F.3d 1252 (3d Cir.1995) ................................................................................................ 1, 10

I. **INTRODUCTION**

Aptiv fails to explain away the many improper and prejudicial arguments its counsel made throughout the trial and during closing arguments. Instead, Aptiv mischaracterizes the record and advances arguments that are contrary to law. Aptiv repeatedly suggests Microchip waived issues by failing to object to Aptiv's prejudicial closing argument. But Aptiv ignores that Microchip timely objected—in motions *in limine* and during trial—to each of Aptiv's prejudicial arguments. The Third Circuit has long held a party is "not required to object to each and every objectionable remark because requiring such action would have unnecessarily created even more prejudice [to the objecting party] . . . in the eyes of the jury." *Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 207 n.26 (3d Cir. 1992); *see also Straub v. Reading Co.*, 220 F.2d 177, 180–81 (3d Cir. 1955) (reversing district court and granting new trial, noting that "defense could not be constantly objecting . . . because of the probable prejudice to its cause in the minds of the jury"). As explained in Microchip's opening brief, the Court ruled against Microchip on each of the issues. The law does not require Microchip to lodge additional (futile) objections in front of the jury to preserve its objections. *See id.*

Aptiv argues (in the alternative) its improper tactics were harmless (and should be excused) because separate grounds exist to affirm the jury's verdict. D.I. 378 at 16–20. In this Circuit, however, errors in civil cases "are harmless ***only if*** it is highly probable that the errors did not affect the outcome of the case." *McQueeney v. Wilmington Tr. Co.*, 779 F.2d 916, 917–18 (3d Cir. 1985) (emphasis added); *see also id.* at 923–25. "'High probability' requires that the court possess a 'sure conviction that the error did not prejudice'" the affected party. *United States v. Zehrbach*, 47 F.3d 1252, 1265 (3d Cir.1995) (en banc). Here, Aptiv does not argue that it is highly probable that its conduct did not affect the outcome of the case. Aptiv merely points to *some* evidence that allegedly supports the jury's verdict. Even if that evidence did support the verdict (it does not), its

1

existence does not *ipso facto* lead to a sure conviction that Aptiv's improper arguments were not prejudicial to Microchip. In other words, there is always *some* evidence to support a jury's verdict, Under Aptiv's erroneous test, a Rule 59 motion could never be granted.

For these reasons—and for the reasons discussed more fully below, Microchip's motion for new trial should be granted.

## II. REPLY TO APTIV'S LEGAL STANDARD

Aptiv concedes that a new trial is warranted where "improper statements . . . so pervade[d] the trial as to render the verdict a product of prejudice." D.I. 378 at 1–2 (citing *Leonard v. Stemtech Int'l Inc.*, 384 F.3d 376, 299 (3d Cir. 2016)). As explained in Microchip's opening brief (and below), that is exactly what happened here. Thus, a new trial should be granted because "a miscarriage of justice would result if the verdict were to stand." D.I. 378 at 2 (Aptiv citing *Bullen v. Chaffinch*, 336 F. Supp. 2d 342, 347 (D. Del. 2004)).

Aptiv relies on Seventh Circuit law to argue "improper statements made during closing arguments seldom warrant a new trial." D.I. at 2 (citing *Smith v. Rosebud Farm, Inc.*, 898 F.3d 747, 753 (7th Cir. 2018)). But the "applicable law is the law of the appropriate regional circuit—in this case, the Third Circuit." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 585 F. Supp. 2d 583, 586 (D. Del. 2008). Aptiv cites to the Third Circuit's decision in *Dunn v. HOVIC* for the same proposition. D.I. at 2 (citing *Dunn v. HOVIC*, 1 F.3d 1371, 1377 (3d Cir. 1993) (en banc)). However, the *Dunn* court discussed the standard of appellate review, noting that "the trial judge is in a better position than an appellate court to determine whether remarks of counsel are prejudicial." *Id.* Thus, *Dunn* does not control a trial court's decision on a motion for a new trial.

Finally, Aptiv's citation to *Murray* is inapposite. *Murray* held that a party is precluded from seeking a new trial based on remarks made in closing where there is "no objection in the record." *Murray v. Fairbanks Morse*, 610 F.2d 149, 152 (3d Cir. 1979). Here, Microchip timely

2

objected to each of Aptiv's improper arguments prior to closing arguments. Thus, *Murray* is not instructive.

## III. ARGUMENT

### A. Aptiv Presented A New Non-Infringement Theory And Claim Construction To The Jury

Microchip's opening brief explained a new trial is necessary because Aptiv included new claim construction and non-infringement arguments in its closing argument. D.I. 375 at 3–9. Aptiv's opposition mischaracterizes the record and should be rejected.

#### 1. Aptiv's Opposition Contradicts Aptiv's Clear Statements To The Court During Trial

Aptiv attempts to defend its improper and untimely non-infringement argument by creating a strawman. Specifically, Aptiv argues "Microchip has conflated two distinct non-infringement arguments." D.I. 378 at 3. According to Aptiv, these are (1) an "as sold" argument, and (2) a "simultaneously configured" argument. *See id.* ("This 'as sold' argument is distinct from the 'simultaneously configured' argument that is the subject of the present motion."). Microchip does not conflate two separate non-infringement arguments because these arguments are not separate, as confirmed by statements Aptiv's counsel made during trial. Indeed, Aptiv's counsel clearly and unequivocally stated on the record that the "simultaneously configured" defense is part and parcel with the "as sold" non-infringement defense. Aptiv quotes its counsel's statement in its opposition brief, yet crops the sentence that confirms the "as sold" and "simultaneously configured" defenses are one and the same:[1]

> There is no evidence that the dual role hub, *as sold* by Aptiv to its customers, and before it is connected to a head unit with the appropriate software, by its customers, can meet certain limitations of claims 23 to 25. The evidence shows that the dual role hub, *as sold* to Aptiv's customers, is only capable of connecting to one host. **_Thus, there exists no evidence that the dual role hub has a shared USB device_**

---

[1] *See* D.I. 378 at 4 (leaving out last sentence starting with "Thus, there exists no evidence…").

3

> *block operable to be <u>simultaneously configured</u> by two or more USB hosts*, has a controller configured to establish concurrent respective dedicated USB connections between the shared USB device block and the two or more hosts, or a controller that is operable to receive and respond to simultaneous access request sent by the two or more USB hosts when it is sold to Aptiv's customers.

Trial Tr. Vol. 6 at 7:18–8:16 (emphasis added) (bold text omitted from Aptiv's opposition brief). Thus, according to Aptiv's counsel, the "as sold" argument is not "distinct" from the "simultaneously configured" argument. Aptiv's argument to the contrary in its opposition brief should be rejected.[2]

### 2. Aptiv Did Not Timely Disclose Its New Non-Infringement Argument(s)

Even if there are two separate non-infringement arguments, Aptiv did not timely disclose either before making its closing argument. Aptiv points to paragraph 5 of Interrogatory No. 3 as disclosing the "as sold" argument (D.I. 378 at 5–6), but Microchip explained in its opening brief that paragraph 5 relates to a different patent not presented at trial (the '191 Patent) (D.I. 375 at 5). Aptiv does not rebut this fact, and thus concedes that paragraph 5 does not relate to the '243 Patent.

Separately, Aptiv points to paragraph 3 of Interrogatory No. 3 as disclosing its "simultaneously configured" argument. D.I. 378 at 6. This interrogatory response does not mention the "simultaneously configured" term found in claims 23–25 of the '243 Patent. Rather, as Aptiv admits, the response discusses whether Aptiv's Dual Role Hub is "enumerated": "No USB device in the Dual Role Hub is ever enumerated by multiple USB hosts, *let alone enumerated by two hosts at the same time*, or accessed by two or more hosts alternately." D.I. 378 at 6 (quoting Ex. 1 at 11 (¶ 3)) (emphasis original). But the "simultaneous enumeration" and "alternate access" language comes from the claims of the '708 Patent which was withdrawn before trial. *See, e.g.*, Ex. J ('708 Patent), Claim 7 ("… allow the plurality of hosts to: *simultaneously enumerate* and

---

[2] Aptiv creates this strawman to argue Microchip waived the issue. Microchip addresses that incorrect argument in Section III.A.3 below.

configure the USB device; … and **alternately access** the USB function block…" (emphasis added)).

Clearly the enumeration non-infringement defense in paragraph 3 of the interrogatory response has nothing to do with Claims 23–25 of the '243 Patent. It certainly does not support Aptiv's argument that Aptiv timely disclosed the "simultaneously configured" argument during discovery. That Aptiv spends nearly a page of its opposition brief explaining why an interrogatory response related to simultaneous enumeration in the '708 Patent should be read to disclose a "simultaneously configured" non-infringement defense for the '243 Patent (D.I. 378 at 6) confirms the latter was not timely disclosed and was improperly presented to the jury. *See Orexigen Therapeutics, Inc. v. Actavis Labs. FL, Inc.*, C.A. No. 1:15-CV 451-RGA, 2017 WL 2221178, at *2 (D. Del. May 19, 2017) (precluding new non-infringement arguments raised for the first time at trial).

### 3. Microchip Did Not Waive Its "Simultaneously Configured" Claim Construction Argument

Aptiv does not dispute that Microchip timely raised the claim construction issue related to Aptiv's "as sold" non-infringement defense. Aptiv's only argument that Microchip waived claim construction of "simultaneously configured" is that the "simultaneously configured" argument is distinct from the "as sold" argument. As discussed above (*see* Section III.A.1), these are not separate arguments; Aptiv's counsel admitted this. *See* Trial Tr. Vol. 6 at 7:18–8:16. Consequently, Microchip did not waive this claim construction issue. Microchip raised the issue before closing arguments were made by informing the Court that Aptiv's new non-infringement argument raises "a clear dispute of claim scope that . . . would have needed to have been resolved under *O2 Micro*." *See* D.I. 375 at 6–7 (quoting Trial Tr. Vol. 6 at 13:3–12, 13:21–14:5). The Court denied Microchip's request, ruling it would not "preclude Aptiv from making the argument. . . . I'll let

5

the argument go and, you know, [Aptiv] can argue it is a plain and ordinary meaning of . . . the claim. And the jury will decide if they agree with that or not." Trial Tr. Vol. 6 at 23:5–14; *accord* D.I. 378 at 8 (Aptiv noting the Court "determined that no claim construction was necessary").

Having timely raised the issue, Microchip should not be found to have waived it. The *Enovsys* case cited by Aptiv does not hold otherwise. The *Enovsys* courrt found wavier "where the party failed to raise the claim construction argument until after trial." *Enovsys LLC v. Nextel Comm'ns, Inc.*, 614 F.3d 1333, 1344 n.6 (Fed. Cir. 2010). In contrast, Microchip raised the issue during trial and before Aptiv argued its untimely non-infringement argument, including arguing how the jury should construe "simultaneously configured" in Claim 23. Thus, Microchip did not waive this issue.

4.  **Aptiv Argued Claim Construction to the Jury**

Microchip explained in its opening brief how Aptiv's counsel included a full *Phillips* claim construction analysis in her closing, referring to (1) expert testimony, (2) extrinsic references, (3) extrinsic inventor evidence, (4) the patent specification, and (5) the file history as allegedly supporting Aptiv's view that "simultaneously configured" in Claim 23 means "two hosts [must] configure their devices at the same time." Trial Tr. Vol. 6 at 120:18–19; *see also id.* at 116:9–12, 116:17–20. Aptiv does not seriously contest its counsel made this claim construction argument. *See* D.I. 378 at 8 (single conclusory sentence stating "Aptiv did not argue claim construction to the jury."). Instead, Aptiv argues it "applied the plain and ordinary meaning of the term." *Id.* As Microchip explained to the Court, Aptiv's untimely non-infringement argument raised "a clear dispute of claim scope" under *O2 Micro*. Trial Tr. Vol. 6 at 13:21–14:5.

In *O2 Micro*, the Federal Circuit held that a plain and ordinary meaning construction "may be inadequate when a term has more than one 'ordinary' meaning." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008). Here, Aptiv argued in closing that

6

"simultaneously configured" means the two hosts must configure the shared USB device block at the same time. Trial Tr. Vol. 6 at 120:18–19. Microchip's equally plausible (and more fully supported) understanding of the term is that the shared USB device is operable to be in a state where it has been simultaneously configured by two or more hosts, i.e., it does not need to be reconfigured between accesses by different hosts. *See, e.g.*, Tr. Ex. 1 at Abstract ("A shared USB device may be ***simultaneously configured*** and accessed by two or more USB hosts by using a multi-host capable device controller. … Each host may therefore establish a dedicated USB connection with the sharing device ***without the sharing device having to be re-configured*** or re-enumerated each and every time the upstream hosts alternate accessing the USB device." (emphasis added)).

Aptiv's untimely non-infringement argument raised "a clear dispute of claim scope" under *O2 Micro* and the Court should have precluded Aptiv from arguing this claim construction dispute to the jury. *O2 Micro*, 521 F.3d at 1362–63 (remanding where parties presented arguments about claim scope to the jury). Aptiv's citation to *LG Elecs.* is inapposite because that case did not involve an *O2 Micro* issue or deal with a new claim construction argument made during closing arguments. Aptiv's argument to the jury about what the plain and ordinary meaning of the term "simultaneously configured" was highly prejudicial and likely influenced the jury's verdict. Thus, a new trial is warranted. *Id.*

### B. Aptiv Mischaracterizes Its § 112 Argument Which Caused Jury Confusion

Microchip's opening brief explained how Aptiv's counsel improperly argued if the patent does not describe and enable host-to-host communication (the accused product), then host-to-host communication must be outside "the full scope of the claims"—i.e., there cannot be infringement. D.I. 375 at 9–13. In response, Aptiv offers two conflicting positions. On one side, Aptiv claims it "did not argue that the patent must describe the Accused Product." D.I. 378 at 9. On the other,

7

Aptiv admits that it argued to the jury that if the claims cover "connecting between two computers" (i.e., the accused product) the patent is invalid because "the specification failed to describe or enable this concept." D.I. 378 at 10. Aptiv's admission thus confirms that Aptiv's improper argument on enablement and written description was unduly prejudicial. This likely confused the jury by suggesting Aptiv's Dual Role Hub cannot infringe because Microchip's patent does not describe or enable "host-to-host communication." A new trial should be granted.

### C. Aptiv Used Its Own Patents As Evidence Of Non-Infringement

Microchip explained in its opening brief how Aptiv improperly used its own patents as evidence of non-infringement. D.I. 375 at 13–16. Aptiv's opposition mischaracterizes the record and should be rejected.

#### 1. Microchip Did Not Waive Its Objection To Aptiv Using Its Patents As Evidence Of Non-Infringement

Aptiv argues that Microchip waived this argument because Microchip's motion *in limine* was based on different grounds. D.I. 378 at 12. Aptiv is incorrect. Microchip's motion stated, "[t]he only possible use of Aptiv's patents at trial would be to improperly suggest or infer to the lay jury that Aptiv does not infringe or should not incur liability because it possesses patents related to the accused products." D.I. 320 at 10. Thus, Microchip's motion *in limine* addressed this very issue. Aptiv additionally argues that Microchip waived this issue by not objecting to the closing argument. However, as discussed above, a party is "not required to object to each and every objectionable remark because requiring such action would have unnecessarily created even more prejudice [to the objecting party] . . . in the eyes of the jury." *Fineman*, 980 F.2d at 207 n.26; *see also Straub*, 220 F.2d at 180–81. Further, the *Murray* case is inapposite because there were "no objections in the record" in that case. *Murray*, 610 F.2d at 152. Here, Microchip objected in its motion *in limine*.

8

### 2. Aptiv Mischaracterizes How It Used Its Patents

Aptiv mischaracterizes the record by arguing that "it never argued, ***or even implied***, that its own patents constituted a defense to infringement or bore on the issue of infringement in any way." D.I. 378 at 12–13. As explained in Microchip's opening brief, Aptiv's closing demonstratives included a slide showing (1) Mr. Bohm (Microchip) with one patent and an allegedly non-USB-compliant solution contrasted with (2) Mr. Voto (Aptiv) with 5 patents and an allegedly USB-compliant system. D.I. 375 at 14–15. Counsel argued that "Unwired [Aptiv] came up with a completely different solution" and highlighted its assertion that Microchip's solution is ***not*** USB-compliant while Aptiv's solution is. Trial Tr. Vol. 6 at 148:10–149:1.

Displaying Aptiv's five patents while arguing that Aptiv's solution is different from Mr. Bohm's invention at least strongly implies Aptiv does not infringe because it has its own patents. Aptiv's counsel used the patents in exactly the way that it said it would not, and in exactly the way that is prohibited by the caselaw: to argue non-infringement. Trial Tr. Vol. 6 at 148:10–149:1; *see Bio-Technology General Corp. v. Genetech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996) ("the existence of one's own patent does not constitute a defense to infringement of someone else's patent."); *see also* cases cited at D.I. 375 at 15–16. Aptiv's argument that any prejudice was cured by the jury instruction fails for the reasons explained in Microchip's opening brief, which Aptiv did not rebut. *See* D.I. 375 at 16.

### D. Aptiv Unfairly Elicited Improper Expert Testimony From Mr. Bohm

Microchip explained in its opening brief how Aptiv unfairly elicited improper expert testimony from Microchip's inventor and fact witness, Mark Bohm, by asking him to compare two patent claims on the fly from the witness stand. D.I. 375 at 16–19. Aptiv responds by claiming its questioning was proper because Mr. Bohm was only asked about "his solution to the problems identified in the patent and what the claims of his patent were intended to cover." D.I. 378 at 15–

9

16. The record shows Aptiv is mistaken. Aptiv's counsel asked Mr. Bohm to compare the scope of invalidated claim 1 versus asserted (and valid) claim 23: "**[W]hat's the difference between claim 1, which is invalid, and claim 23?**" Trial Tr. Vol. 2 at 146:21–22. Aptiv does not contest that such an exercise is within the purview of experts and that Mr. Bohm was never offered as an expert. Aptiv claims that any prejudice resulting from this improper questioning is harmless, but this ignores that in the Third Circuit, errors "are harmless *only if* it is highly probable that the errors did not affect the outcome of the case." *McQueeney*, 779 F.2d at 917–18 (emphasis added); *see also id.* at 923–25. As explained in Microchip's opening brief (and not refuted), this improper questioning likely negatively affected Mr. Bohm's credibility, and Aptiv reminded the jury of this during closing. Trial Tr. Vol. 6 at 129. This likely undermined Microchip's entire case, as Mr. Bohm was one of Microchip's key witnesses.

### E. A New Trial Is Warranted

Aptiv incorrectly argues a new trial is not warranted because its conduct is not as "extreme" as the attorney conduct in the cases cited by Microchip (*Draper* and *Fineman*). D.I. 378 at 16–18. However, *Draper* made it clear that it did "not rely on any of the individual instances or *types of impropriety*" in making its decision to remand the case for a new trial. 580 F.2d at 97. Thus, it is not *the types* of improprieties Aptiv engaged in, it is *the quantity and the likely effect* they had on the fairness of the trial.

Aptiv further argues that its conduct was harmless because there is no prejudice. As explained above (*see* Section I), this Court must be left with the "sure conviction that the error[s] did not prejudice" Microchip. *Zehrbach*, 47 F.3d at 1265; *see also McQueeney*, 779 F.2d at 917–18. Aptiv does not argue that it is highly probable that its conduct did not affect the outcome of the case. Aptiv merely points to *some* evidence that allegedly supports the jury's verdict. Even if

10

that evidence did support the verdict (it does not), its existence does not *ipso facto* lead to a sure conviction that Aptiv's improper arguments were not prejudicial to Microchip.

## IV. CONCLUSION

Aptiv's trial presentation contained many prejudicial arguments that likely confused the jury. Aptiv fails to justify its improper conduct or show that it is highly probable these errors did not affect the outcome of the case. Thus, a new trial is warranted.

|  |  |
|---|---|
| OF COUNSEL:<br>Bruce W. Slayden II<br>Brian C. Banner<br>R. William Beard, Jr.<br>Truman H. Fenton<br>Darryl J. Adams<br>Joseph D. Gray<br>SLAYDEN GRUBERT BEARD PLLC<br>401 Congress Ave., Suite 1650<br>Austin, TX 78701<br>(512) 402-3550 | /s/ Andrew E. Russell<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiff* |

Dated: June 24, 2022

## **CERTIFICATE OF COMPLIANCE**

I hereby confirm that this brief complies with the type and number limitations set forth in the Standing Order. I certify that this document contains 3,489 words, which were counted using the word count feature in Microsoft Word, in 12-point Times New Roman font. The word count does not include the cover page, tables, or the counsel blocks.

*/s/ Andrew E. Russell*
John W. Shaw (No. 3362)
Andrew E. Russell (No. 5382)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
arussell@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff*
