IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APTIV SERVICES US, LLC, )<br>)<br>Defendant. ) | C.A. No. 17-01194-JDW |

**REPLY IN SUPPORT OF MOTION FOR JUDGMENT AS A
MATTER OF LAW OR ALTERNATIVELY FOR A NEW TRIAL**

OF COUNSEL:

Daralyn J. Durie
Timothy Saulsbury
Eric C. Wiener
Joyce C. Li
DURIE TANGRI LLP
217 Leidesdorff St.
San Francisco, CA 94111
(415) 362-6666

W. Henry Huttinger
Andrew T. Jones
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA  90013
(213) 992-4499

Dated:  June 24, 2022

Philip A. Rovner (#3215)
Jonathan A. Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Defendant
Aptiv Services US, LLC*

**TABLE OF CONTENTS**

Page(s)

I. APTIV'S REQUEST FOR A NEW TRIAL IS NEITHER MOOT NOR UNSUPPORTED ................................................................................................................ 1

II. THE PATENTS DO NOT DESCRIBE OR ENABLE HOST-TO-HOST COMMUNICATION ............................................................................................................ 2

    A. The Specification Does Not Describe or Enable a Means of Host-to-Host Communication ................................................................................................... 2

    B. The Specification Does Not Describe or Enable a Multi-Host Device Controller Without an Arbitration Mechanism ........................................................................ 4

III. CONCLUSION ...................................................................................................................... 6


# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
  314 F.3d 1313 (Fed. Cir. 2003)................................................................................................3

*Lab'y. Skin Care, Inc. v. Limited Brands, Inc.*,
  No. 06-601-LPS, 2011 WL 4005444 (D. Del. Sep. 8, 2011)....................................................2

*Liebel-Flarshein Co. v. Medrad, Inc.*,
  481 F.3d 1371 (Fed. Cir. 2007)................................................................................................2

*Rivera v. ITC*,
  857 F.3d 1315 (Fed. Cir. 2017)................................................................................................3

*Sitrick v. Dreamworks*, LLC,
  516 F.3d 993 (Fed. Cir. 2008)..................................................................................................5

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
  546 U.S. 394 (2006)..................................................................................................................1

At trial, Microchip took an expansive view of the scope of the claims asserted in this case. The jury correctly rejected those arguments. Having determined that the claims were not as broad as Microchip contended, the jury then rejected Aptiv's invalidity arguments. Aptiv moved for judgment as a matter of law (JMOL) on the issues of written description and enablement in the event the Court granted any motion from Microchip seeking JMOL on infringement. Microchip did not file such a motion, and so Aptiv is no longer seeking JMOL on those issues.[1] Aptiv also moved, in the alternative, for a new trial: If Microchip is afforded a second bite at the apple and permitted to argue once again to a jury that the claims cover host-to-host communication and USB controllers without an arbitration mechanism, that jury should be presented with the flipside of those arguments—that this expansive scope is neither described nor enabled in the patent specification.

I. **APTIV'S REQUEST FOR A NEW TRIAL IS NEITHER MOOT NOR UNSUPPORTED**

At trial, Aptiv moved the Court to enter judgment as a matter of law that the asserted claims of the '243 patent were invalid for lack of written description and enablement if the claim scope were broad enough to encompass Aptiv's Dual Role Hub. Trial Tr. Vol. 6 at 9:16-10:17 (Claims 23-25 are not enabled or sufficiently described if broad enough to "cover a shared USB device without an arbitration mechanism" or "simultaneous use of the device function" through host-to-host communication). Aptiv renewed that motion after the jury verdict, asking the Court

---

[1] By electing not to file a Rule 50(b) motion for JMOL of infringement, Microchip waived its right to seek a judgment of infringement on appeal. *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01 (2006) ("'[i]n the absence of [a Rule 50(b) motion]' an 'appellate court [is] without power to direct the District Court to enter judgment contrary to the one it had permitted to stand.'"). Should Microchip nevertheless seek a judgment of infringement on appeal, Aptiv reserves the right to cross appeal for a judgment of invalidity.

to enter judgment in Aptiv's favor on the issue of invalidity or, in the alternative, to grant a new trial on that issue, if the claims were broad enough to encompass host-to-host communications. Should the Court grant Microchip a new trial on the issue of infringement, it should also grant a new trial to consider the issue of invalidity. This request is not moot until the Court denies Microchip's motion for a new trial on infringement.

Additionally, Microchip argues that Aptiv failed to meet the standard for seeking a new trial under Rule 59. Opp. at 6. Not so. Aptiv's opening brief articulated why no reasonable jury could find claims 23-25 valid if they were read broadly enough to cover Aptiv's Dual Role Hub. The grounds Aptiv articulated were sufficient to justify a judgment as a matter of law of no enablement or written description (in the event the Dual Rule Hub were found to infringe). *See generally*, D.I. 373. Because "the standard for grant of a new trial is less rigorous than the standard for grant of judgment as a matter of law," this same evidence supports a new trial on the issue of validity if the Court grants a new trial on the issue of infringement. *Lab'y. Skin Care, Inc. v. Limited Brands, Inc.*, No. 06-601-LPS, 2011 WL 4005444, at *2 (D. Del. Sep. 8, 2011).

## II. THE PATENTS DO NOT DESCRIBE OR ENABLE HOST-TO-HOST COMMUNICATION

### A. The Specification Does Not Describe or Enable a Means of Host-to-Host Communication

In its opposition, Microchip raises the same argument it raised in its motion *in limine* seeking to preclude the written description and enablement issue altogether, namely that "the patent need not describe and enable the accused device." D.I. 377 at 3-5. Aptiv does not dispute this. The law is clear that § 112 requires disclosure and enablement of the invention and that is precisely how the issue was presented to the jury. *See* Trial Tr. Vol. 6 at 124:8-10 (Aptiv's counsel noting in closing that the patent "do[esn't] have to describe every feature of the product."). The law does, however, require that the patentee provide written description and

2

support for the *full scope* of the claimed invention.  *See e.g., Liebel-Flarshein Co. v. Medrad, Inc.*, 481 F.3d 1371, 1380 (Fed. Cir. 2007) ("The irony of this situation is that Liebel successfully pressed to have its claims include a jacketless system, but, having won that battle, it then had to show that such a claim was fully enabled, a challenge it could not meet.").

The asserted claims require the hosts to access the same "function" of a shared USB device block.  TX1 at claim 23.  In its case in chief, Microchip chose to identify this function in the accused Dual Role Hub as the ability to allow two hosts to communicate with one another, i.e., host-to-host communication. Trial Tr. Vol. 3 123:9-11 ("[T]he function of the shared device block is transferring data from one host to another") (Zatkovich).  Having taken the position that this type of "function" falls within the scope of the asserted claims, Microchip must show that this position is supported by the patent's disclosure.  *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("[C]laims are construed the same way for both invalidity and infringement.") (citation omitted); *see also Rivera v. ITC*, 857 F.3d 1315, 1319, 1321 (Fed. Cir. 2017) (noting that "[b]oth parties analyze[d] the written description issue under the assumption that the asserted claims read on Solofill's [accused] containers," and concluding that "written description support for broad claims covering a receptable with integrated filter such as Solofill's accused products and Rivera's Eco-Fill products is lacking.").  As detailed in Aptiv's opening brief, no reasonable jury could conclude, based on the evidence presented at trial, that this type of functionality is described or enabled by the '243 specification.

Microchip's position that the patent's disclosure of a USB-based NAS device somehow contemplates host-to-host communication is unavailing.  Even had Microchip actually made this point at trial (the jury heard no testimony or argument addressing this portion of the patent specification), as the inventor testified, the functions described in the patent are traditional USB

3

functions that provide a capability to each host individually, *i.e.*, a single host can make full use of the function.  Trial Tr. Vol. 2 at 137:5-11 ("Q.  I'd just like to know whether, in the context of the patent asserted in this case, you invented a new type of device function?  A.  New type of device function.  So I don't believe we disclosed a new type of device function in the patent, as I recall, so I think the answer is no.") (Bohm).  A USB storage device is no different.  The function of a USB storage device is precisely that—data storage—and each host can independently make use of that storage.  As mentioned above, Microchip identified the shared functionality in the accused device as the ability for two hosts to communicate with one another.  Communication between hosts inherently requires at least two hosts and is fundamentally different from the shared USB devices described in the patent.  A person of ordinary skill in the art reading the patent would not understand it to contemplate such functionality or to teach a way of accomplishing host-to-host communication and no reasonable jury could conclude otherwise.  Thus, if there is a new trial to determine whether host-to-host communication is within the scope of the claims, the issues of enablement and written description must also be before the jury.

      **B.**      **The Specification Does Not Describe or Enable a Multi-Host Device Controller Without an Arbitration Mechanism**

The '243 patent describes a multi-host device controller that permits two hosts to communicate with a single device.  However, the patent does not contemplate both hosts sending data to, or receiving data from, the shared device simultaneously.  Instead, it describes the use of an "arbitration mechanism" that determines which of the hosts may send data to the device and which must wait to do so.  *See, e.g.,* TX24 at 6 ("A 4th block will need to be added which is the arbitration block."); TX313 at 28 (identifying arbitration as "the heart of the purported invention of the '243 patent (i.e., the 'point of novelty').").  The patent describes only two ways of

accomplishing this: (1) interleaving host accesses, or (2) holding off one host while another host completes its interaction with the device. TX1 at 2:62-65.

Microchip contends that this argument is not based on evidence adduced at trial. Opp. at 5-6. Microchip is wrong. The evidence presented at trial established that the accused Dual Role Hub has no arbitration mechanism. Trial Tr. Vol. 5 at 36:6-9 ("Q. Is there a need to arbitrate as between access requests from the host and the iPhone? A. No, there is no arbitration present.") (Garney). Arbitration is unnecessary because both hosts are able to simultaneously send data to, and receive data from, the FIFO buffers that Microchip has identified as the core part of the shared device. *Id.* at 35:23-36:5 ("[T]here is no sort of interference of the two devices with each other, so each host can access its device without any constraints.") (Garney). Microchip accordingly took the position on infringement, as presented to the jury, that the '243 patent should not be limited to a multi-host device controller with an arbitration mechanisms. *Id.* at 367:23-368:11 ("Q: Is there anything in claim 23 about arbitration? A: No. Q: So all of those questions had nothing to do with the elements of claim 23; correct? A: Correct.") (Levy). But before it may argue for this interpretation of the claim scope, Microchip must show § 112 support. *See Sitrick v. Dreamworks, LLC*, 516 F.3d 993, 1000 (Fed. Cir. 2008) (where plaintiff accused product allowing users to add their own voice to existing movies and successfully pressed claim construction broad enough to cover both movies and video games, § 112 inquiry properly focused on whether both were enabled). As discussed in Aptiv's opening brief, however, the patent neither describes nor enables a device controller without the need to arbitrate access requests. D.I. 373 at 8-10. No reasonable jury could conclude that a person of ordinary skill in the art would find such a device to be described or be able to make or use such device using the disclosure of the '243 patent without undue experimentation. *Id.* Thus, if there is a

new trial to determine whether the claims cover arbitration-less device controllers, then the jury must also consider whether the claims are enabled or have adequate written description under that scope.

### III.   CONCLUSION

For the foregoing reasons, the Court should grant Aptiv's motion for a new trial on the issues of enablement and written description if it grants Microchip's motion for a new trial on the issue of infringement.

|  |  |
|---|---|
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: |  |
| Daralyn J. Durie<br>Timothy Saulsbury<br>Eric C. Wiener<br>Joyce C. Li<br>DURIE TANGRI LLP<br>217 Leidesdorff St.<br>San Francisco, CA 94111<br>(415) 362-6666 | By: /s/ Philip A. Rovner<br>　　Philip A. Rovner (#3215)<br>　　Jonathan A. Choa (#5319)<br>　　Hercules Plaza<br>　　P.O. Box 951<br>　　Wilmington, DE 19899<br>　　(302) 984-6000<br>　　provner@potteranderson.com<br>　　jchoa@potteranderson.com |
| W. Henry Huttinger<br>Andrew T. Jones<br>DURIE TANGRI LLP<br>953 East 3rd Street<br>Los Angeles, CA  90013<br>(213) 992-4499 | *Attorneys for Defendant*<br>*Aptiv Services US, LLC* |

Dated:  June 24, 2022
10202916