IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) |
| Defendant. | ) |

**MICROCHIP TECHNOLOGY INCORPORATED'S UNOPPOSED MOTION TO SEAL AND REDACT LIMITED PORTIONS OF THE TRIAL TRANSCRIPT**

Pursuant to Local Rule 5.1.3, Plaintiff Microchip Technology Inc. ("Microchip") respectfully moves to redact certain confidential information in the unredacted versions of Volumes 3, 5, and 6 of the Trial Transcript. Microchip moves to redact only a very narrow set of sensitive financial information contained in the transcripts. The proposed redactions are included in attached Exhibits 1–3 on the following Volumes/pages:

- Volume 3 (Ex. 1): pages 296 (7 words), 297 (1 word), 300 (3 words), 326 (1 word), 327 (2 words), 342 (2 words), 346 (2 word), 347 (1 word), 355 (4 words)
- Volume 5 (Ex. 2): page 18 (1 word)
- Volume 6 (Ex. 3): pages 24 (3 words), 25 (1 word)

Counsel for Plaintiff Microchip has conferred with counsel for Defendant Aptiv, and Aptiv does not oppose Microchip's motion to seal (nor does it support or join in the motion).

**I.      Legal Standard**

The Third Circuit has held that "the common law presumes that the public has a right of access to judicial materials," but that presumption may be overcome by showing that "the

material is the kind of information that courts will protect" and "that disclosure will work a clearly defined and serious injury to the party seeking closure," such that "the interest in secrecy outweighs the presumption" of public access. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 678 (3d Cir. 2019) (internal quotation marks and citations omitted).

## II. Argument

Microchip moves to redact only a very narrow set of sensitive financial numbers in the trial transcripts, and the redacted versions contain all but twenty-nine words of the entire unredacted transcript. Thus, the only content that Microchip seeks to withhold from the public record are those twenty-nine redacted words, which consist of non-public part prices, costing/profit numbers, revenue numbers, and numbers representing the unit volume of sales.

### A. The information Microchip seeks to seal is the kind of information courts will protect.

"Trade secrets or other confidential research, development, or commercial information are the type of information that courts will protect." *Avco Corp. v. Turner*, C.A. No. 2:20-cv-04073-JDW, 2021 U.S. Dist. LEXIS 149244, at *8 (E.D. Pa. Aug. 9, 2021). Here, as set forth in the concurrently-filed Declaration of Jared Crop (the "Crop Declaration"), Microchip seeks to seal only specific pricing, costing, and profit numbers which are commercial trade secrets and business intelligence that Microchip has taken steps to protect, and are not publicly available. Crop Declaration, ¶ 5; *see Leucadia v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure."); *Wickens v. Rite Aid Hdqtrs Corp.*, C.A. No. 19-2021, 2021 U.S. Dist. LEXIS 239932, at *3 (M.D. Pa. Feb. 23, 2021) (granting motion to seal plaintiff's "sensitive, non-public financial information"). The information sought to be sealed includes

only the exact figures themselves, and does not include the surrounding context, which is all that is necessary to understand the testimony. *Compare* Unredacted Transcript *with* Redacted Transcript. Thus, the information Microchip requests to seal is "the kind of information that courts will protect." *In re Avandia*, 924 F.3d at 678.

> **B.     Disclosure of the information that Microchip seeks to seal will work a clearly defined and serious injury to Microchip.**

Disclosure of the unredacted Trial Transcripts would "work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg.,* 924 F.3d at 672. These numbers represent sensitive financial information related to certain products that Microchip currently sells and has sold in the past. Crop Declaration, ¶ 5. Microchip takes efforts to protect these numbers from public disclosure because they represent sensitive business intelligence. *Id.* The disclosure of this information would result in irreparable damage to Microchip's business. *Id.* ¶ 6. In particular, Microchip's specific quotations and pricing are covered by NDAs and contracts that specifically prohibit disclosure. *Id.* ¶ 7. In the market related to the products at issue in this lawsuit, Microchip quotes pricing to Tier1 suppliers who then sell their products to the OEM auto manufacturers. *Id.* In almost all cases, Microchip is prohibited from providing its agreed Tier1 pricing (Microchip's customer's pricing) to the Tier1's end customers (OEM auto manufacturers) because doing so would damage the Tier1's business. *Id.*

Microchip's public disclosures never disclose specific product or product family revenue or profits (including for the products at issue in this lawsuit), and doing so will cause damage to Microchip's market valuation. *Id.* ¶ 8. At no time does Microchip provide its product profitability, cost, or revenue details to its customers, partners, or shareholders, as doing so could cause severe damage to Microchip's business. *Id.* Although Microchip's product "List" price is public, each customer is given a specific quotation aligned to that specific product and piece of

business (including for the products at issue in the Lawsuit). *Id.* ¶ 9. There is significant variation between the prices provided to different customers, and providing relative reference points to the customer's quotations against Microchip's true average for the same product will do irreparable damage to Microchip's relationship with each customer. *Id.*

Furthermore, providing customers with Microchip's true profitability will have a large negative impact on Microchip's future profits, as each customer could use that information to demand price reductions. *Id.* ¶ 10. With respect to the product line at issue in this lawsuit, this product line has profits that exceed Microchip's average due the large investment in developing the intellectual property required for this business. *Id.* If Microchip's confidential profitability on the products at issue in this lawsuit is made public (and thus available to Microchip's competitors), those competitors may be more likely to enter the market in which they previously had no insight. *Id.* ¶ 11. For example, if Microchip's historical pricing is available to its competitors, it will allow them to quote much more aggressively and effectively against Microchip on new business, resulting in Microchip losing many future contracts and the resulting revenue. *Id.*

For the foregoing reasons, the specific numbers Microchip seeks to redact from the public transcript are trade secrets and "confidential business information" that may be protected from public disclosure. *Leucadia*, 998 F.2d at 166; *see Kelly v. Realpage, Inc.*, C.A. No. 19-01706-JDW, 2020 U.S. Dist. LEXIS 255199, at *3 (E.D. Pa. Aug. 5, 2020) (granting motion to seal where "disclosure of the information could provide competitors with information about Defendants' business practices that the competitors could use to Defendants' detriment").

    **C.**    **Microchip's interest in secrecy outweighs the presumption of public access.**

Microchip's requested redactions are very narrow in scope, including only twenty-nine

isolated numbers out of six days of testimony. Redacting the trial transcripts as proposed will not interfere with the public's right of access to judicial proceedings, because the limited nature of the redactions will enable the public to fully understand the testimony. The specific figures at issue here are not necessary to understand the testimony. *See Wickens v. Rite Aid Hdqtrs Corp.*, C.A. No. 19-02021, 2021 U.S. Dist. LEXIS 239932, at *6 (M.D. Pa. Feb. 23, 2021) (granting motion to seal, and holding that in light of "the narrow scope of the parties' request," the parties had demonstrated that their "interest in secrecy outweighs the presumption of public access").

### III. Conclusion

Accordingly, Microchip respectfully requests that the Court enter redacted Volumes 3, 5, and 6 of the Trial Transcript (Exs. 1–3) and maintain only these redacted versions as public documents.

|  |  |
|---|---|
| OF COUNSEL:<br>Bruce W. Slayden II<br>Brian C. Banner<br>R. William Beard, Jr.<br>Truman H. Fenton<br>Darryl J. Adams<br>Joseph D. Gray<br>SLAYDEN GRUBERT BEARD PLLC<br>401 Congress Ave., Suite 1650<br>Austin, TX 78701<br>(512) 402-3550<br><br>Dated: September 16, 2022 | */s/ Andrew E. Russell*<br>John W. Shaw (No. 3362)<br>Andrew E. Russell (No. 5382)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>arussell@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiff* |