IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **MICROCHIP TECHNOLOGY INCORPORATED,**<br><br>*Plaintiff,*<br><br>v.<br><br>**APTIV SERVICES US LLC,**<br><br>*Defendant.* | Case No. 1:17-cv-01194-JDW |

### ORDER

**AND NOW**, this 14th day of October, 2022, upon consideration of Microchip Technology Incorporated's Motion To Seal (D.I. 395), the Court finds as follows:

1. "[T]he common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). Judicial materials include documents filed on the Court's public docket. *Id.* at 675.

2. To overcome the strong presumption in favor of public access to judicial materials, the movant must demonstrate "that the interest in secrecy outweighs the presumption" by showing "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* at 672 (quotations omitted). Under Third Circuit law, a party seeking to file material under seal must make a specific showing, and "[b]road allegations of harm, bereft

of specific examples or articulated reasoning, are insufficient." *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001).

3. Accordingly, the court "must conduct a document-by-document review of the contents of the challenged documents" and "make specific findings on the record concerning the effects of disclosure." *Avandia*, 924 F.3d at 672-73 (quotations omitted).

4. The Third Circuit "do[es] not require a district court to provide lengthy, detailed discussion of each individual document[;]" however, "it must be clear from the record that the district court engaged in a particularized, deliberate assessment of the standard as it applies to each disputed document." *Id.* at 677 n.11.

5. Microchip has articulated sufficient reasoning to seal the redacted portions of Exhibits 1, 2, and 3 of Microchip Technology Incorporated's Motion To Seal (D.I. 395), which provide, for example, Microchip's profit per Sandia chip from 2017-2021 (D.I. 395-1 at 297; D.I. 395-2 at 18) and lost profits and royalty rates from sale of the Boston chip (D.I. 395-3 at 24).

6. Confidential commercial information that may harm a party's competitive standing is the type of information that courts will protect, in some circumstances, with a sealing order. *See e.g., In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 679 (3d Cir. 2019) (citing *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991)); *Wickens v. Rite Aid HDQTRS Corp.*, No. 1:19-CV-02021, 2021 WL 5876695, at *1–2 (M.D. Pa. Feb. 23, 2021).

7.  Microchip has satisfied its burden to demonstrate that a clearly defined and serious injury will result if this data is disclosed. First, Microchip asserts that some of the information redacted is "covered by NDAs and contracts that specifically prohibit disclosure." (D.I. 395 at 3.) Second, Microchip asserts that it protects "its product profitability, cost, or revenue details" because, if variations between customer prices were shared, it would "do irreparable damage to Microchip's relationship with each customer." (*Id.* at 3-4.) Third, Microchip asserts that if product line historical pricing and profit information were made public, "competitors may be more likely to enter the market in which they previously had no insight" and "to quote much more aggressively and effectively against Microchip on new business." (*Id.* at 4.)

8.  The fact that Microchip only redacted a small number of precise unit and dollar amounts—and did not redact any contextual information—supports Microchip's argument, as the precise revenue and profit numbers could weigh directly on the approaches that parties use to compete with Microchip.

Therefore, in light of the foregoing it is **ORDERED** that Microchip Technology Incorporated's Motion To Seal (D.I. 395) is **GRANTED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.

3