IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICROCHIP TECHNOLOGY INCORPORATED, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No. 17-1194-JDW ) |
| APTIV SERVICES US, LLC, | ) ) |
| Defendant. | ) ) |

**OBJECTIONS TO DEFENDANT'S BILL OF COSTS**

On October 25, 2022, Defendant Aptiv Services US, LLC ("Aptiv") submitted a Bill of Costs requesting payment of a total of $75,047.05. D.I 398–99. Plaintiff Microchip Technology Incorporated ("Microchip") hereby objects pursuant to L.R. 54.1(a)(3) to $73,443.30 of the requested costs.

**I.     STANDARDS**

Federal Rule of Civil Procedure 54(d) provides for the allowance of costs to the "prevailing party." Fed. R. Civ. P. 54(d). However, Rule 54(d) does not automatically permit a prevailing litigant to recover all enumerated costs. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-442 (1987) ("Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party."). Federal law, 28 U.S.C. § 1920, limits taxation to certain general categories of costs. § 1920 is supplemented by Local Rule 54.1 in this district.

Where Local Rule 54.1 imposes limits on recoverable costs, the Clerk must apply the Local Rule and adhere to those limits. *See Honeywell Int'l Inc. v. Nokia Corp.*, C.A. No. 04-1337-LPS, 2014 WL 2568041, at *5 (D. Del. May 30, 2014) ("*Honeywell*") (L.R. 54.1(a) and (b) "establish the 'Items Taxable as Costs' by the Clerk, who does not have the same discretion as the Court's

1

judges."). Where Local Rule 54.1 is silent and 28 U.S.C. § 1920 is applied, it must be applied narrowly, as directed by the Supreme Court. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 171 (3d Cir. 2012).

## II. DEFENDANT'S COSTS ARE NOT RECOVERABLE

### A. Deposition Costs

Aptiv seeks $34,422.90 in deposition costs. D.I. 399 ¶¶ 5(a), 6. This request should be denied for at least two reasons.

First, Aptiv has not justified that "a substantial portion" of any of these depositions were "used in the resolution of a material issue in the case," as required by L.R. 54.1(b)(3). This portion of the rule "focuses on the actual use of a substantial portion of the deposition to resolve a material issue in the case; it does not focus on the party's attorney's use or subjective view of the deposition as important or unimportant." *United Access Technologies, LLC v. EarthLink, Inc.*, C.A. No. 02-272-MPT, 2012 WL 2175786, at *6–7 (D. Del. June 14, 2012) (denying request for deposition costs); *Honeywell Int'l, Inc. v. Hamilton Sunstrand Corp.*, C.A. No. 99-309-GMS, 2009 WL 3153496, at *2 (D. Del. Sept. 30, 2009) ("*Hamilton*"). Aptiv has not justified that any of these transcripts were actually used to resolve a material issue. Without such a showing, Aptiv's request fails. *Hamilton*, 2009 WL 3153496, at *2 ("The fact that portions of these depositions were used in the preparation and cross-examination of witnesses who did testify at trial is scarcely relevant to the 54.1(b)(3) standard and certainly is not sufficient to meet HSC's burden of showing that a substantial portion was actually used in the resolution of a material issue[.]"); *see also United Access Technologies*, 2012 WL 2175786, at *7 ("Under LR 54.1(b)(3), whether a deposition was used for the preparation of cross examination of witnesses is irrelevant."); *Cordance Corp. v. Amazon.com, Inc.*, 855 F. Supp. 2d 244, 252–56 (D. Del. 2012) (denying deposition costs where

2

party seeking costs failed to show that substantial portions of depositions were actually used in the resolution of a material issue).

Similarly, Aptiv has not even attempted to establish that a "substantial portion" of any of the transcripts was used by the Court in resolving a material issue. *United Access Technologies*, 2012 WL 2175786, at *7 (denying costs because "[b]eyond a conclusory representation, Earthlink has provided no evidence that a substantial portion of Anderson's deposition was used at trial."); *Cordance*, 855 F. Supp. 2d at 253 ("Amazon fails to show whether a substantial portion was used. Therefore, Amazon has not met its burden to justify reimbursement for this cost."). Aptiv states only that "[f]or each of the witnesses identified . . . , their deposition testimony was either read into the record during cross-examination or video of their deposition was played for the jury." D.I. 399 ¶ 6. But this does not establish that a "substantial portion" of the transcript was used.

In fact, for each of the witnesses Aptiv identifies, only a tiny fraction of the overall deposition was used at trial—not a "substantial portion":

- Mr. Bohm's cross examination: 12 lines of testimony from a ~4,850-line deposition transcript (~6.5 hours of testimony). *See* Trial Tr. Vol. 2 at 170:9-172:12 (playing/reading Bohm Dep. Tr. at 184:25–185:6, 158:25–159:4); Banner Decl. ¶ 3.

- Mr. Garney's cross examination: 4 lines of testimony from a ~13,000-line deposition transcript (~12.5 hours of testimony). *See* Trial Tr. Vol. 5 at 162:3–13 (reading Dep. Tr. 156:23–157:1); Banner Decl. ¶ 4.

- Dr. Levy's cross examination: 23 lines of testimony from a ~4,875-line deposition transcript (~4.5 hours of testimony). *See* Trial Tr. Vol. 5 at 307:6–18 (reading Dep. Tr. 11:4–16); 308:12–19 (reading Dep. Tr. 34:24–35:4); 312:16–23 (reading Dep. Tr. 12:13–16); Banner Decl. ¶ 5.

- Mr. Voto's cross examination: 4 lines of testimony from a ~2,875-line deposition transcript (~3 hours of testimony). *See* Trial Tr. Vol. 4 at 151:10–13 (reading Dep. Tr. 88:7–10); Banner Decl. ¶ 6.

- Mr. Zatkovich's cross examination: 24 lines of testimony from a ~4,025-line deposition transcript (~5.25 hours of testimony). *See* Trial Tr. Vol. 3 at 158:24–159:21 (reading Dep. Tr. 34:11–16); 240:12–241:13 (reading Dep. Tr. 74:21–75:13); Banner Decl. ¶ 7.

- Mr. Ghosh's appearance via videotaped deposition: Only 9 minutes and 48 seconds of Mr. Ghosh's nearly 6.5-hour deposition was used at trial. Banner Decl. ¶ 8.

- Mr. Perkins' appearance via videotaped deposition: Only 2 minutes and 19 seconds of Mr. Perkins' nearly 5-hour deposition was used at trial. Banner Decl. ¶ 9.

- Mr. Petku's appearance via videotaped deposition: Only 13 minutes and 34 seconds of Mr. Petku's 6-hour deposition was used at trial. Banner Decl. ¶ 10.

- Mr. Rozycki's appearance via videotaped deposition: Only 10 minutes and 31 seconds of Mr. Rozycki's 36-minute deposition was used at trial. Banner Decl. ¶ 11.

- Mr. Sroka's appearance via videotaped deposition: Only 1 minute and 42 seconds of Mr. Sroka's 3.75-hour deposition was used at trial. Banner Decl. ¶ 12.

Second, Aptiv seeks costs beyond the "reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded." L.R. 54.1(b)(3). For example, Aptiv seeks costs for video "media and cloud services," parking expenses, attendance fees, rough drafts, scanned exhibits, unexplained "exhibit management," "production & processing," "electronic access," and shipping and handling fees. *See* D.I. 399 at Ex.1. Aptiv has failed to show that these costs were "reasonable," or that these additional services were used in any way in the case. Only five of the witnesses for which Aptiv

seeks deposition costs had their video deposition played at trial or submitted to the Court, and the amount played was not a substantial portion. Aptiv's request should be denied.

    **B.**    **Transcript Costs**

Aptiv seeks $39,020.40 for court transcripts. D.I. 399 ¶ 7. However, Aptiv has not justified that these transcripts were "requested by the Court or prepared pursuant to stipulation," as required by L.R. 54.1(b)(2).

Aptiv asserts that the transcripts were "necessary in order for Aptiv's counsel to prepare for examinations and cross-examinations, to understand the Court's rulings to objections at sidebars, to argue motions for judgment as a matter of law, and to prepare for closing arguments on the final day of trial." D.I. 399 ¶ 7. However, under L.R. 54.1(b)(2), "[c]opies of transcripts for counsel's own use are not taxable," even where the party used the transcripts to adhere to the Court's expectations or to brief issues. *See Hamilton*, 2009 WL 3153496, at *1 (affirming denial of costs for trial transcripts despite "court's request for and expectation of post-trial briefing"). Aptiv's request should be denied.

**III.**    **CONCLUSION**

Microchip respectfully request that Aptiv's costs in the amount of $73,443.30 be denied for the reasons set forth above.

|  | Respectfully submitted, |
|---|---|
| OF COUNSEL: | */s/ Andrew E. Russell* |
| Bruce W. Slayden II | John W. Shaw (No. 3362) |
| Brian C. Banner | Andrew E. Russell (No. 5382) |
| R. William Beard, Jr. | Nathan R. Hoeschen (No. 6232) |
| Truman H. Fenton | SHAW KELLER LLP |
| Darryl J. Adams | I.M. Pei Building |
| Joseph D. Gray | 1105 North Market Street, 12th Floor |
| SLAYDEN GRUBERT BEARD PLLC | Wilmington, DE 19801 |
| 401 Congress Avenue, Suite 1650 | (302) 298-0700 |
| Austin, TX 78701 | jshaw@shawkeller.com |
| (512) 402-3550 | arussell@shawkeller.com |
|  | nhoeschen@shawkeller.com |
| Dated: November 8, 2022 | *Attorneys for Plaintiff* |