IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICROCHIP TECHNOLOGY INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 17-1194-JDW |
| | ) | |
| | ) | |
| APTIV SERVICES US, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

**CLERK'S TAXATION OF COSTS**

On April 13, 2022, a jury returned a verdict in favor of defendant, Aptiv Services US, LLC ("Aptiv"), and against plaintiff, Microchip Technology Inc. ("Microchip"). On May 6, 2022, the Honorable Joshua D. Wolson issued a Judgment Order (D.I. 370) entering judgment in favor of Aptiv and against Microchip. On September 9, 2022, the Court issued a Memorandum Opinion and Order (D.I. 393 and 394, respectively) denying Microchip's motion for a new trial and resolved post-trial Motions. Microchip did not appeal the judgment. Aptiv is the prevailing party in this matter.

District of Delaware Local Rule (LR) 54.1 (as amended effective August 1, 2016**)** provides that the Clerk may tax costs in favor of the prevailing party. Aptiv's bill of costs and declaration of Eric C. Wiener Esq. (D.I. 398 and 399, respectively) was filed on October 25, 2022. Aptiv requests that the Clerk tax costs against Microchip in the amount of $75,047.05. Microchip filed its objections and declaration of Brian C. Banner, Esq. (D.I. 400 and 401, respectively) on November 8, 2022.

There is no dispute that Aptiv is the prevailing party. The Clerk finds the bill of costs and objections to be timely.

Therefore,

**IT IS ORDERED, that**

**I.**    The entire bill of costs is **GRANTED IN PART AND DENIED IN PART.**

1

**II.**  As to **every request** the Clerk makes the following findings:

A) As to each request Aptiv must show compliance with Local Rule 54.1(a)(2), which states: "The bill of costs *shall clearly describe each item of cost* and comply with the provisions of 28 U.S.C. § 1924." (emphasis added).  Aptiv must "clearly describe" each item in a manner that permits the Clerk, and plaintiffs, to determine the reasonableness and necessity of each request.

B) The Court or Clerk *may* tax costs in accordance with 28 U.S.C. § 1920. Section 1920 is broader in scope than LR 54.1. Any resolution of a dispute regarding whether or not costs were "necessarily incurred", and therefore taxable under § 1920, is a discretionary matter for resolution by the Court.

**III.**  The Clerk makes **additional findings,** regarding specific items, as follows:

**A) Fees for Deposition Transcripts and Deposition Recordings**

1) LR 54.1(b)(3) provides:  "The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded *are taxable only when a substantial portion of the deposition is used in the resolution of a material issue in the case.* Charges for counsel's copies and the expenses of counsel in attending depositions are not taxable, regardless of which party took the deposition.  Notary fees incurred in connection with taking depositions are taxable." (Emphasis added).

2) Aptiv seeks reimbursement of $34,422.90 "...related to 10 deposition transcripts pursuant to Local Rule 54.1(b)(3) and 28 U.S.C.§ 1920(2)."  Aptiv offers the Declaration of Eric C. Wiener, Esq. and Exhibit 1 and states "...their deposition testimony was either read into the record during cross-examination or video of their deposition was played for the jury."

3) Microchip objects, referencing L.R. 54.1(b)(3), and states "...Aptiv has not justified that "a substantial portion" of any of these depositions were "used in the resolution of a material issue in the case...".  Microchip continues "...for each of the witnesses Aptiv identifies, only a tiny fraction of the overall deposition was used at trial...".  The Clerk agrees.

4) The Clerk finds that Aptiv fails to meet the requirements of  LR 54.1(b)(3). The request for deposition transcript costs in the amount of $34,422.90 is **DENIED.**

**B) Fees for Trial Transcripts**

1) LR 54.1(b)(2) provides: "The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, **are taxable when requested by the Court or prepared pursuant to stipulation** (emphasis added). Mere acceptance by the Court does not constitute a request. Copies of transcripts for counsel's own use are not taxable."

2) Aptiv seeks reimbursement of $39,020.40 costs for trial transcripts "...which were necessary in order for Aptiv's counsel to prepare for examinations and cross-examinations, to understand the Court's rulings to objections at sidebars, to argue motions for judgment as a matter of law, and to prepare for closing arguments on the final day of trial." Aptiv offers the Declaration of Eric C. Wiener, Esq. and Exhibit 2 for this request.

3) Microchip objects stating "...Aptiv has not justified that these transcripts were "requested by the Court or prepared pursuant to stipulation," as required by L.R. 54.1(b)(2)." The Clerk agrees.

4) The Clerk finds that Aptiv fails to meet the requirements of LR 54.1(b)(2). The request for trial transcript costs in the amount of $39,020.40 is **DENIED.**

**C) Exemplification and Copies of Papers**

1) Title 28 U.S.C. § 1920 states in pertinent part, that a judge or clerk of any court of the United States may tax as costs "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."

2) LR 54.1(b)(5) states, "The cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. The cost of one copy of a document is taxable when admitted into evidence. The cost of copies obtained for counsel's own use is not taxable. The fee of an official for certification or proof concerning the nonexistence of a document is taxable. The reasonable fee of a translator is taxable if the document translated is taxable. Notary fees are taxable if actually incurred, but only for documents which are required to be notarized and filed. The cost of patent wrappers and prior art patents are taxable at the rate charged by the Patent Office. Expenses for services of persons checking Patent Office records to determine what should be ordered are not taxable."

3) Aptiv is seeking $1,603.75 in costs ".... for one copy of each exhibit that was admitted into evidence at trial pursuant to Local Rule 54.1(b)(5) and 28 U.S.C. §

1920(4)." Aptiv offers the Declaration of Eric C. Wiener, Esq. and Exhibits 3 and 4 in support of this request.

4) Microchip did not object to these costs in their filing.

6) The Clerk finds that Aptiv has met the requirements of LR 54.1(b)(5) and **GRANTS** the printing costs in the amount of $1,603.75.

## IV.    CONCLUSION

The Clerk finds, for all the reasons stated herein, that Aptiv requests for costs in the total amount of $75,047.05, is **GRANTED IN PART AND DENIED IN PART.**

The total costs hereby taxed in favor of defendant, Aptiv Services US, LLC, and against plaintiffs, Microchip Technology Inc. together with interest and the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1. Transcript Fees............................................................................**DENIED**

2. Deposition Costs.........................................................................**DENIED**

3. Exemplification, Printing and Copying Costs..........................$ 1,603.75

**TOTAL**......................................................................................**$ 1,603.75**

Dated:  May 25, 2023

                                                John A. Cerino, Clerk
                                                U.S. District Court for the
                                                District of Delaware

                                                By /s/ Donna Penna
                                                    Donna Penna,
                                                    Deputy Clerk

cc: Honorable Joshua D. Wolson
    Philip A. Rovner, Esq.
    Andrew T. Jones, Esq.
    Daralyn J. Durie, Esq.
    Eric C. Wiener, Esq.
    Joyce C. Li, Esq.
    Timothy C. Saulsbury, Esq.
    W. Henry Huttinger, Esq.
    John W. Shaw, Esq.
    Andrew Russell, Esq.
    Nathan Roger Hoeschen, Esq.
    Brian C. Banner, Esq.
    Bruce W. Slayden , II, Esq.
    Darryl J. Adams, Esq.
    Joseph D. Gray, Esq.
    Robert W. Beard , Jr., Esq.
    Truman H. Fenton, Esq.
    John A. Cerino, Clerk